ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE

| | |
|---|---|
| **BALFOUR BEATTY CONSTRUCTION, LLC,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| **v.** | ) ) Case No. _____ |
| **EDWARDS STEEL SOLUTIONS, LLC, and 3938 RUNWAY ROAD, LLC,** | ) ) ) |
| **Defendants.** | ) ) ) ) ) |

---

## VERIFIED COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER AND FOR PRE-JUDGMENT ATTACHMENT

---

Plaintiff, Balfour Beatty Construction, LLC, submits this its Verified Complaint against Edwards Steel Solutions, LLC, and 3938 Runway Road, LLC, to set aside a fraudulent conveyance and for a Writ of Attachment pursuant to Tennessee Rule of Civil Procedure 64 and Tennessee Code §§ 29-6-101, *et seq.*, and in support thereof would show as follows:

### I. Parties

1.   Balfour Beatty Construction, LLC ("Balfour"), is a Delaware limited liability company with its principal place of business in Dallas, Texas.

2.   Edwards Steel Solutions, LLC ("Edwards Steel"), is a Tennessee limited liability company with its principal place of business at 1700 3rd Street, Memphis, Tennessee.

3.   3938 Runway Road, LLC ("Runway Road"), is a Tennessee limited liability company with its principal place of business at 1700 3rd Street, Memphis, Tennessee.

## II. <u>Jurisdiction and Venue</u>

4.  This Court has subject matter jurisdiction in this matter pursuant to T.C.A. §§ 29-6-110 & 111.

5.  Venue is proper in Shelby County pursuant to T.C.A. § 20-4-101.

## III. <u>Background</u>

6.  Balfour entered into Subcontract #12640010-026 effective November 4, 2013 (the "Subcontract"), with Edwards Steel under which Edwards Steel was to fabricate and install metal railings for the construction of the Cool Springs Apartment Complex in Franklin, Tennessee (the "Project") (the Subcontract is attached hereto as **Exhibit A**).

7.  The Subcontract included a provision for arbitration of any dispute between the parties.

8.  The original contract price for Edward's Steel's work was $640,000.00, but the contract price was increased by change orders to $702,761.00.

9.  Edwards Steel commenced work on the Project in approximately January 2014.

10. Following a site visit by an engineering firm on January 20, 2015, several deficiencies in Edwards Steel's work were discovered.

11. On October 7, 2015, Balfour gave Edwards Steel written notice of the deficient and unacceptable work and gave Edwards Steel an opportunity to cure.

12. On November, 18, 2015, Balfour gave Edwards Steel a Notification of Formal Default in accordance with the Subcontract.

13. Balfour received a report from a third-party consultant on January 21, 2016, identifying a more extensive list of the deficiencies and defects in Edwards Steel's work.

14. After additional correspondence and discussions, Balfour sent an updated Notice of Default on February 5, 2016, with another updated period to cure.

15.     Edwards Steel did not respond to the February 5, 2016, correspondence from Balfour, and on February 11, 2016, Balfour again notified Edwards Steel it was in default and had abandoned its Subcontract.

16.     Balfour is entitled, under the Subcontract, to recover from Edwards Steel all damages arising out of Edwards Steel's default, including additional expenses to correct and complete the defective work, damages to other subcontractors and/or their work, delay damages, attorneys' fees and expenses, litigation and arbitration fees and expenses, and an additional fifteen percent (15%) of all expenses as liquidated damages for overhead costs.

17.     On February 2, 2018, Balfour and Edwards Steel executed an Amendment to the Subcontract requiring the two parties to submit all disputes to privately administered binding arbitration (attached hereto as **Exhibit B**).

18.     This matter was arbitrated in private arbitration before arbitrator William Tate on June 24, 2019.

19.     On June 25, 2019, the Arbitrator awarded Balfour $1,292,938.35 (a copy of award attached hereto as **Exhibit C**).

20.     Upon information and belief, Edwards Steel has fraudulently disposed of property in order to avoid payment of the anticipated award.

21.     Upon information and belief, on December 8, 2015, Edwards Steel purchased the property at 3938 Runway Road, Memphis Tennessee 38118-6611 for $225,000.

22.     On or about March 29, 2019, after both parties had begun the process of arbitration, Edwards Steel transferred the 3938 Runway Road, Memphis, Tennessee 38118-6611 property by quitclaim deed to 3938 Runway Road, LLC ("Runway Road").

23.    Upon information and belief, Runway Road, was first formed on or about January 14, 2019, after both parties had begun the process of arbitration.

24.    The registered agent of Runway Road is "Ethan Edwards" and its principal office address is 1700 3rd Street, Memphis, Tennessee 38109-7712.

25.    Edwards Steel has the same principal office address as Runway Road.

26.    Ethan Edwards is the "addressee" for the "mailing address" and the "principal office address" listed on the Tennessee Secretary of State's Business Entity Detail for Edwards Steel.

<div align="center"><b><u>COUNT I – Fraudulent Conveyance</u></b></div>

27.    Balfour incorporates and restates by reference the averments contained in the foregoing paragraphs of this Complaint as if fully set forth below.

28.    Edwards Steel's conveyance of the 3938 Runway Roads property to the newly created Runway Roads entity with the intent to hinder, delay, or defraud Balfour from collecting the damages and debts owed to it, constituted a fraudulent conveyance.

29.    Edward Steel's fraudulent conveyance should be deemed void and set aside pursuant to T.C.A. § 66-3-101.

<div align="center"><b><u>COUNT II – Pre-Judgment Attachment</u></b></div>

30.    Balfour incorporates and restates by reference the averments contained in the foregoing paragraphs of this Complaint as if fully set forth below.

31.    Upon information and belief, after the arbitration process began, the manager of Edwards Steel created a new entity to transfer Edwards Steel's assets in order to avoid the award of damages against it in the pending arbitration.

<div align="center">4</div>

32.     Runway Road is the current owner of the property at 3938 Runway Road, and is free to transfer, encumber, or otherwise dispose of the property which could be used by Edwards Steel to partially satisfy its judgment debt owed to Balfour.

33.     This Court may order attachment of the property in accordance with Tenn. R. Civ. P. 64 as provided by T.C.A. § 29-6-101.

34.     In particular, T.C.A. § 29-6-101(6) provides that the fraudulent conveyance of property, like the conveyance from Edwards Steel to Runway Road, is the precise form of exigent circumstances that provide this Court the grounds to issue a writ of attachment.

35.     On account of these exigent circumstances, Balfour is entitled to a writ of attachment, which should be levied on the property at 3938 Runway Road, Memphis, Tennessee 38109-7712.

36.     Additionally, to secure Balfour's ability to recover the damages awarded in the arbitration, Balfour requests the Court issue a writ of attachment, attaching any funds held by Edwards in bank accounts at Pinnacle Financial Partners.

WHEREFORE, Balfour respectfully requests the following relief:

1.      The conveyance to 3938 Runway Road, LLC be declared void and set aside;

2.      A writ of attachment be issued directing the Shelby County Sheriff to attach the real property, such property to be held until sold at public sale, in bar of all equity of redemption, to satisfy the judgment in arbitration in favor of Balfour;

3.      A writ of attachment be issued directing the Shelby County Sheriff to attach the personal property and/or funds held by Pinnacle Financial Partners for Edwards, such funds to be paid into the registry of the court and held to satisfy the judgment in arbitration in favor of Balfour.

4.   Award to Balfour all costs of this action, including court costs and reasonable attorneys' fees pursuant to the parties' contract; and

5.   All other relief this Court deems appropriate, fair or equitable.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CASE.

Respectfully submitted,

DICKINSON WRIGHT, PLLC

By:   *Jack R. Dodson III*

Jack R. Dodson III, TN Bar No. 27947
R. Slade Sevier, Jr., TN Bar No. 23013
424 Church Street, Suite 800
Nashville, Tennessee 37219
T: (615) 244-6538
RDodson@dickinsonwright.com
SSevier@dickinsonwright.com

*Attorneys for Plaintiff Balfour Beatty Construction, LLC*

NASHVILLE 66466-6 694270v4

ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

# EXHIBIT A

1          **STANDARD FORM GENERAL CONDITIONS**

2    **1.    General Scope**

3    Subcontractor has specific expertise in the types of labor and materials it has agreed to
4    furnish. Contractor will rely on Subcontractor for the strict and timely performance of
5    Subcontractor's duties as specified in the Subcontract, including the Standard Form of
6    Subcontract, these General Conditions and all exhibits attached hereto or incorporated herein
7    by reference (collectively, the "Subcontract"). Subcontractor will furnish for the Subcontract
8    Price all labor and material, and perform all work described in this Subcontract, in strict
9    accordance with all Contract Documents (the "Work"). The Contract Documents include this
10   Subcontract, the Prime Contract between Owner and Contractor and the documents listed on
11   Exhibit "A," all of which are made a part of this Subcontract and are incorporated herein by
12   reference. Subcontractor acknowledges that all Contract Documents have been received or
13   reviewed.   With reference to this Subcontract and so far as applicable to Subcontractor and
14   its Work: (a) Subcontractor assumes toward Contractor all of the obligations and
15   responsibilities that Contractor, by such Prime Contract, assumes toward Owner; (b)
16   Subcontractor agrees to perform all Work shown on or required by the Contract Documents,
17   including all Work reasonably inferable from the Contract Documents; and (c) if there is any
18   conflict or inconsistency with respect to its Work among requirements in the Contract
19   Documents, to comply with the greater or more stringent requirement, all for the Subcontract
20   Price.

21   **2.    Subcontractor's Duties and Obligations**

22         A.    <u>Supervision and Cooperation</u>

23   Subcontractor will employ a competent and skilled Project staff, including a superintendent
24   who will be in attendance full-time at the Project site during the progress of the Work and at
25   other times necessary for the successful conclusion of the Project, including periods of
26   warranty Work. The superintendent will be reasonably satisfactory to Contractor and will not
27   be changed except with the consent of Contractor, unless the superintendent proves to be
28   unsatisfactory to Subcontractor or ceases to be in its employ.   The superintendent will
29   represent Subcontractor and will have full authority to make decisions and commitments
30   regarding Subcontractor's Work; and all communications and notices given to the
31   superintendent will be as binding as if given to Subcontractor. Subcontractor represents that
32   its superintendent is an expert in the Work, is a competent person as defined by OSHA, and is
33   knowledgeable of all EPA requirements, local safety regulations and local codes.
34   Subcontractor will be represented at all job meetings by the superintendent and such other
35   persons as Contractor may from time to time wish to have present at job meetings. After
36   notice and consultation between Contractor and Subcontractor, the Subcontractor will
37   immediately remove from the Project any employee, including the superintendent, who is not
38   reasonably satisfactory to Contractor, Owner or Owner's authorized representative at no cost
39   to Contractor and with no extension of time.

40         B.    <u>Protection of Materials and Work</u>

41   When any material is furnished to Subcontractor by Contractor or others, it will be used
42   without unreasonable waste and Subcontractor will pay for any material ruined, lost, stolen, or
43   damaged after delivery. Unless otherwise stated, when material is furnished by Contractor or
44   others, it will be delivered at Contractor's reasonable option FOB to Subcontractor's
45   designated location or to a central point at the Project site. Subcontractor will check items
46   delivered and report in writing all damages and shortages to Contractor no later than the close
47   of business on the day of the delivery. Contractor is relying on Subcontractor to perform this
48   inspection, and failure to so report any damages or shortages to Contractor will constitute a
49   waiver by Subcontractor of its right to contest the quantities or quality of materials delivered or
50   purportedly delivered for Subcontractor's use.

1  Subject to the terms of Article 6 concerning Builder's Risk insurance, Subcontractor is
2  responsible for and will protect and secure its Work in place and any stored materials or
3  equipment from the elements and other causes of damage until final completion of its Work.
4  Unless otherwise provided in the Subcontract Scope of Work, the cost of such protection will
5  be borne by Subcontractor. Contractor is not responsible for damage to Subcontractor's Work
6  or stored materials or equipment caused by others, but will cooperate with Subcontractor to
7  secure payment for such damage from the responsible party. Subcontractor will cover all floor
8  and roof openings required for its work and comply with all applicable OSHA standards in
9  doing so. Subcontractor will not cause damage to the work, materials, or equipment of other
10 subcontractors, and if such damage should occur, Subcontractor will pay all costs of repairing
11 or replacing such damage, subject to the terms of Article 6 concerning Builder's Risk
12 insurance.

13 C.   Temporary Facilities and Use of Site

14 (1)   Clean-Up: Contractor will provide a dumpster for use by subcontractors.
15 Subcontractor will at all times keep the building broom clean as to its Work, keep the
16 premises and adjacent roads and sidewalks free from debris, waste and surplus
17 materials resulting from its operations, and perform its Work so as to permit the next
18 succeeding work to be commenced without further cleaning. At completion of the
19 Project, Subcontractor's Work is to be clean and in a condition acceptable to
20 Contractor and Owner. If there is debris, construction waste, dirt or dust attributable to
21 this Subcontractor and other subcontractors on the site, then Subcontractor will
22 contribute to a composite clean-up crew or pay a fair share of costs associated
23 therewith. If a dispute arises between the separate subcontractors as to responsibility
24 for the clean-up function, Contractor may, after 24-hours' notice, perform the clean-up
25 and reasonably and fairly allocate the costs between those it deems to be
26 responsible, when reasonably necessary to maintain the jobsite in a safe or orderly
27 condition, to maintain the progress of any work, or to complete the Project.

28 (2)   Layout: Contractor will establish principal control lines and levels from which
29 Subcontractor will lay out and thereafter be strictly responsible for the accuracy of its
30 Work. Subcontractor acknowledges that Contractor and other subcontractors will rely
31 on the accuracy of Subcontractor's Work.

32 (3)   Temporary Facilities: Unless otherwise provided in the Subcontract Scope of
33 Work, Subcontractor will be responsible for the installation, maintenance and any
34 monthly charges for temporary electrical, gas, telephone and security systems
35 required for Subcontractor's on-site offices, storage yards, tool protection, overhead
36 protection, guardrails, equipment and materials, electric welding machines and
37 fabrication plants.

38 (4)   Sleeves, Penetrations, Cutting & Patching: Subcontractor will furnish to
39 Contractor all required information relative to rough-in, sleeve locations and/or other
40 information required for proper coordination of the Work described in this Agreement
41 with other work required for the Project. This information will be provided timely so as
42 not to delay the Project or the work of other Subcontractors. Subcontractor will be
43 responsible for the layout and installation of all sleeves and block-outs required for its
44 own Work and temporary floor cover as needed for this Work. Subcontractor will seal
45 all sleeves and penetrations in walls and slabs caused by its Work, employing
46 sealants and methods approved by the Architect and local Fire Marshal or other
47 official or authority having jurisdiction. Subcontractor will do all cutting, fitting and
48 patching of its Work required to make its several parts fit together properly and/or fit or
49 provide for the work of other subcontractors as shown in or reasonably implied by the
50 Contract Documents.

(5)     Water and Cups: Subcontractor will supply its own ice, drinking water, cups, and dispensers for its employees while performing Work.  Contractor will provide a source of construction water at the jobsite.

(6)     Parking: Subcontractor will control the storage of its materials and the movement and parking of its vehicles and vehicles of its employees, sub-subcontractors and suppliers so as not to unreasonably interfere with the work and access to the Project site of others. Contractor does not guarantee that the storage of materials and the movement and parking of vehicles by others will not cause some interference to Subcontractor's Work. Unless otherwise provided in the Subcontract Scope of Work, Subcontractor will be responsible for providing parking and/or transportation for its employees.

(7)     Hoisting and Scaffolding: Unless otherwise provided in the Subcontract Scope of Work, Subcontractor will furnish all hoisting and scaffolding required to perform its Work and will coordinate that hoisting and scaffolding with Contractor. Subcontractor will be responsible for all loading and unloading of its materials, tools and equipment from and onto hoists, elevators and/or cranes. Subcontractor will exercise the highest degree of care when loading, handling, or unloading materials and/or equipment, and erecting and using scaffolding. Subcontractor will meet or exceed all safety requirements, including those of OSHA. During regular working hours and without charge, the Subcontractor may share with Contractor and other subcontractors, the use of any cranes, temporary elevators and material hoists which Contractor may have available, for temporary hoisting purposes.  However, use of this equipment is subject to the Contractor's schedule and construction priorities.  If equipment is available on an overtime basis and Subcontractor elects to utilize it, the cost for this use (equipment and operator) will be paid by Subcontractor. If "Leave-Out" areas are required by the Contractor in the building skin, Subcontractor may be required to complete its Work at these locations as a comeback operation, the costs of which are included in this Subcontract Price.

(8)     Sanitary Services:  Contractor will provide temporary sanitary services (toilet facility) within reasonable access of Work areas.

(9)     Adjacent Properties and Utilities:  Subcontractor will exercise the highest degree of care to ensure that adjacent property owners or tenants, roads, users of adjacent roads and properties, and existing utilities are not disturbed during the execution of the Work. Trespassing or entry of any kind upon adjacent property is strictly prohibited. Subcontractor will provide and maintain suitable warning signs, barricades, signals or flagmen, and take other actions as needed, to provide an unmistakable warning of hazards. All damage to existing utilities, adjacent properties, roads, or personal property caused by Subcontractor or its operations will be repaired promptly.

(10)     Subcontractor's Work Force:  None of the Work covered by this Subcontract will be performed by "Piece Work" methodology without prior written approval by Contractor.

(11)     Use of Site Facilities/Storage/Construction Office and Traffic Control: Subcontractor will provide, and remove at or before completion, its field offices and related equipment, and maintain and repair any overhead protection, guardrails, lay-down, storage or other areas disturbed in connection with the Work. Contractor will coordinate location for Subcontractor's office trailers, storage trailers, lay-down areas and vehicle parking on the site as available. Should such office, storage and/or parking areas be provided, Subcontractor fully understands the progress of the work may require these areas to be relocated, at Subcontractor's expense, so as not to

Franklin Park Multi-Family Residence Project
Standard Form General Conditions (National Form) (Rev. 04/01/07)
Page 3 of 28

Project No.: 12640000

1  interfere with the work. Subcontractor will provide and maintain at all times all traffic
2  control for its operations, including flagmen, barricades, and special street use or
3  closure permits and any other permits as may be required for the performance of the
4  Work.

5  (12)    Temporary Utilities: Contractor will furnish temporary lighting in accordance
6  with OSHA standards and a source of 110v power for use by Subcontractor for task
7  lighting

8  and small tools. Subcontractor will be responsible for providing distribution from this
9  source, including OSHA-approved extension cords. Power for high voltage or high
10  amperage type equipment such as welding machines will be provided and paid for by
11  Subcontractor. Subcontractor will provide task lighting required for its Work.

12  D.    Intention of Quality Product/Workmanship

13  (1)    Quality Control Program: Exhibit B sets forth any Quality Control Program
14  specifically applicable to this Project. Subcontractor will follow the Quality Control
15  Program on Exhibit B, and also will at all times maintain a Quality Control Program
16  and otherwise perform all quality control measures necessary to ensure that its Work
17  conforms to the Contract Documents. Subcontractor will make available records of its
18  quality control activities. The Subcontractor's quality control personnel will be
19  experienced and qualified in the Work they are performing. The member of
20  Subcontractor's job supervisory staff designated to be responsible for quality control
21  must be employed full time at the Project site whenever Work is in progress.

22  (2)    Punch List: A punch list identifies Work that was omitted, damaged, or was
23  not done in accordance with the Contract Documents. Subcontractor will prepare and
24  submit in writing a punch list and complete or correct these items in a timely and
25  expedient manner as directed by Contractor, so that the Project will not be delayed.
26  Items on punch lists prepared by Contractor, Owner or Owner's representative will
27  also be timely corrected.  Punch list items not timely completed or corrected may
28  delay the Project, impact all participants and so will be considered a failure to
29  prosecute the Work. Because of the importance of this Work, Subcontractor agrees to
30  appoint one individual from its Project staff to coordinate and supervise all punch list
31  operations.

32  (3)    Acceptance of Preceding Work: If part of the Subcontractor's Work depends
33  for proper execution or results upon other work or operations by the Owner,
34  Contractor or a separate subcontractor, the Subcontractor will, prior to proceeding
35  with that portion of the Work, use all reasonable means to discover any defects in
36  other work or operations and promptly report to the Contractor in writing any apparent
37  discrepancies or defects that would render prior work unsuitable for proper execution
38  and results of the Work. Failure of the Subcontractor to investigate and to report as
39  required hereunder will constitute an acknowledgment that the completed or partially
40  completed construction work is fit and proper to receive the Subcontractor's Work,
41  except as to defects not then reasonably discoverable.

42

**E.  Investigations and Representations**

(1)    Coordination of Work: Subcontractor will coordinate its Work with that of Contractor and all other subcontractors. To aid in that coordination, shop drawings submitted by other subcontractors will be made available to Subcontractor upon request by Subcontractor to Contractor. Subcontractor will review promptly and return such shop drawings to Contractor with Subcontractor's comments and suggestions. Subcontractor will attend all coordination meetings and pre-project conferences. Subcontractor will provide in writing to Contractor any necessary information regarding openings required for the delivery of equipment or materials and/or any area in which the installation of permanent walls may be affected by such deliveries. If necessary information is not timely or properly provided, or the openings are otherwise not feasible, then unless the Subcontract Scope of Work provides otherwise, Subcontractor will for the Subcontract Price provide for delivery of affected material and equipment in sections for field assembly.

(2)    Examination of Contract Documents and Conditions:

(a)    The Subcontractor will carefully examine the Contract Documents affecting its Work and will be thoroughly familiar with all provisions and requirements therein and will promptly notify Contractor, in writing, of any deficiencies, discrepancies or errors before proceeding.

(b)    Subcontractor represents that it is fully qualified to perform the Work required by this Subcontract and acknowledges that prior to the execution of this Subcontract it has by its own independent investigation:

(i)    carefully ascertained the conditions involved in performing its Work, including but not restricted to: the location of the Work; accessibility and character of the site and adjacent areas, including all environmentally sensitive areas; quality and quantity of surface and subsurface water, materials, utilities or obstacles to be encountered; the character and extent of existing work within or adjacent thereto; transportation, disposal, handling and storage of materials; availability of labor and labor scales; location and availability of utilities and access roads; equipment and facilities needed for the prosecution of the Work; uncertainties of weather; and other reasonably discoverable conditions at the site,

(ii)    carefully determined for itself all requirements of the Contract Documents, including this Subcontract, and the extent and cost of facilities, labor and material required for its Work, and carefully applied its own prices to its quantities, and,

(iii)    carefully reviewed all information furnished by Contractor or others and satisfied itself with the correctness and accuracy of that information.

Because of Subcontractor's expertise in its Work, Contractor's reliance on that expertise, and Subcontractor's undertakings in this Subcontract, failure of Subcontractor to account for any item in (i) through (iii) above will not relieve it from responsibility for estimating properly the time, difficulty or cost of successfully performing the Work or from performing the Work for the Subcontract Price and in accordance with the Project Schedule.

(c)    Subcontractor will field verify all sizes, dimensions, elevations, and locations of elements of the existing or preceding new construction applicable

1            to the Work prior to fabrication of material to be furnished or installed pursuant
2            to this Subcontract. The actual existing dimensions and conditions will appear
3            and be noted as such on all shop drawings submitted.

4    F.     As-Built Drawings

5    Subcontractor will maintain current as-built drawings and other as-built documents for the
6    periodic review of Contractor and Architect. One (1) set of final, accurate and complete as-
7    built drawings are included in this Agreement unless the Contract Documents require
8    otherwise additional types or quantities, in which case the other Contract Documents will
9    control. Upon completion of its Work and prior to its request for final payment, Subcontractor
10   will deliver to Contractor the completed set of "as-built" drawings and documents, special
11   warranties, guarantees, parts lists, operation manuals, booklets and other Project close-out
12   documents required by the Contract Documents. Should Contractor's close-out of the entire
13   Project and receipt of final payment from Owner be delayed as a result of Subcontractor's
14   delay or failure to submit all such Project close-out documents relating to Subcontractor's
15   Work, Subcontractor will be responsible for any costs, expenses and damages sustained by
16   Contractor as a result of such delay or failure, including loss of interest on final payment.

17   G.     Owner Approval

18   Subcontractor represents that it is fully qualified, in accordance with the Contract Documents,
19   to perform the Work  and that no reasonable grounds exist to Subcontractor's knowledge and
20   belief for Owner to withhold approval of or direct the termination of Subcontractor. Should
21   Owner fail to approve Subcontractor  due to Subcontractor's misrepresentation regarding any
22   requirement or qualification set forth in the Contract Documents, then such failure will be
23   deemed grounds for default under Article 13.A hereof.

24   H.     Warranty of License

25   Subcontractor warrants to Contractor that Subcontractor is, on the date of this Subcontract,
26   and will remain at all times during performance of its obligations hereunder, duly licensed by
27   Contractors' State Licensing Board in the state where the Project is located, if required by the
28   laws of such state or elsewhere in the Contract Documents. Subcontractor's failure to maintain
29   a valid license at any time during performance of Subcontractor's obligations hereunder will be
30   grounds for default and termination under Article 13 hereof, and may relieve Contractor of any
31   obligations to Subcontractor, including payment to Subcontractor for Work performed.

32   I.     Independent Contractor

33   Subcontractor is an independent contractor and will comply with all laws, rules, ordinances,
34   and regulations of all governing bodies having jurisdiction over the Work. Subcontractor will
35   have sole responsibility for the means and methods of performing the Work.  Subcontractor
36   will be responsible for securing timely inspections and approvals of its Work from all such
37   authorities and as required by the Contract Documents. All inspections will be coordinated
38   with Contractor. Subcontractor will timely obtain and pay for all necessary permits and
39   licenses, including business licenses; timely pay all fees, manufacturer's taxes, sales taxes,
40   use taxes, processing taxes, and all federal and state taxes, insurance and contributions for
41   Social Security and unemployment or disability insurance which are measured by wages,
42   salaries, or other remunerations paid to Subcontractor's employees, whether levied under
43   existing or subsequently enacted laws, rules, or regulations. Subcontractor will maintain proof
44   that it has complied with all aspects of this provision and will make such proof available for
45   review by Contractor at Contractor's request.

46

J.    Inspection and Acceptance

(1)    Subcontractor will provide appropriate facilities at all reasonable times for inspection by Contractor or the Owner of the Work and materials provided under this Subcontract, whether at the Project site or any other place where such Work or materials may be in preparation, manufacture, storage or installation. Subcontractor will promptly replace or correct any Work or materials that Contractor or the Owner rejects as failing to conform to the requirements of this Subcontract. If Subcontractor does not do so within a reasonable time, Contractor will have the right to do so and Subcontractor will be liable to Contractor for the cost thereof. If, in the reasonable opinion of Contractor, it is not expedient to correct or replace all or any part of rejected Work or materials, then Contractor, at its option, may deduct from the payments due, or to become due to Subcontractor, such amount as, in Contractor's reasonable judgment, will represent (i) the difference between the fair value of the rejected Work and materials and the value thereof if it complies with the Subcontract, or (ii) the cost of correction.

(2)    Subcontractor's remedy for wrongful rejection of Work pursuant to (1) above is limited to Contractor's remedy under the Contract Documents if rejection is by the Owner or by Contractor at the request of Owner. If Contractor wrongfully rejects Work without any participation by Owner, then Contractor is liable for Subcontractor's increased direct costs only, and for no other damages.

(3)    The Work will be accepted according to the terms of the Contract Documents. However, unless otherwise agreed in writing, occupancy and use by the Owner or Contractor will not constitute acceptance of the Work.

K.    Submittals

All samples and shop drawings that are required to be approved will be submitted by Subcontractor in the format and quantities requested by Contractor. Subcontractor will furnish final samples and copies for field use as may be requested by Contractor. Any and all required certificates, tests, test reports, warranties, operation and maintenance manuals, and the like will be furnished by Subcontractor in the format and quantities required by the Specifications and in accordance with Contractor's requirements.

Construction time for this Project is critical and of the essence. Subcontractor therefore agrees to provide a complete listing of all required submittals in accordance with the time stated in the Special Provisions, unless a shorter time is specified elsewhere in the Contract Documents.

Should Owner or Architect fail to approve Subcontractor's submittals or shop drawings, mock-ups, cut sheets and the like, where such approval is required by the Prime Contract between Owner and Contractor, then Subcontractor will immediately provide revised submittals or mock-ups as necessary to obtain approval, without an increase in the Subcontract price or time.

L.    Deviations and Substitutions

Subcontractor will identify any proposed variations from the Contract Documents in writing to Contractor. Subcontractor will not deviate from the Contract Documents without the written consent of Contractor. Unless the Contract Documents provide otherwise, Subcontractor will be responsible for any costs or damages arising from any changes in Contract Documents, or substitutions of materials as an "or equal", proposed by Subcontractor, regardless of approval by Owner or its authorized representative. No general approval granted by Contractor or the Owner will relieve Subcontractor from complying with the Contract Documents. Contractor's review of shop drawings, cuts, samples, material lists and other submissions will not be construed as a complete check or approval, and will not relieve the Subcontractor from responsibility for errors of any sort therein or from the necessity of furnishing any Work

required by the Contract Document which may have been omitted from the shop drawing, cuts, samples, material lists or other submissions.

M.   **Patents and Royalties**

Subcontractor will pay all royalties and license fees which may be due with respect to its Work, and will indemnify and defend Contractor, its surety and Owner in connection with all claims or suits for infringement, unpaid royalties or license fees related to the Work.

N.   **Furnishing Copies of Purchase Orders and Sub-subcontracts for Major Scope Items**

Upon receipt of written approval of material and/or equipment shop drawings or brochures by the Architect, Subcontractor will immediately furnish the following additional information to Contractor for each item of fabricated equipment, fixture or material:

      (1)   Contact or representative of both manufacturer and supplier

      (2)   Subcontractor's Purchase Order Numbers

      (3)   Manufacturer's Order Number

      (4)   Supplier's Order Number

      (5)   Scheduled delivery date.

O.   **Daily Reports**

Subcontractor's superintendent, foreman, or other designated individual will deliver a report, in form and content specified by Contractor, to Contractor's office before the end of each shift whenever Subcontractor has employees working on the Project. The report will state the number of employees Subcontractor has on the Project that shift, subdividing same into categories (foreman, tradesmen, laborers, apprentices, and the like), the major equipment on site during that shift, and activities or Work performed that shift.

P.   **Jobsite Rules**

Subcontractor will comply at all times with Contractor's Project jobsite rules.

3.   **Schedule and Time of Performance**

A.   **Time is of the Essence**

Time is of the essence in the performance of the obligations of Subcontractor, and should Subcontractor in any way cause delay to the progress of the work so as to cause any loss or damage to Contractor or any loss or damage for which Contractor may become liable, including liquidated damages, Subcontractor will pay those costs, and will indemnify and defend, Contractor therefrom as set forth in Article 7 below.

Subcontractor will not be allowed to begin Work until the Prime Contract is fully executed by Owner and Contractor, this Agreement is fully executed by both Contractor and Subcontractor, and certificates of insurance and any required bonds have been delivered to Contractor, all in compliance with the terms of this Subcontract. These obligations are conditions precedent to Contractor's duty to pay Subcontractor.

B.   **Project Schedule**

Contractor has made available to Subcontractor, prior to execution of the Subcontract, a Project Schedule. Subcontractor acknowledges that the Project Schedule is acceptable, and that Subcontractor has scheduled, sequenced and priced its Work on the basis of the Project Schedule. However, the parties recognize that a project schedule may be improved with input from subcontractors. Subcontractor will, within fifteen (15) days after the date of the

1   Subcontract, or within such other time as may be reasonably specified by Contractor, prepare
2   and submit to Contractor for review its input with respect to the Project Schedule.
3   Subcontractor will identify the order in which Subcontractor proposes to carry out all major
4   activities and the dates on which the activities representing the complete performance of the
5   Work (including procurement of materials and equipment) will be started and finished.
6   Subcontractor's input will be consistent with the Project Schedule, and will list the sequence of
7   activities anticipated by Subcontractor and the anticipated duration of each activity. Contractor
8   may in its reasonable discretion prepare a revised Project Schedule establishing the sequence
9   and duration of work activities and will consider Subcontractor's input in developing that
10  schedule.

11  Subcontractor will initiate its Work in accordance with the Project Schedule or as otherwise
12  reasonably directed by Contractor, and will thereafter proceed with and complete the Work
13  promptly, diligently and in a manner and sequence so as to avoid delays or inefficiencies to
14  work of subcontractors and Contractor, and to permit completion of the Project in accordance
15  with the Project Schedule or other directives of Contractor.

16  ## C.   Contractor's Right to Modify Project Schedule and Sequence

17  Subcontractor acknowledges that it may be necessary for Contractor to change the sequential
18  order and duration of the various work activities, including those contemplated by this
19  Subcontract, to account for unanticipated delays, occurrences and other factors which act to
20  alter Contractor's original Project Schedule. Contractor may therefore require Subcontractor to
21  prosecute its Work in such sequence as the progress of other subcontractors and the Project
22  Schedule reasonably dictates. It is expressly understood and agreed that the scheduling and
23  sequencing of all work on the Project is an exclusive right of Contractor and that Contractor
24  reserves the right to reasonably reschedule and resequence Subcontractor's Work from time
25  to time as the demands of the Project require, without any additional costs to be paid to
26  Subcontractor unless those costs are paid by Owner to Contractor.

27  ## D.   Contractor's Right to Accelerate/Overtime

28  If, in the reasonable opinion of Contractor, Subcontractor falls behind in the progress of its
29  Work, Subcontractor may be directed to take steps necessary to improve its rate of progress,
30  at Subcontractor's cost. These steps may include, without limitation, requiring Subcontractor
31  to increase the number of shifts, personnel, overtime operations, days of work, equipment,
32  operation of facilities, or other remedies. Subcontractor will submit to Contractor for
33  Contractor's approval a schedule demonstrating how the required rate of progress necessary
34  to meet the schedule will be implemented and monitored without additional cost to Contractor
35  or Owner.  If the Work is delayed solely by Contractor or its other subcontractors, Contractor,
36  if it deems necessary, may at any time accelerate Subcontractor by directing Subcontractor to
37  work overtime, and if so instructed Subcontractor will work overtime. Provided that
38  Subcontractor is not in default under this Subcontract, Contractor will pay Subcontractor for
39  the actual incremental portion of overtime wages paid at rates which have been approved by
40  Contractor, plus taxes imposed by law on the incremental portion of such additional wages,
41  plus worker's compensation, levies and liability insurance on such additional wages when
42  required to be paid by Subcontractor. For days lost due to weather or other force majeure
43  events as set forth in the Contract Documents for which Contractor and subcontractors are not
44  entitled to a time extension under the Contract Documents, or in situations where the Owner
45  has failed to grant a time extension requested by Contractor, Subcontractor will, at
46  Contractor's direction, work outside of regular work hours or take other necessary measures
47  to maintain the Project Schedule, without additional cost or expense to Contractor unless
48  those costs are paid by Owner to Contractor. The Contract Documents may also provide that
49  the Owner can order acceleration.  In such case, Subcontractor will be paid only those
50  amounts paid by Owner to Contractor on account of Subcontractor's acceleration.

51  ## E.   Time Extensions

Should Subcontractor's performance  be delayed or disrupted solely by acts of Contractor or its other subcontractors, then Subcontractor will receive an equitable extension of time for the performance of this Agreement to the extent that Contractor reasonably determines that the time extension does not impact the Project critical path or the work of other subcontractors, but Subcontractor will not be entitled to any increase in the Subcontract Price or to damages or additional compensation as a consequence of such delays or disruptions. Should Subcontractor's performance be delayed or disrupted by any acts or causes which cause the Owner to provide a time extension, Subcontractor will receive an equitable extension of time but will not be entitled to any increase in the Subcontract Price or to damages or additional compensation as a consequence of such delays or disruptions, unless Owner is liable and pays for such delays or disruptions.  Provided Subcontractor complies with the notice requirements hereinafter set forth, Contractor will pay Subcontractor the amount allowed and paid by Owner for Subcontractor's delay or disruption.  Within five (5) calendar days after the commencement of any delay or disruption, unless a shorter time is required by the Prime Contract, Subcontractor will notify Contractor in writing of any delays or disruptions, including those for which Owner is responsible.  In all cases, Subcontractor must provide written notice to Contractor in sufficient time so that Subcontractor's claim may be reviewed by Contractor and timely presented to the Owner.

F.    Limitation of Damages

In no event will Subcontractor be entitled to any inefficiency, impact, or other consequential, special or indirect charges or damages of any kind as a result of any delay, acceleration, or other schedule or sequence modifications unless recovered by Contractor from Owner or paid by applicable insurance.

4.    Payments to Subcontractor

A.    Payment Terms

(1)    Contractor will pay Subcontractor for the proper and timely performance of this Subcontract the consideration set forth in the Subcontract on the terms set forth in this Article. If this Article conflicts with any payment terms elsewhere in the Contract Documents, this Article will control.

(2)    Prior to the submittal of the first partial payment estimate, Subcontractor will furnish a breakdown of the Subcontract price for Contractor's approval. The breakdown will show as nearly as possible the true value of each phase of Work in relation to the actual Subcontract price, and separate figures will be shown for labor and materials, with overhead and profit prorated to each. The approved breakdown will be used only for the purpose of making partial payment estimates.

(3)    At the intervals specified in the Contract Documents and at least five (5) days prior to the date Owner requires Contractor to submit its partial payment estimate, Subcontractor will furnish directly to Contractor's field office an acceptable partial payment estimate for Work performed by Subcontractor on Contractor's standard form, a copy of which is attached as Exhibit "C". The Contractor will include in its request to Owner for partial payments the partial payment estimate of Subcontractor after review by Contractor and any adjustments Contractor deems necessary. Unless otherwise provided herein or by the law of the jurisdiction of the Project, Contractor will make partial payments to Subcontractor within ten (10) days following Contractor's receipt of payment from Owner for Work performed by Subcontractor (including Changes in the Work performed pursuant to Paragraph 11 hereof and paid by Owner), to the extent of Subcontractor's interest therein. Subcontractor will, in turn and in the same manner, make partial payments to its suppliers and subcontractors upon payment to Subcontractor from Contractor for Work performed and materials furnished by suppliers and subcontractors, to the extent of their respective interests therein. Subcontractor will earmark all payments made to its subcontractors and

suppliers by identifying the Project referenced in this Agreement and including language on its remittances that limits the application of its payments to outstanding balances on the Project referenced in the Agreement. All material and Work incorporated in the Project or for which partial payment has been made will become the property of Contractor, or, if the Contract Documents so provide, the property of the Owner; however, this provision will not relieve Subcontractor from the sole responsibility and liability for all Work and materials upon which payments have been made. The payment of partial estimates by Contractor will not be construed as acceptance of the Work or materials in whole or in part.

As a further consideration for the granting of this Subcontract to Subcontractor by Contractor, Subcontractor agrees that as a condition precedent to receiving partial payments from Contractor for Work performed pursuant to this Agreement, Subcontractor will execute and deliver to Contractor with its request for partial payments as above provided: (1) Release(s) of Lien in the form attached as part of Exhibit "D" ; and (2) a full and complete release of all claims and causes of action Subcontractor may have or claim to have against Contractor through the date of the execution of the release, in the form also attached as part of Exhibit "D", except for retention and those claims which Subcontractor specifically lists and describes on the release form in a manner sufficient for Contractor to identify the preserved claim or claims with certainty; and (3) upon request by Contractor, Releases from lower tier subcontractors or suppliers in the form attached as part of Exhibit "D".

(4)    Payments will be made to Subcontractor by mail from Contractor's home office. Under no conditions will Subcontractor or its agents remove from the jobsite any materials for which Contractor or Owner may be liable under the Miller Act or similar state statute without written permission of Contractor.

(5)    The Subcontractor will timely pay all claimants for all costs and expenses resulting from the performance of this Subcontract, and for all labor and material used or reasonably required for use in the performance of this Subcontract for which Subcontractor is liable. The Contractor may require of Subcontractor satisfactory evidence as to the status of its accounts at any time, including a notarized statement setting forth the names of all its subcontractors and suppliers, the amounts of each such Subcontract and purchase order, the amount paid and the amounts due and payable. At  any time reasonably requested by Contractor, Subcontractor will furnish notarized evidence on forms furnished by Contractor that all labor, materials, and other costs for which it has received payment from Contractor have been paid in full. Subcontractor agrees to provide Contractor with evidence satisfactory to Contractor showing payment by Subcontractor of any and all contributions made by Subcontractor for health and welfare payments as shown on the certified payrolls, as well as payment of payroll taxes and other contributions which may be required by law.

(6)    Execution of the Prime Contract is a condition precedent to the effectiveness of this Subcontract. To the extent permitted by the laws of the jurisdiction of the Project location, and notwithstanding anything to the contrary appearing herein or in the Prime Contract between Owner and Contractor, payment from Owner to Contractor for Subcontractor's Work is a condition precedent to Contractor's duty to pay Subcontractor, and Subcontractor will not be entitled to receive any progress payment or final payment prior to Contractor's actual receipt of that payment from Owner. Subcontractor further agrees that its full performance of this Agreement will not constitute an exception to the provisions of this paragraph.  To the extent the preceding is not permitted by the laws of the jurisdiction of the Project location, Subcontractor expressly agrees that Contractor will have a reasonable amount of time to collect sums from Owner for the Work performed by Subcontractor and

Subcontractor agrees that such reasonable amount of time will be not less than six (6) months from when payment was otherwise due. If Contractor is engaged in litigation or arbitration against the Owner with regard to Work performed by Subcontractor and sums owing therefor, Contractor's obligation to pay Subcontractor will be deferred until 30 days following the conclusion of such litigation or arbitration. If Contractor has provided payment or performance bonds or a combination of payment and performance bonds, the obligations of Contractor and its surety to make payment (whether a progress payment or final payment) pursuant to such bonds are similarly subject to the conditions and timing set forth above. To that extent, Contractor's surety is an express third party beneficiary of this Subcontract.

(7)    Subcontractor will include a payment clause conforming to the provisions in Article 4.A. in each of its lower tier subcontracts and purchase orders. Subcontractor also will require each of its suppliers and tier subcontractors to include such a clause in their respective subcontracts.

B.    <u>Conditions Precedent to Partial Payment</u>

Progress Payments otherwise due under this Subcontract will not be released until all of    the following conditions have been met:

(1)    this Subcontract has been signed, returned and approved;

(2)    Insurance Certificates satisfying the requirements of Article 6 have been received;

(3)    acceptable, fully executed Performance and Payment Bonds have been received, unless waived in accordance with Article 5;

(4)    a schedule of values in accordance with Article 4 for the Work has been received in the form and content reasonably specified by Contractor;

(5)    Subcontractor has prepared and presented to Contractor, for its approval, a Progress Payment Estimate and other documents required by and in accordance with this Article 4;

(6)    Subcontractor has delivered to Contractor its written Injury and Illness Prevention Program and its Employer's Code of Safe Work Practices in compliance with the requirements of Article 10;

(7)    certified payrolls, if applicable to the Project, have been received by Contractor in the form and content required by the Contract Documents.

(8)    release of lien and waivers of claim from all lower tier subcontractors and materialmen evidencing payments through the previous month, if required by Contractor, and other releases and waivers required elsewhere in the Contract Documents;

(9)    for payment of materials stored off site, Subcontractor will furnish to Contractor evidence that all of the items listed in the Stored Material Checklist (Exhibit "E") have been complied with to the satisfaction of the Contractor. Payment of stored materials off site will be subject to Owner approval; and

(10)    the conditions of Article 4.A. (6) have been satisfied.

Franklin Park Multi-Family Residence Project
Standard Form General Conditions (National Form) (Rev. 04/01/07)
Page 12 of 28

Project No.: 12640000

C.  Retention

Unless otherwise provided in the Special Provisions, or unless this Subcontract provides a basis for withholding additional amounts, Contractor will retain, from progress payments or from partial payment estimates for Work performed by Subcontractor, until completion and acceptance of Subcontractor's Work by Owner, the amounts specified in the Prime Contract as retainage.

D.  Grounds for Withholding Payment/Notification

Contractor may withhold from monthly progress payments an amount sufficient to protect Contractor because of any of the following:

(1)  defective Work has not been remedied; materials have not been furnished; off-site fabrication of materials is not meeting production quotas or quality standards; clean-up has not been performed;

(2)  Subcontractor has damaged any portion of the work of others;

(3)  claims, levies, attachments, stop notices or court orders related to Subcontractor's performance hereunder have been received or reasonable evidence indicates probable receipt of such claims, levies, attachments, notices or orders;

(4)  it is alleged that Subcontractor has failed to make payments properly to its subcontractors or for labor (including fringe benefits), materials or equipment, transportation or shipping costs, taxes, fees or any other claims arising out of Subcontractor's Work or Subcontractor fails or refuses to produce proof requested by Contractor that such payments have been made;

(5)  there is reasonable doubt that Subcontractor's Work can be completed for the unpaid balance of the Subcontract Price;

(6)  there is reasonable doubt that Subcontractor's Work will be completed on schedule or in compliance with the Project Schedule;

(7)  Subcontractor is not satisfactorily prosecuting the Work of this Subcontract;

(8)  Subcontractor has failed to deliver current insurance certificates, bonds, "as built" drawings, written guarantees or warranties or the approvals required of Subcontractor's Work by any authority having jurisdiction;

(9)  Subcontractor has failed to provide adequate written assurances of its financial status or its ability to perform or timely complete its Work, or a petition for bankruptcy or reorganization has been filed by or against Subcontractor or Subcontractor has made an assignment without the prior written consent of Contractor, as set forth in Article 13;

(10)  Subcontractor fails to produce a mock-up of its Work acceptable to Owner (if required) or Subcontractor fails to provide workmanship of the quality approved by the Owner in a mock-up; and/or

(11)  any other breach of this Agreement by Subcontractor that has not been cured after notice from the Contractor thereof.

Amounts as are then due will be paid or credited to Subcontractor when Subcontractor removes the above ground(s) for withholding payment. Contractor may withhold amounts otherwise due under this Subcontract or any other agreement between the parties to cover Contractor's reasonable estimate of any costs or liability Contractor has incurred or may incur for which Subcontractor may be responsible under this Subcontract or any other agreement

between the parties. For purposes of this paragraph the phrase "any other agreement between the parties" will be deemed to include any agreement between Subcontractor and Contractor or any joint venture or other entity in which Contractor and/or Subcontractor have an ownership interest.

E.    <u>Joint or Direct Payment</u>

Contractor has the right to issue joint checks to Subcontractor and its material suppliers, sub-subcontractors, labor unions, equipment suppliers, if, in Contractor's judgment, it is necessary to do so to ensure payment to the above-named parties.  If Contractor receives any notification from a subcontractor, supplier or other claimant of this Subcontract that Subcontractor has failed to timely pay any indebtedness for labor, materials, services, benefits or the like in connection with the Work performed by Subcontractor on this Project, Contractor will notify Subcontractor in writing of the alleged non-payment. If Subcontractor fails to pay the indebtedness or provide in writing a reasonable explanation why the indebtedness is not due within seven calendar (7) days after notice of the claim is provided by Contractor, Contractor may at its option pay such claimed amount and backcharge Subcontractor's account for such amount, plus a charge of ten percent (10%) thereof for handling.

F.    <u>Conditions Precedent to Final Payment</u>

All conditions of this Subcontract that apply to partial payments will also apply to final payments.  Request for final payment must be accompanied by a release of Contractor, Owner and Contractor's sureties of all liens and claims arising by virtue of this Subcontract. Final payment by Contractor will not be construed as acceptance of defective Work or improper materials. It is further understood that receipt of any written guarantees or necessary brochures and data in the required amounts, as built drawings, O&M manuals, and if requested by Contractor, a consent of Surety with power of attorney from Subcontractor's Surety consenting to final payment, will be conditions precedent to the making of such final payment by Contractor to Subcontractor.

5.    Payment and Performance Guarantees

A.    <u>100% Payment & Performance Bonds</u>

(1)    As a condition precedent to the award of this Subcontract to Subcontractor by Contractor, and unless expressly waived in the Special Provisions or waived in writing by an executive officer of Contractor, Subcontractor will pay for and furnish to Contractor at Contractor's office as indicated on the Subcontract, and will maintain in full force and effect an acceptable 100% performance bond and a 100% payment bond on Contractor's standard bond forms (Exhibit "F" attached hereto), written by a Surety company acceptable to Contractor. The Surety must have a Treasury limit of not less than the amount of the Subcontract Price or the sum of $500,000, whichever is greater and which will have an AM Best rating of A- or better. The cost of the bonds required herein is included in the Subcontract Price, unless otherwise provided in the Special Provisions. Upon a default by Subcontractor hereunder, and notice thereof to Surety, Surety will either indemnify Contractor for all losses and costs arising from the default or timely and fully perform Subcontractor's obligations, or both, all in accordance with the terms of the bond.

(2)    No change, alteration or modification in or deviations from this Subcontract or the Contract Documents will release or exonerate in whole or in part any Surety on any bond given by Subcontractor in connection with this Agreement. Neither Owner nor Contractor will be under any obligation to notify the Surety or Sureties of any such change. Any increase in the Subcontract amount will automatically result in a corresponding increase in the penal amount of the bonds without notice to or consent from the Surety, such notice and consent being hereby waived. Decreases in the

Franklin Park Multi-Family Residence Project
Standard Form General Conditions (National Form) (Rev. 04/01/07)
Page 14 of 28

Project No.: 12640000

1   Subcontract amount will not, however, reduce the penal amount of the bonds unless
2   specifically provided in any Change Order decreasing the Scope of Work.

3   (3)   If Subcontractor fails to provide the bonds as herein specified, Contractor
4   may, at its option, either waive such requirement, but only in writing signed by an
5   executive officer of Contractor, or refuse to award the Subcontract and seek damages
6   for reprocurement costs. If the Subcontract has been awarded, it is hereby deemed
7   awarded subject to the express requirement that the bonds be provided immediately
8   after award, and, if that does not occur, Contractor may declare Subcontractor in
9   default for failure to provide bonds and proceed as set forth in Article 13 hereof.
10  Further, notwithstanding Subcontractor's other performance of the duties and
11  obligations herein undertaken by Subcontractor, the insolvency of the Surety, or the
12  revocation of the Surety's right to do business or license to issue bonds in the State
13  where the Project is located, or the removal of the Surety from the list of federally
14  approved sureties, as indicated by the Federal Register, or the failure to maintain an
15  AM Best rating of A- or better, will be deemed an act of default on the part of
16  Subcontractor and will render this Subcontract terminable at the option of Contractor,
17  unless within seven (7) days following notification to Subcontractor by Contractor of
18  such occurrence, Subcontractor furnishes alternate bonds in conformance with this
19  Article.

20  **6.   Insurance**

21  A.   <u>General Insurance Requirements</u>

22  Before starting the Work, Subcontractor will furnish a Certificate of Insurance on
23  Contractor's form, attached hereto as Exhibit "G" and, if requested by Contractor,
24  certified copies of all insurance policies to Contractor's home office. All policies are to
25  be written through a company duly authorized to transact that class of insurance in the
26  State where the Project is located, and will be with insurance companies acceptable
27  to Contractor with an A. M. Best rating of A- or better (except where companies are
28  not rated, <u>e.g.</u>, self-insured workers' compensation funds). The Worker's
29  Compensation and Employer's Liability Policies will contain Waivers of Subrogation in
30  favor of Contractor, Owner and any other entity as may be required by the Contract
31  Documents, as further set forth below.

32  The Certificates of Insurance and policies for the Commercial General Liability and
33  Business Automobile Liability Policies will name Contractor, and others as required by
34  the Contract Documents, as Additional Insureds, as evidenced on Exhibit "G," Form
35  No. CG 20 10 11 85, CG 20 26 11 85 or comparable form (ISO Form B, to be supplied
36  to Contractor together with insurance certificate). The project/job description and/or
37  description of operations on all certificates, endorsements and other insurance
38  documentation will read "All Work Performed for the Additional Insureds." All policies
39  will be endorsed to be primary and no contribution shall be permitted from any
40  insurance which may be maintained by or on behalf of Contractor. Commercial
41  General Liability policies will be on an "occurrence" basis (claims made forms are not
42  acceptable), with a provision that defense costs are paid in addition to and do not
43  deplete policy limits, and will include "Limits Apply Per Project." Commercial General
44  Liability policies will include Broad Form Property Damage coverage and products-
45  completed operation coverage. No exclusions are acceptable for bodily injury or
46  property damage, premises operations, blanket contractual liability (for this
47  Agreement), independent contractor's liability, mobile equipment, elevators, damage
48  from explosion, collapse and underground hazards ("XCU") cross-liability, cross suits
49  or severability of interest. No exclusionary language or limitations relating to
50  residential, condominiums, multi-family or multi-unit dwellings, or relating to soils or
51  earth movement unless agreed in writing by Owner and Contractor. Subcontractor will
52  maintain all commercial general liability insurance coverages required by this

1  Agreement in force for a period of two (2) after completion of the Work.  Upon the
2  request of Contractor, renewal certificates and endorsements for Commercial General
3  Liability will be provided to Contractor, at no expense to Contractor, prior to expiration
4  of such insurance.

5  The Subcontractor's Certificate will further provide that insurance will not be canceled
6  or changed prior to the greater of at least thirty (30) days' written notice, or the length
7  of time as required by the insurance statute in the state where the Project is located,
8  to Contractor and Owner. The types and amounts of insurance will not be less than
9  the amounts specified in the Contract Documents, but in no case will the Commercial
10  General and Business Automobile Owned, Non-owned, and Hired Vehicle Liability
11  Insurance be less than the amounts required by Exhibit "G."  Limits shown are
12  minimum acceptable limits and in no way limit available coverage under policies.  No
13  policy shall contain a provision providing that the limits available to an additional
14  insured are less than the limits available to named insured(s).  If Subcontractor has
15  heretofore furnished to Contractor a certificate of insurance on another project
16  evidencing at a minimum the coverages heretofore specified and naming this Project,
17  such certificate of insurance will be sufficient for compliance with the insurance
18  requirements set forth herein, provided the applicable policies are kept current at all
19  times.

20  Subcontractor for itself and on behalf of its insurers, to the fullest extent permitted by
21  law without voiding the insurance required under this Agreement, hereby waives and
22  releases all additional insureds under this Agreement from liability for loss or damage
23  covered by Subcontractor's policies of insurance or which are required to be covered.
24  This provision is intended to waive fully for the benefit of Contractor and the other
25  additional insureds any rights and/or claims which might give rise to a right of
26  subrogation in favor of any insurance carrier issuing the insurance required by this
27  Agreement or any other insurance (including any first party coverage) maintained by
28  Subcontractor.  Subcontractor will obtain a waiver of any subrogation right that its
29  insurers may acquire against the additional insureds by virtue of payment of any such
30  loss covered by such insurance.

31  Subcontractor and its lower-tier subcontractors will submit Worker's Compensation,
32  Commercial General Liability, and Business Auto Liability accident reports to their
33  insurance carriers immediately after any accident and will furnish to Contractor two (2)
34  copies of such reports.

35  If Subcontractor elects to subcontract any portion of this Subcontract to another
36  subcontractor (herein referred to as Sub-subcontractor), Subcontractor will require of
37  such Sub-subcontractor insurance coverage and limits as specified in Exhibit G and
38  will furnish to Contractor evidence that such insurance coverages are currently in
39  effect.  Moreover, Subcontractor will require any such Sub-subcontractor to name
40  Contractor,  and others as required by the Contract Documents, as additional insureds
41  on Sub-subcontractor's Commercial General Liability insurance and will provide
42  Contractor with a waiver of subrogation from such Sub-subcontractor's Worker's
43  Compensation carrier. Subcontractor will require its Sub-subcontractor to obtain Form
44  No. CG 20 10 11 85, CG 20 26 11 85  or comparable form (ISO Form B)  from its
45  Commercial General Liability Insurance carrier, which endorsements will be furnished
46  to Contractor as a condition precedent to Subcontractor's right to be paid for any Work
47  performed by the Sub-subcontractor. An Insurance Certificate that does not meet with
48  the Contract requirements or failure on Contractor's part to monitor compliance with
49  the insurance requirements will not constitute a waiver of the Contractual
50  requirements.

> **SUBCONTRACTOR CANNOT COMMENCE WORK OR RECEIVE PAYMENT FOR WORK UNTIL ALL INSURANCE REQUIREMENTS ARE MET.**

If Subcontractor fails to procure, maintain or pay for the insurance required by this Agreement, Contractor at its sole discretion may define other financial risk transfer mechanisms or secure the same or similar insurance coverage, in which event Subcontractor will pay the cost thereof and will furnish, upon demand, all information that may be required to procure such coverages. Contractor will have the right to backcharge Subcontractor for such costs.

Subcontractor will immediately notify (or cause its insurers or insurance broker to notify) Contractor of receipt by Subcontractor of any notice of cancellation or rescission received from an insurance carrier referring to or relating to a policy which names Contractor, its parent, subsidiary or affiliated companies or their officers, directors or employees as additional insureds or which may otherwise impact the ability of Subcontractor to fully perform its obligations hereunder.

The failure of Subcontractor to fully and strictly comply at all times with the insurance requirements set forth herein will be deemed a material breach of this Agreement. Contractor may, at its sole option, waive any of the requirements of this Article, but only in writing in a change order that is signed by an executive officer of Contractor. No failure to enforce terms of this Article, nor any course of conduct by Subcontractor or Contractor, will amount to a waiver of any requirement nor prohibit Contractor from enforcing its rights hereunder. Nothing herein will be construed as limiting the type, quality or quantity of insurance coverage that Subcontractor should maintain. The insurance requirements in this Article are independent from all other obligations of Subcontractor under this Agreement, the Contract Documents or at law, including, without limitation, all indemnification provisions, and will apply whether or not required by any other provision of this Agreement and regardless of the enforceability of any other provision in this Agreement.

B.   Builder's Risk

Contractor or Owner will furnish and pay for Builder's Risk Insurance, which will include fire, extended coverage, vandalism, named windstorm, and malicious mischief. The Subcontractor's Work performed and materials to be incorporated into the Project and stored on the jobsite will be covered to the extent of such policy and paid to Subcontractor to the extent paid by the insurance company for Subcontractor's loss. The Builder's Risk insurance policy will have the deductibles and limits of liability as set forth in Exhibit "H." Builder's Risk Insurance does not include temporary buildings, Subcontractor's tools, or equipment not incorporated in the Work.

If there is a loss insured under the Builder's Risk policy, Subcontractor will be bound by any adjustment that will be made between Contractor and/or Owner and the insurance company or companies, and Contractor's liability to Subcontractor for such loss will in all cases be limited to amounts actually paid on Subcontractor's claims.

If the Builder's Risk Insurance, whether carried or required to be carried by Owner or Contractor covering Subcontractor's Work, contains any deductible applicable to any loss covered thereby, the risk of loss by reason of such deductible is upon Subcontractor. If Subcontractor causes damage or loss to other work or property covered by Builder's Risk insurance, then Subcontractor is responsible for applicable deductibles and will pay, and otherwise indemnify Contractor for liability on account of, any deductibles.

1   **7.      Indemnity**

2       A.      To the fullest extent permitted by law, Subcontractor will indemnify, protect and hold
3   harmless Contractor and its surety (and if required by Contract Documents, Owner, Lender,
4   and/or Architect) and each of their respective officers, directors, members, managers, agents
5   or employees, (individually, the "Indemnified Party" and collectively the "Indemnified Parties")
6   from any and all claims, losses, demands, judgments, suits, actions and proceedings, as well
7   as all attorneys' fees and costs which may be asserted against any Indemnified Party arising
8   out of or occurring in connection with: (1) the failure of Subcontractor to timely or fully perform
9   any obligation of this Subcontract; or (2) any injury, loss, damage or death to any person or
10  persons (including but not limited to any Indemnified Party) and any destruction of or damage
11  to property, but only to the extent caused by the negligence or intentional wrongful acts of
12  Subcontractor, its lower tier subcontractors or suppliers, and its and their employees, or any
13  other persons for which Subcontractor is responsible hereunder.

14
15      B.      To the fullest extent permitted by law, in addition to the express duties to indemnify,
16  protect and hold harmless, there is a duty, separate from the duties in Article 7.A, to defend
17  each Indemnified Party in connection with a claim, demand or suit described in Article 7.A(1)
18  or 7.A(2) (collectively, the "Claims"). The duty to defend includes all costs of litigation,
19  attorney's fees, expert's and consultant's fees, settlement costs and reasonable expenses in
20  connection with the claim or litigation, regardless of whether the Claims made for loss, injury,
21  damage or property damage are valid or groundless and regardless of whether the defense of
22  an Indemnified Party is maintained by that party or assumed by Subcontractor, as long as the
23  claims asserted can be causally connected to Subcontractor's alleged or actual failure to
24  timely or fully perform as described in Article 7.A(1), or to an alleged or actual negligent act or
25  omission or intentional wrongful act as described in Article 7.A.(2). Subcontractor's duty to
26  defend includes the following:

27
28          (1)      An Indemnified Party, in its discretion and at its option, may defend any or all
29      of the Claims (at Subcontractor's expense) or tender to Subcontractor the defense of
30      any or all of the Claims.  Upon such tender to Subcontractor, Subcontractor will
31      promptly assume the defense of the Claims.

32          (2)      If an Indemnified Party tenders the defense of a Claim to Subcontractor and
33      Subcontractor fails or neglects to assume the defense thereof, any Indemnified Party
34      facing liability for the Claim may defend, compromise and/or settle any such suit or
35      action, and Subcontractor will be bound and obligated to reimburse each Indemnified
36      Party for the amount expended by it in defending, settling or compromising any such
37      claim, or in the amount expended in paying any judgment rendered therein, together
38      with all reasonable attorneys' fees and costs of litigation incurred  by reason of the
39      defense, settlement or compromise of such Claims, so long as the Indemnified Party
40      demonstrates that the settlement or compromise was made in good faith.

41      C.      Neither final payment by Contractor nor acceptance of the Work performed by
42  Subcontractor will constitute a waiver of the provisions of this Article 7, and notwithstanding
43  any other provision contained in this Subcontract, the provisions of this Article 7 will survive
44  the termination of the Subcontract Agreement for any reason whatsoever.

45      D.      The cause of action on a claim for indemnity under this Subcontract or bond provided
46  by Subcontractor, if any, will accrue on the later of: (i) the date of a written demand for
47  indemnity to Subcontractor or its Surety; or (ii) the date when Contractor or its surety makes
48  the last payment with respect to which indemnity is sought.

49

8.   **Warranties and Guarantees**

Guarantees and warranties of the Work by Contractor, as defined in the Contract Documents and in the Law of the state of the Project are included in this Subcontract. Unless a longer period is provided in the Contract Documents or by Law Subcontractor will repair or replace at its own expense and at the convenience of Owner, any defects in workmanship or materials discovered within one (1) year from the date of written acceptance of the work, or any portion thereof as specified in the Contract Documents, by Owner, Architect and Contractor.

Subcontractor will remain liable to Contractor for so long a period of time as Contractor may be liable to Owner, its successors, and assigns, under the Contract Documents or by operation of law, for any claims against Contractor or its Surety by Owner, its successors, or assigns, for any defects or alleged defects, in materials or workmanship attributable to or caused by Subcontractor's Work..

Subcontractor will pay for all damage to the Project resulting from defects in the Work, and expenses necessary to remove, replace and/or repair the Work and any other work that may be damaged in removing or repairing the Work.

To the extent that Subcontractor's Work includes caulking, sealing, roofing, waterproofing, gravel stops, flashing, counter-flashing, glass, glazing, curtain or window wall, precast members, marble, granite, tile, storefronts, entrances, piping and conduit, site utilities or any other components of the work for the Project that may allow for water infiltration into the Project, if not supplied and installed in strict accordance with the Contract Documents, Subcontractor will maintain each such item of its Work in a watertight and leak-proof condition for two (2) years after the completion and acceptance of the work, or any portion thereof as specified in the Contract Documents, or for a longer period if required elsewhere in the Contract Documents.

9.   **Compliance with All Laws and Regulations**

Subcontractor warrants that it is, and during the period of its Work will remain, fully in compliance with all federal, state and local laws, rules, and regulations pertaining to its Work. As frequently as Contractor may reasonably require, Subcontractor will furnish Contractor evidence that Subcontractor has paid all federal, state and local sales, consumer, use and other similar taxes assessed or due in conjunction with Subcontractor's Work. Subcontractor will timely make all contributions or payments required to be made to any health and welfare, pension, vacation, apprenticeship or other employee benefit program or trust that may be required under any collective bargaining agreement to which this Subcontractor is a party.

Subcontractor will give all notices and comply with all laws, ordinances, rules and regulations and orders of any public authority bearing on the performance of the Work. Unless otherwise provided in the Special Provisions, Subcontractor will secure and pay for all permits, fees and licenses necessary for the execution of its Work.

A.   EEO/Sexual Harassment

Subcontractor will, at its own expense, comply with Contractor's Equal Employment Opportunity Policy set forth on Exhibit "I" attached hereto pertaining to the avoidance and correction of discrimination or sexual harassment, and in addition will comply with all such policies promulgated by any governmental authority.

B.   Federal Project Requirements

Subcontractor's attention is especially called to any clauses in the Contract Documents that may pertain to termination, renegotiation of contracts; the Prompt Payment Act; the Drug-Free Workplace Act; the Americans with Disabilities Act; the Davis-Bacon Act; any applicable Environmental Protection Agency regulations; and the Buy American Act, and Subcontractor agrees to abide by all such requirements.

Franklin Park Multi-Family Residence Project
Standard Form General Conditions (National Form) (Rev. 04/01/07)
Page 19 of 28

Project No.: 12640000

C. <u>Access to Books and Records</u>

Subcontractor will permit access to its books, records, and accounts by representative of Contractor or the Owner for purposes of investigation to ascertain compliance with this Article. Subcontractor will include the provisions of this Article in Subcontractor's subcontracts. The requirements of this Article will be in addition to any equal employment opportunity provisions of the Contract Documents.

**10. Safety and Substance Abuse**

A. <u>Receipt and Agreement to Abide by Contractor's Safety Plan</u>

Subcontractor agrees that the prevention of accidents to Subcontractor's workmen and others on or about the Project is the responsibility of Subcontractor. Subcontractor will comply with all laws, regulations and codes concerning safety applicable to the Work, including OSHA. Subcontractor will adopt Contractor's Safety Policy attached hereto as Exhibit "J" or a substantially similar policy for its own employees, agents and representatives who come on to the jobsite and will require its subcontractors and suppliers of any tier who come onto the jobsite to do likewise. When so ordered by Contractor, Owner or Owner's representative, Subcontractor agrees to stop any part of the Work identified as unsafe until corrective measures, satisfactory to Contractor, have been taken, and further agrees to make no claim for damages or delays arising from such stoppages. Should Subcontractor neglect to promptly implement such corrective measures, Contractor may, but will be under no obligation, to perform them and deduct the cost from payments due or to become due Subcontractor. Failure on the part of Contractor to stop unsafe practices will in no way relieve Subcontractor of its responsibility. If Subcontractor, or any person who enters the jobsite under an employment or a direct or indirect contractual arrangement with Subcontractor, fails to enforce the Contractor's Safety Policy or Subcontractor's substantially similar policy, Contractor will have the right to bar such party from the jobsite.

B. <u>Hazardous Waste</u>

Subcontractor will comply with any "Hazard Communication Program," identified in the Contract Documents.  Subcontractor will furnish a copy to Contractor of the applicable Material Safety Data Sheets (MSDS) for all hazardous materials or chemicals used in connection with or consumed or incorporated into this Project as required by the Hazard Communication Standard of the Occupational Safety and Health Administration (OSHA).

Subcontractor recognizes hazards related to asbestos, PCB's, VOC's, lead and hazardous waste materials as defined in applicable federal and state laws and regulations, and agrees to prevent release of such hazardous materials.  Subcontractor acknowledges and accepts the requirements related to those materials in the Contract Documents. Subcontractor agrees not to dispose of any hazardous waste, asbestos, PCB's, lead or VOC's, including but not limited to paints, solvents, cleaning compounds, degreasers, paint thinners, or any other associated products and their respective containers in any dumpster(s) or other locations unless specifically designated for such purpose. Subcontractor agrees to physically remove any products/containers mentioned above from the dumpster(s) or other locations should the products/containers be disposed of improperly. All haul-off and disposal of hazardous waste will be by Subcontractor in accordance with Contract Documents and federal, state and local laws and regulations.

Franklin Park Multi-Family Residence Project
Standard Form General Conditions (National Form) (Rev. 04/01/07)
Page 20 of 28

Project No.: 12640000

C.    Responsible and Competent Person

Subcontractor's Work will be directed and supervised by a competent person as defined by OSHA. Such competent person will have a thorough knowledge of OSHA regulations and will be present at the Project site at all times that Subcontractor's Work is in progress.

11.   **Changes and Extra Work**

A.    Changes

It is the intent of this Subcontract that Subcontractor provide all Work without change order hereto unless a change order is specifically requested and authorized by Owner, or unless Contractor specifically requests in writing a change proposal. Subcontractor has therefore included in the Subcontract Price all amounts necessary to perform all Work shown on or reasonably inferable from the Contract Documents, including any Work which may be needed to complete Subcontractor's performance to the Owner's satisfaction despite inconsistencies or omissions in the Contract Documents. Claims for additional costs or time for inconsistencies or omissions in the Contract Documents will not be recognized unless recognized by Owner.  The following apply to all changes or requests for changes:

(1)      The parties recognize that the Owner or its authorized representative is the binding and final authority on the interpretation of all Contract Documents provided by the Owner. Subcontractor will be bound by all interpretations of Owner or its authorized representative that, by the Contract Documents, are binding on Contractor.

(2)      The Contractor may at any time, unilaterally or by agreement with Subcontractor, without notice to the Sureties, make changes in the Work covered by this Subcontract.  Any unilateral directive or mutual agreement under this provision must be in writing.

(3)      When the Owner or Contractor requests a proposal, Subcontractor will submit change order proposals within seven (7) calendar days, unless a shorter time period is specified elsewhere in the Contract Documents, in a form acceptable to Contractor. The quotation will be supported by a time impact analysis, a cost breakdown that will include a quantity survey, unit prices and unit labor hours, markup for overhead and profit, and other information as requested by Contractor.

(4)      Requests or claims will be submitted in writing by Subcontractor in sufficient time to allow Contractor to comply with the applicable provisions of the Contract Documents. If Subcontractor does not comply with the time requirements and Contractor is required to submit a quotation to the Owner which includes a change to Subcontractor's Work, Contractor will use its best efforts to estimate in good faith the change as it affects Subcontractor in its quotation to the Owner, which estimate will be the maximum equitable adjustment due to Subcontractor.

(5)      Upon written direction by Contractor, Subcontractor will proceed with specified extra work or changes so as not to delay the work. Subcontractor will submit an estimate for the time and costs associated with the extra work or changes within seven (7) calendar days of receipt of the directive, unless a shorter time period is specified elsewhere in the Contract Documents.

(6)      Unless otherwise stated in the Contract Documents, the sum to be paid to Subcontractor for its combined overhead and profit for additive changes will be based upon the following percentages of the cost of the change:

(a)      A percentage as allowed by the Prime Contract of the cost of the change for that portion of the Work performed directly by Subcontractor.

1           (b)    A percentage as allowed by the Prime Contract for that portion
2           performed by an unaffiliated lower-tier subcontractor or supplier.

3           (c)    If a change in the Work consists of both additions and deletions, any
4           overhead and profit will be computed on the excess of the additive costs over
5           deductive costs.

6           (d)    The sum paid for overhead and profit will cover all Subcontractor's
7           general and administrative expenses, including but not limited to, all main and
8           branch office labor, plant and equipment, clerical support and supplies,
9           estimating, computers, accounting, time keeping and cost of capital.
10          Subcontractor will include in each change the cost of any additional bond
11          premium and will pay such cost to its bonding company. Subcontractor will
12          keep its Surety informed at all times of all changes in the Subcontract.

13       (7)    If a change is ordered in writing by Contractor independent of the Owner or
14       the Contract Documents provided by the Owner, Subcontractor will be entitled to an
15       equitable adjustment in the Subcontract price. If Subcontractor considers any action
16       or inaction by Contractor other than a formal written change order to be a change, it
17       will so notify Contractor in writing within three (3) calendar days of the action or
18       inaction, and seek a confirmation in writing from Contractor before proceeding with
19       alleged change.

20       (8)    Contractor's liability for costs arising from changes ordered by the Owner, or for
21       deficiencies in the Plans or Specifications provided by the Owner, is limited to the
22       amounts Contractor recovers from the Owner for those events. Payment on account
23       of pending changes made by the Owner will be made only if, and to the extent that,
24       Contractor receives such payment from the Owner for Subcontractor's changed Work.
25       Amounts paid on account of pending changes are provisional and not an admission of
26       liability and will be repaid to Contractor on demand whenever Contractor determines
27       there has been an overpayment.

28    B.    <u>Payment</u>

29    Upon receipt of the appropriate executed Owner Change Order, a corresponding
30    Subcontractor Change Order will be issued to Subcontractor. Upon execution by
31    Subcontractor of the Change Order, Contractor will make payments for changes in the Work
32    to Subcontractor as and when payments are received from Owner and to the extent of
33    Subcontractor's interest therein. Subcontractor will, in turn and in the same manner, make
34    payments to its suppliers and subcontractors for changes.

35    C.    <u>Time and Material</u>

36    Work done on a time-and-material basis must be signed for daily by Contractor's authorized
37    representative and invoiced weekly no later than two (2) weeks following the week in which
38    the Work was done. No payment for time-and-material work will be made unless the Work has
39    been authorized in writing by Contractor's representative, outlining the rates and terms of
40    payment and the appropriate daily approval requirements. Strict compliance with the
41    requirements of this paragraph must be observed. No one other than an executive officer of
42    Contractor has the authority to waive this requirement and such waiver must be in writing and
43    signed by such officer.

44  **12.**    **Contract Interpretation and Disputes**

45    A.    <u>Notices</u>

46    Unless a shorter period of time is provided in the Contract Documents, notice of any damage,
47    delay or additional cost which Subcontractor alleges Owner, Contractor, other subcontractors
48    or Contractor's suppliers have caused or are causing it by their act or omission will be filed in

1  writing with Contractor in its home office within three (3) calendar days from commencement
2  of such alleged damage, delay or additional cost. Subcontractor will advise Contractor's home
3  office in writing at two-week intervals of the amount of any continuing damage or additional
4  cost and will file a full accounting within seven (7) days after the damage or increased cost
5  ceases. No claims for such damage or delays will be valid unless Subcontractor complies with
6  all the requirements of this paragraph.

7  **B.    Subcontractor/Contractor Disputes**

8  In the event of any dispute involving the Work performed or to be performed, Contractor will
9  issue a written decision or written directive that will be followed by Subcontractor, without
10  interruption, deficiency, or delay. If Subcontractor does not agree with such decision,
11  Subcontractor may make a claim pursuant hereto and this dispute will be resolved as set forth
12  in either Article 12.B. (1) or 12.B. (2) as applicable. If the Subcontractor prevails,
13  Subcontractor's sole remedy will be an equitable adjustment in its Subcontract time or price as
14  allowed hereunder. If Subcontractor believes that the claim for equitable adjustment is due to
15  an action or inaction of the Contractor that is independent of the Owner, Subcontractor will
16  comply with the notice requirements of Article 11.A. (7). Subcontractor will provide notice in
17  sufficient time to allow Contractor to give notice to the Owner under the Contract Documents if
18  the claim for equitable adjustment arises from any change ordered by Owner or any
19  deficiencies in the Plans or Specifications.

20  (1)    In case of any dispute between or among Contractor and Subcontractor or
21  their respective sureties, in any way relating to or arising from any act or omission of
22  the Owner or involving the Contract Documents provided by the Owner, Subcontractor
23  agrees to be bound to Contractor to the same extent that Contractor is bound to the
24  Owner by the terms of the other Contract Documents, and by any and all preliminary
25  and final decisions or determinations made thereunder by the party, board or court so
26  authorized in the Contract Documents or by law, whether or not Subcontractor is a
27  party to such proceedings. In case of such dispute, Subcontractor will comply with all
28  provisions of the Contract Documents, allowing a reasonable time for Contractor to
29  analyze and forward to the Owner any required communications or documentation.
30  Contractor will, at its option: (a) present to the Owner in Contractor's name or (b)
31  authorize Subcontractor to present to the Owner in Contractor's name, all of
32  Subcontractor's claims, and answer the Owner's claims involving Subcontractor's
33  Work, whenever Contractor is permitted to do so by the terms of the Contract
34  Documents. If such dispute is prosecuted or defended by Contractor, Subcontractor
35  at it own expense agrees to furnish all documents, statements, witnesses, and other
36  information required by Contractor and to pay or reimburse Contractor for
37  Subcontractor's allocable share of all costs incurred by Contractor in connection with
38  the dispute, including attorneys fees. On any project which may be subject to the
39  Contract Disputes Act of 1978 (PL95-563, 92 Stat. 2383,41 USC § 601 et seq.), or
40  other applicable statutes which may require certification of claims, or if Contractor's
41  prime contract with Owner requires the certification of any claim, Subcontractor will
42  furnish Contractor with a certification of any claim in a form satisfactory to Contractor
43  and agrees to indemnify, defend, protect and hold Contractor harmless from any
44  losses, claims, damages or expenses Contractor may suffer or incur under Section 5
45  of the Contract Disputes Act of 1978, or other applicable law, including attorney's fees
46  and related costs, as a result of Subcontractor's failure or inability to support any part
47  of the claim and such failure or inability is attributable to misrepresentation of fact or
48  fraud on the part of Subcontractor, subject to the limitations set forth in Article 7 of the
49  General Conditions. Nothing herein will require Contractor to certify a claim when it
50  cannot do so in good faith.

51  (2)    To the extent not resolved under Article 12.B.(1) above, any dispute between
52  or among Contractor and its surety and Subcontractor, and Subcontractor's Surety, if
53  any, will, at Contractor's sole option, be decided either through litigation or by

1   arbitration in accordance with the Construction Industry Arbitration Rules of the
2   American Arbitration Association. The foregoing agreement to arbitrate will be
3   specifically enforceable in any court of competent jurisdiction.   Upon its request,
4   Contractor will be entitled to consolidation or joinder of any arbitration involving
5   Subcontractor with related arbitration involving other parties. The award rendered by
6   the arbitrators will be final and judgment may be entered upon it in accordance with
7   applicable law in any court of competent jurisdiction.  If Contractor or its surety notifies
8   Subcontractor that Contractor or its surety contends any arbitration or lawsuit brought
9   under this Article 12.B. (2) involves a controversy within the scope of Article 12.B. (1),
10  the dispute process under this Article 12.B.(2) will be stayed until the procedures
11  under Article 12.B.(1) are completed**.**

12  (3)      If Contractor elects not to invoke the arbitration procedures set forth in Article
13  12.B.(2),  Contractor, Subcontractor and Subcontractor's Surety, if any, agree that all
14  claims,  disputes  and  other  matters  in  controversy  between  Contractor  and
15  Subcontractor arising out of or relating to the Subcontract or the breach thereof, and
16  except for claims which have been waived by the acceptance of final payment, will be
17  resolved through litigation in the appropriate state court in the County where the
18  Project is located, or in the federal court closest to the location of the Project. Except
19  to the extent that the Contract Documents provide otherwise, the laws of the State in
20  which the project is located will be applied in resolving the dispute. **DUE TO THE**
21  **SPECIALIZED NATURE OF CONSTRUCTION LITIGATION, IN THE EVENT OF**
22  **ANY LITIGATION RELATED TO THIS AGREEMENT, EACH PARTY HEREBY**
23  **WAIVES ITS RIGHT TO A TRIAL BY JURY.**

24  (4)      Notwithstanding  anything  to  the  contrary  anywhere  in  the  Contract
25  Documents, if at any time, even after suit may have been filed by either party hereto
26  but  prior  to  commencement  of  trial,  Contractor  becomes  involved  in  litigation  or
27  arbitration with another party or parties involving questions of fact or law common to
28  the  dispute  between  Contractor  and  Subcontractor  to  the  extent  that  (a)  in
29  Subcontractor's absence, complete relief may not be accorded among those already
30  parties, or (b) disposition of such other action may as a practical matter, impair or
31  impede Contractor's or Subcontractor's ability to fully prevent its incurring multiple or
32  otherwise inconsistent obligations, Subcontractor and its Surety, if any, agrees that
33  Subcontractor and its Surety may be joined by Contractor in such other litigation or
34  arbitration  proceedings  for  a  complete  resolution  of  all  disputes  and  controversies
35  arising under this Agreement, and that upon such joinder, any pending action between
36  Contractor and Subcontractor or its Surety, if any, will be dismissed.

37  (5)      Unless otherwise agreed in writing by the parties, Subcontractor will carry on
38  the Work and maintain its progress during any litigation or arbitration proceedings and
39  Contractor will continue to make payments to Subcontractor to the extent required
40  hereunder.

41  (6)      In all disputes of any kind arising out of or related to this Subcontract, and
42  unless otherwise recoverable from and paid by the Owner under the Prime Contract
43  or by  applicable insurances, Subcontractor and Contractor mutually waive all claims
44  for  their own consequential, special or indirect damages, including but not limited to
45  claims  for   their lost profits (except on the Project that is the subject of this
46  Subcontract), lost business opportunities, impairment of bonding capacity, idled
47  equipment, lost revenues, and unabsorbed home office overhead.

48

1  **13.  Default and Terminations**

2       A.    <u>Default, Remedies for Default and Termination for Cause</u>

3       If, in the reasonable opinion of Contractor, Subcontractor at any time refuses or neglects to
4       supply a sufficient number of skilled workmen or materials of the proper quality and quantity,
5       or fails in any respect to prosecute the Work with promptness and diligence or as required by
6       the Project Schedule, or fails to correct, replace and/or re-execute faulty or defective Work
7       and/or materials furnished under the Subcontract, or causes by any act or omission the
8       stoppage or delay of or interference with the work of Contractor or of any other subcontractors
9       on the Project, or fails in performing any of the other obligations of this Subcontract or other
10      Contract Documents, then Subcontractor is in default. If Subcontractor has failed to cure such
11      default within three (3) calendar days following written notice of the default to Subcontractor,
12      Contractor may, at its option, do any or all of the following: make demand on Subcontractor's
13      Surety to perform or indemnify Contractor for costs arising from the default; allow
14      Subcontractor to continue to perform, but collect all damages arising as a result of the default;
15      terminate all or part of Subcontractor's right to proceed with the Work; enter on the premises
16      and take possession, for the purpose of completing or correcting the Work, with all materials;
17      supply additional materials at Subcontractor's cost; and/or employ any other firms or persons
18      at Subcontractor's cost to finish or correct the Work or any part thereof. Subcontractor will not
19      be entitled to receive any further payment under this Agreement until the Work is completed to
20      satisfaction of Contractor and Owner. Contractor may deduct and withhold from payments
21      otherwise due Subcontractor under this or any other agreement between the parties the costs
22      which Contractor has incurred or may incur as a result of a default and which are payable to
23      Contractor hereunder. When Work is complete, if the unpaid balance of the amount to be paid
24      under this Subcontract exceeds the expense incurred by Contractor in finishing the Work and
25      any other expenses arising from Subcontractor's default, such excess will be paid by
26      Contractor to Subcontractor. If those expenses exceed the unpaid balance, then
27      Subcontractor will pay the difference to Contractor upon demand. In addition to the cost of
28      reprocurement, finishing and/or correcting the Work, Subcontractor will be responsible for any
29      damages arising out of a default or a termination of Subcontractor, including, without
30      limitation, Owner's and Contractor's delay damages, Contractor's attorneys fees and litigation
31      or arbitration costs, and damage to other subcontractors, plus overhead of fifteen percent
32      (15%) on all expenses to cover costs not readily ascertainable, and not as a penalty.

33
34      If Subcontractor is adjudged a bankrupt or makes a general assignment for the benefit of
35      creditors, or if a receiver is appointed for the benefit of its creditors, or if a receiver is
36      appointed on account of its insolvency, or if Subcontractor were to cease operating as a going
37      concern, such events could impair or frustrate Subcontractor's performance of this Agreement.
38      Accordingly, it is agreed that, if there is any reasonable evidence or concern by Contractor
39      that any such event is possible, or upon the occurrence of such an event, Contractor will be
40      entitled to request of Subcontractor, its successor in interest and/or its Surety adequate written
41      assurance of full and timely future performance. Failure to comply with such request and to
42      provide the adequate written assurances within three (3) calendar days of delivery of the
43      request will entitle Contractor to place Subcontractor in default and, if the default is not cured
44      as stated in this Article 13.A, to the rights set forth above, including the right to terminate this
45      Agreement for default. In all events, pending receipt of adequate written assurance of
46      performance and actual performance in accordance therewith, Contractor will be entitled to
47      proceed with the Work with its own forces or with other subcontractors on a time and material
48      or other reasonable basis, the cost of which will be backcharged against pending or future
49      payments to Subcontractor under this or any other agreement between the parties as set forth
50      in Article 4.D.
51

B.   <u>Termination for Convenience</u>

Notwithstanding anything contained herein to the contrary, Contractor may, without cause, terminate this Agreement at any time upon written notice to Subcontractor. If Contractor gives Subcontractor such notice, Subcontractor will withdraw its employees and equipment from the worksite on the effective date of the termination as specified in said notice (which effective date will not be less than two (2) working days after the date of the notice) regardless of any claim Subcontractor may or may not have against Contractor. Subcontractor's failure to do so will entitle Contractor to bring an action for damages, including attorney's fees and costs, and/or to bring an action for injunctive relief. If there has been a termination of Contractor's contract with the Owner, the Subcontractor will be paid the amount paid by Owner to Contractor for Subcontractor's Work, including termination costs, if any. If Contractor's contract has not been terminated, Subcontractor will be paid the reasonable value of Work performed by Subcontractor prior to termination plus reasonable direct close-out costs when those costs are paid to Contractor by Owner, but in no event will Subcontractor be entitled to unabsorbed overhead, anticipatory profits or any damages for any termination under this clause except as expressly provided by this paragraph.  Upon receipt of payments provided for herein, the parties hereto will have no further obligation to each other except for Subcontractor's obligations to perform corrective and/or warranty work relating to Work actually performed by Subcontractor or any of its sub-subcontractors prior to the termination, and to indemnify, defend, protect and hold harmless Contractor as provided in this Agreement.

C.   <u>Conversion of Termination for Cause to Termination for Convenience</u>

If Contractor terminates Subcontractor for cause under Article 13. A., and it is later determined by a court of competent jurisdiction, by arbitration or other similar proceeding, that such termination for cause was not justified, then in such event such termination for cause will automatically be converted to a termination for convenience under the terms of this Article. Furthermore, all limitations of liability contained in this Subcontract, including those in Article 12.B survive and apply in the event of termination of the Subcontract for any reason whatsoever.

D.   <u>Remedies Cumulative</u>

No right or remedy available to Contractor in the Subcontract is intended to be exclusive of any other right or remedy, but every such right or remedy will be cumulative and will be in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law.

E.   <u>Assignment</u>

If the Prime Contract provides that, in the event of termination of the Prime Contract between Owner and Contractor, Owner can direct Contractor to assign this Agreement to Owner, Subcontractor hereby consents to such assignment and agrees to accept any such assignment of this Contract to Owner, to consider that assignment to be fully effected by receipt of written notice from Contractor of any such assignments, and thereafter to look solely to Owner for all obligations, commitments, unsettled claims and payments, which are owed by the Owner to Contractor under the Prime Contract or which Subcontractor will thereafter become entitled in connection with this Project. If this Subcontractor is terminated by Contractor under the provisions of this Article, Subcontractor agrees that any and all sub-subcontracts or purchase orders which Subcontractor may have covering the Work or any part therof may, at Contractor's option, be fully assigned by Subcontractor to Contractor upon written notice by Contractor to such sub-subcontractors and vendors, and Subcontractor will include in such sub-subcontracts and purchase orders appropriate language to such effect.

Franklin Park Multi-Family Residence Project
Standard Form General Conditions (National Form) (Rev. 04/01/07)
Page 26 of 28

Project No.: 12640000

1  **14.   Miscellaneous**

2     A.   <u>Legal Fees</u>

3     In the event it is necessary for Contractor to retain legal counsel to enforce any of its rights
4     hereunder, Subcontractor agrees that it will be responsible for payment of all reasonable
5     attorney's fees, expenses and costs incurred therewith.  With respect to litigation or arbitration
6     of affirmative claims by Subcontractor against Contractor, either Party may, at any time after
7     initiation of the litigation or arbitration, make a written offer of settlement pursuant to this
8     paragraph.  An offer of settlement is either a written offer by Contractor to settle all damages
9     which may be awarded against Contractor or a written offer by Subcontractor to settle all
10    damages which may be awarded to Subcontractor.  If such offer of settlement is not accepted
11    within thirty (30) days, and (a) Subcontractor receives a judgment or award less than the
12    Contractor's offer of settlement, or (b) Subcontractor receives a judgment or award more than
13    Subcontractor's offer of settlement, then the Offerer will be entitled to recover all reasonable
14    costs, consulting and attorneys fees incurred by Offeror after the date of the offer of
15    settlement.
16    This provision applies notwithstanding any different Offer of Judgment rules or statutes of the
17    state of the Project.

18    B.   <u>Notices</u>

19    All notices, consents, requests or other communications hereunder will be in writing, unless
20    otherwise expressly provided to the contrary and will be deemed to have been made or given
21    when mailed, delivered, telegraphed or transmitted as electronic facsimile to the other party at
22    the address noted in the Subcontract. Either party may designate a different address by notice
23    given to the other.

24    C.   <u>Severability and Savings</u>

25    If any clause or provision of the Subcontract should be determined to be illegal, invalid or
26    unenforceable under present or future laws, then, it is the express intention of the parties that
27    the remainder of the Subcontract will not be affected thereby, and it is also the express
28    intention of the parties that, in lieu of each clause or provision of the Subcontract that may be
29    determined to be illegal, invalid or unenforceable, there may be added as part of the
30    Subcontract a clause or provision as similar in terms such illegal, invalid or unenforceable
31    clause or provision as may be possible and be legal, valid and enforceable.

32    The Article and paragraph headings of the Subcontract and these General Conditions are for
33    reference purposes only and will not affect in any way the meaning or interpretation of the
34    Subcontract or these General Conditions.

35    D.   <u>Strike Provisions</u>

36    Subcontractor will employ only workmen who will, at all times, work in harmony with those
37    employed by Contractor and by other subcontractors on the site. Should the work of
38    Contractor or Subcontractor for any reason be stopped or materially delayed or disrupted due,
39    in Contractor's opinion, to Subcontractor's failure to supply sufficient workmen to execute this
40    Subcontract as a result of a labor dispute, Contractor will have the right, upon seventy-two
41    (72) hours prior written notice, to terminate Subcontractor's right to proceed with the Work and
42    to employ such workmen as may be necessary to complete performance of this Subcontract,
43    with all costs of such termination and completion of performance being charged against
44    Subcontractor.  It is further understood and agreed that contracts will be awarded and labor
45    employed by Contractor or its other subcontractors who may or may not be members of any
46    labor organization.  In the event of a work stoppage resulting from a labor dispute directed at
47    Subcontractor, Contractor will have the right to terminate this Subcontract and exercise such
48    rights as are available to Contractor in the event of termination.

E.    <u>Non-Waiver</u>

No action or failure to act, delay or omission by Contractor to exercise any right or remedy will impair such right or remedy or any other right or remedy or be construed to be a waiver of any default or acquiescence therein.

F.    <u>Right of Assignment</u>

(1)    This Subcontract and the proceeds from this Subcontract will not be assigned without the written consent of Contractor, and if applicable, Subcontractor's Surety.

(2)    The Subcontractor will not sublet any Work covered by this Subcontract except items that are customarily sublet by subcontractors of its category. The Subcontractor will not relet or sublet any Work covered under this Subcontract without prior written approval by an executive officer of Contractor. The Subcontractor will insert in any subcontract awarded by it, with approval of Contractor, all or any part of this Subcontract necessary to protect Contractor. The assignment of any Subcontract Work will not relieve Subcontractor of any performance, supervisory and coordination requirements.

G.    <u>Claims and Liens and Stop Notices</u>

Subcontractor will always indemnify, defend, protect and hold Contractor, Contractor's surety and Owner harmless against all liability for claims and liens for labor performed or materials used or furnished through or under Subcontractor (herein after sometimes referred to as Claimant) for the Project. Liability includes any costs and expenses for attorney's fees, consultant's fees, bond costs, and all incidental or consequential damages. If suit is brought against Contractor, Contractor's surety or Owner by a Claimant, Subcontractor will promptly upon receipt of tender from Contractor defend the suit at its own cost and expense, and pay and satisfy any such lien or judgment as may be established by the decision of the court in the suit.

H.    <u>Information Required by Owner</u>

In addition to the information to be provided by Subcontractor pursuant to other provisions of this Subcontract, Subcontractor hereby agrees to provide, at no additional cost to Contractor, and in a prompt and timely fashion so as not to disrupt the performance of this Subcontract or the contract between Contractor and the Owner, any and all additional information relating to this Subcontract which is required either by the Contract Documents or by law.

I.    <u>Privity</u>

To the fullest extent permitted by law, until Subcontractor's obligations under this Subcontract are completely fulfilled, Subcontractor agrees not to perform any work directly for the Owner or any of its tenants or deal directly with the Owner's representatives in connection with the Project, unless otherwise approved in writing by Contractor. All Work for this Project performed by Subcontractor will be processed and handled exclusively by and through Contractor.

J.    <u>Third Party Beneficiaries</u>

Contractor's surety has no greater or different obligation to pay Subcontractor than does Contractor hereunder, and further is entitled to enforce this Agreement insofar as it obligates Subcontractor to perform duties with respect to the surety. Contractor's surety is thus an express third party beneficiary of this Subcontract. Owner, Architect and Owner's lender are third party beneficiaries to the extent required by the Contract Documents. There are no other third party beneficiaries.

Franklin Park Multi-Family Residence Project
Standard Form General Conditions (National Form) (Rev. 04/01/07)
Page 28 of 28

Project No.: 12640000

ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

# EXHIBIT B

## AMENDMENT TO SUBCONTRACT

~~Edwards Steel, Inc.~~   *EDWARDS STEEL SOLUTIONS, LLC*

This Amendment to the Subcontract Agreements between Balfour Beatty Construction, LLC ("Balfour") and ~~Edwards Steel, Inc.~~ ("Edwards") is entered and agreed to by the Parties, on this the ~~___ day of November, 2017~~.   *EDWARDS STEEL SOLUTIONS, LLC*

*2 DAY OF JANUARY, 2018.*

### Recitals

A.      Balfour and Edwards entered into a Subcontract Agreement (the "Subcontract") with an effective date of November 4, 2013, under which Edwards agreed to perform the decorative metal railings scope of work (the "Work") for the Franklin Park Multi-Family Residence Project in Franklin, Tennessee ("Project").

B.      The Subcontract requires that disputes between Balfour and Edwards be submitted to binding arbitration administered by the American Arbitration Association ("AAA").

C.      Balfour has asserted claims against Edwards for defaulting on its subcontract, for defective work and breach of contract. Edwards disputes these claims.

D.      The Parties desire to submit the claims to arbitration as set forth herein below.

### Agreement

Accordingly, the Parties agree to the following Amendment of the Subcontract:

1.      The Parties will submit their claims to private arbitration before a single Arbitrator (the "Arbitrator").

2.      The Arbitrator will be selected as follows:

a.      Within ten (10) days after the execution of this agreement, each Party will identify ten (10) acceptable arbitrators from Tennessee or a contiguous state and prepare a list of the potential arbitrators in order of preference numbering each individual from one (1) to ten (10). The individuals identified must be practicing attorneys with substantial experience in the field of construction law. The parties will exchange lists simultaneously at a mutually agreed time and date.

b.      The potential arbitrator appearing on highest on both Parties' lists shall be selected as the Arbitrator. To determine which individual appears highest on both lists, the numeric position of the individual on each list shall be added together. The individual appearing on both lists with the lowest combined numeric position shall be selected as the Arbitrator. In the event of a tie, the tie will be broken by the flip of a coin.

c.      If a selected Arbitrator cannot serve as the arbitrator for any reason, the individual appearing on the Parties' lists of potential arbitrators with the next lowest combined numeric position shall be selected as the Arbitrator. This process shall be followed until a selected arbitrator agrees to serve or all individuals appearing on both lists have declined to serve as the arbitrator. In the event an arbitrator cannot be selected from the first lists of provided by the Parties, then the Parties shall repeat this process identifying ten (10) additional individuals not previously identified until an Arbitrator has been selected and retained.

3.      Preliminary hearings and conferences shall be by telephonic conference unless a party requests an in person hearing or conference. The final hearing on the merits of the Parties' claims and defenses shall take place at a mutually agreeable location in Nashville, Tennessee.

4.      The arbitration will be governed by the applicable Construction Industry Rules of the AAA (except to the extent the Rules conflict with the provisions of this Agreement), the Tennessee Uniform Arbitration Act and the Federal Arbitration Act. The order of precedence among the rules governing the arbitration shall be:

     a.   This Agreement;

     b.   The applicable Construction Industry Rules of the AAA:

     c.   The Tennessee Uniform Arbitration Act: and

     d.   The Federal Arbitration Act

5.      The arbitration will be administered by the Arbitrator. As part of the administration of the arbitration, the Arbitrator shall maintain a complete file of all documents and correspondence received by the Arbitrator during the course of the proceedings (the "Arbitrator's Record"). The Arbitrator shall return the documents made part of the record to the party who presented and/or introduced such item or document.

6.      The Parties will execute an engagement agreement with the Arbitrator, and that agreement shall be consistent in all respects with the terms of this Amendment and any applicable provisions of the Subcontract. The Parties agree to share equally in the expense of the arbitration including the fees and expenses for the arbitrator as well as any other reasonable expenses related to the administration of the arbitration and costs associated with hearings or other proceedings, unless the fees and expenses of the Arbitrator are assessed in accordance with Paragraph 12 herein.

7.      The Arbitrator selected by the Parties will have the authority to resolve all disputes between the Parties as set forth in their arbitration statements, to resolve any discovery disputes in the arbitration and to issue subpoenas for the production of documents and witnesses for depositions and the arbitration hearing.

8.      Unless the Parties subsequently agree otherwise, the proceedings, including the hearing on the merits, will not be transcribed. However, either party shall have the right to unilaterally employ a transcriptionist to transcribe the proceedings at that Party's sole expense.

9.      The Parties agree to exchange all documents relevant to the claims, counterclaims and defenses without specific document requests in accordance with AAA Rule 24. The Arbitrator will have the authority to resolve any discovery disputes, including without limitation relating to such search terms and custodians of relevant ESI. The Parties also agree to provide expert disclosures setting forth the information and documents required by the Federal Rules of Civil Procedure.

10.     Written discovery requests (interrogatories, requests for production of documents and requests for admissions) are discouraged, but not prohibited. The Parties agree to seek information necessary to present their claims and defenses through informal requests, and not formal written discovery unless the other Party's responses to the informal requests are unsatisfactory. Each Party shall be permitted to serve written discovery in accordance with Federal Rules of Civil Procedure 33, 34 and 36. If so desired, the Parties agree that an on-site inspection of the Project at issue may be scheduled. Each category of permitted written discovery shall be limited to fifteen (15) requests including sub-parts.

2

11.   Unless the Parties subsequently agree otherwise, depositions will be limited as follows:

    a.   Expert Witnesses – depositions limited to eight (8) hours, unless extended by agreement or by the Arbitrator;

    b.   Fact Witnesses –depositions are limited to three (3) witnesses for each Party, and each deposition shall be limited to seven (7) hours, unless extended by agreement or by the Arbitrator; a Rule 30(b)(6) deposition will be considered one fact witness for purposes of this Agreement regardless of the number of witnesses testifying for the corporate entity; a Rule 30(b)(6) deposition shall be limited to seven (7) hours unless extended by agreement or by the Arbitrator.

    c.   Additional Depositions – The Parties may take additional depositions by agreement or upon leave granted by the Arbitrator upon a showing of good cause for the additional deposition requested by the Party.

12.   The Arbitrator shall issue a written, reasoned award briefly stating with respect to each claim, the analysis and conclusions on which the award is based, and amounts, if any, awarded to the Parties. Provided consistent with the Subcontract and AAA rules, the Arbitrator may assess and apportion arbitration fees and costs as it determines appropriate.

13.   The arbitration proceeding and the Arbitrator's Record, including without limitation, the award and position statements submitted to the Arbitrator, shall be kept confidential and not disclosed to anyone other than the Parties to this arbitration, except to the extent that disclosure is necessary to (a) comply with a subpoena or order of a court of competent jurisdiction or (b) enforce an arbitration award in a court of competent jurisdiction. Provided, however, such disclosure must be limited to the minimum disclosure necessary to accomplish such compliance or enforcement, the disclosing party must give the other adequate notice of the proposed disclosure and either of the Parties may seek a protective order in connection therewith.

14.   As soon as practical after the Arbitrator is selected, the Arbitrator will conduct a preliminary scheduling conference by conference call with all counsel in order to set a schedule for the arbitration proceeding and hearing, including all deadlines and other restrictions, if any, for discovery, depositions, document productions, exchanges of exhibits and witness lists and submission of any briefs. The Arbitrator shall confirm the schedule in writing after the conclusion of the preliminary conference.

15.   The Subcontract (including change orders and other written modifications to the Subcontract, if any) remains effective, except to the extent the dispute resolution procedures are amended by this Agreement. Nothing herein is to be construed to limit any claim or defense of the parties regarding validity or enforceability of any provision of the Subcontract, except the amended dispute resolution provisions. The Parties expressly retain and do not waive any claims, defenses or causes of action each may have against the other.

16.   The Parties agree to take such further actions and execute such documents as may reasonably be necessary to effectuate the terms of this Agreement.

[This Portion Intentionally Left Blank]

**AGREED:**

**Balfour Beatty Construction, LLC**

~~Edwards Steel Inc.~~
EDWARDS STEEL SOLUTIONS, LLC

By:_____

By: _Jim Shaw_ , PRESIDENT

**AGREED:**

**Balfour Beatty Construction, LLC**                 **Edwards Steel, Inc.**

By:_____                 By:_____

ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

# EXHIBIT C

## PRIVATE ARBITRATION

| | |
|---|---|
| In the Matter of Arbitration Between | ) |
| | ) |
| BALFOUR BEATTY | ) |
| CONSTRUCTION, LLC, | ) |
| | ) |
|     Claimant/Counter-Respondent | )    Arbitrator:  William H. Tate, Esq. |
| | ) |
| and | ) |
| | ) |
| EDWARDS STEEL SOLUTIONS, LLC | ) |
| | ) |
|     Respondent/Counter-Claimant | ) |

## FINAL AWARD

THE UNDERSIGNED ARBITRATOR, William H. Tate, having been designated and appointed in accordance with the Arbitration Agreement between the Claimant/Counter-Respondent Balfour Beatty Construction, LLC ("BBC") represented by Jack R. Dodson, Esq. and R. Slade Sevier, Jr., Esq. of Dickinson Wright PLLC and the Respondent/Counter-Claimant Edwards Steel Solutions, LLC's represented by Elizabeth B. Stengel and Joseph T. Getz of Evans Petree, PC, and having been duly sworn and having duly heard the allegations of the parties and having considered the Answer and Counter Statement of Claims of Edwards Steel Solutions, LLC filed on or about April 17, 2019 hereby issues this Final Award in disposition of all claims, counter-claims and issues submitted by the parties.

The Hearing of this matter took place beginning June 24, 2019 upon multiple notices to all of the parties including to Elizabeth B. Stengel and Joseph T. Getz representing Edwards Steel Solutions, LLC; however at the date and time of the designated and noticed Hearing on June 24, 2019 no one appeared on behalf of Edwards Steel Solutions, LLC and the Hearing proceeded in

1

accordance with R-32 <u>Arbitration in the Absence of a Party or Representative</u> of the Construction Industry Arbitration Rules. Balfour Beatty Construction, LLC was required to submit evidence and argument in support of its claims and the other issues presented.

## STATEMENT OF FACTS

On May 7, 2013, BBC entered into a Contract with Franklin Park Acquisitions Company LLC. Balfour entered into a Subcontract for Steel Stairs and Rails with Edwards Steel Solutions, LLC effective November 4, 2013 which included the Standard Form General Conditions.

The original subcontract price for Edwards Steel's work was $640,000.00. The Parties executed three change orders that increased the subcontract to a total of $702,761.00. Edwards Steel commenced work on the Project in approximately January 2014.

BBC received Field Observation Reports from the Owner's engineer - SKA Consulting Engineers, Inc. ("SKA"). As early as September 2014, SKA began reporting deficiencies of Edwards Steel's work including the following:

* <u>September 8, 2014</u> – Notification that Edwards Steel's railings needed to be revised because they were not properly aligned.

* <u>February 13, 2015</u> – BBC requested Edwards Steel conduct independent testing on the railings due to concerns that the railings may not meet the load requirements specified by the Subcontract.

* <u>February 25, 2015</u> – Notification that the anchors used in the knee walls did not conform to the Subcontract specifications.

On April 16, 2015, BBC sent Edwards Steel a letter providing seventy-two (72) hours

to cure railings that were unacceptable due to rust and welding slag.  November 18, 2015, BBC gave Edwards Steel Notification of Formal Default under its Subcontract.

January 13, 2016, Phoenix Engineering and Consulting, Inc. ("Phoenix"), a third-party engineering consultant firm hired by BBC, performed an on-site review of Edwards Steel's railings. The consultant noted items of concern with the quality of Edwards Steel's work and published a report to BBC on January 21, 2016. The report identified in part the following deficiencies in Edwards Steel's work:

1.  poor quality and workmanship of the welded connections;

2.  no evidence that weld joints were performed to obtain structural joints;

3.  broken, cracked, and incomplete welds;

4.  overlap, undercut, underfill, and excessive reinforcement of welded joints;

5.  splatter, excessive porosity, incomplete fusion, and generally poor quality welds in all railings;

In an attempt to mitigate its damages, BBC entered into contracts with Raydeo Enterprises, Inc. ("Raydeo"), Delta Builders, Inc. ("Delta Builders"), RG Masonry, Inc. ("RG Masonry"), and Snake Steel, Inc. ("Snake Steel") to correct and repair the damage done by Edwards Steel and to replace the railings. BBC contracted with Raydeo to perform replacement work in the amount of $906,435.00. BBC also contracted with Snake Steel to perform replacement work in the amount of $93,205.62. In order to repair damage to exterior finishes, BBC contracted with RG Masonry for $51,600.00 and with Delta Builders for $24,078.10.

3

## BREACH OF CONTRACT

No dispute exists as to the validity of the Subcontract.

The Arbitrator concludes that Edwards Steel's breaches of the Subcontract between the parties were material. The railings provided by Edwards Steel did not conform to the Subcontract. BBC provided Edwards Steel multiple opportunities to cure but Edwards Steel denied responsibility and has not provided proof of any attempt to cure. The Subcontract requires Edwards Steel to remove and replace deficient work. Edwards Steel's failure to replace the deficient railings identified by BBC is an additional material breach of the Subcontract.

BBC was damaged by the deficient performance of Edwards Steel pursuant to the Subcontract. The work of Edwards Steel suffered from unacceptable poor quality and workmanship. The measure of damages includes the reasonable cost incurred by BBC to repair Edwards Steel's deficient work, to hire a replacement subcontractor to complete the job and all necessary costs resulting from Edwards Steel's deficient work such that BBC is returned to the position it would have been in had Edwards Steel properly performed.

Paragraph 13(A) of the Standard Form General Conditions of the Subcontract sets forth the following conditions:

> In addition to the cost of reprocurement, finishing and/or correcting the Work, Subcontractor will be responsible for any damages arising out of a default or termination of Subcontractor, including, without limitation, Owner's and Contractor's delay damages, Contractor's attorneys fees and litigation or arbitration costs, and damage to other subcontractors, plus overhead of fifteen percent (15%) on all expenses to cover costs not readily ascertainable, and not as a penalty.

In accordance with the default terms of the Subcontract, BBC provided written notice of default to Edwards Steel with an opportunity to cure on multiple occasions.

4

BBC is entitled to damages, attorneys fees and arbitration costs.  BBC is entitled to recover Indirect Costs *or* the fifteen percent (15%) overhead provided in the contract between the parties *but not both*.

## CONCLUSION

As a direct and proximate result of Edwards Steel's breaches of the Subcontract, BBC has incurred damages.

Therefore, the Arbitrator makes the following AWARD:

A.      Respondent Edwards Steel Solutions, LLC shall pay damages in the amount of $1,292,938.35 to Claimant Balfour Beatty Construction, LLC. which are calculated as follows:

| | | | |
|---|---|---|---|
| Edwards Subcontract Award | | | $702,761.00 |
| Less: Payments to Edwards | | | (573,989.05) |
| Remaining Current Balance | | | 128,771.95 |
| **Costs Incurred to Correct/Complete Edwards Scope of Work** | | | |
| **Direct Costs** | | | |
| Raydeo | | $906,435.00 | |
| RG Masonry | | 51,600.00 | |
| Snake Steel | | 93,205.62 | |
| Delta | | 24,078.10 | |
| **Indirect Costs** | | | |
| Balfour Beatty extended GC's | | 153,421.00 | |
| | | | 1,228,739.72 |
| Costs incurred less remaining contract balance | | | 1,099,967.77 |
| Attorneys' Fees | | $150,753.33 | |
| Fees of the Arbitrator | | 22,500.00 | |
| Other Costs | | 19,717.25 | |
| | | 192,970.58 | |
| | **FINAL AWARD** | | $1,292,938.35 |

B.      All claims by Counter-Claimant Edwards Steel Solutions, LLC against Claimant/Counter-Respondent Balfour Beatty Construction, LLC are denied.

C.      All fees and expenses of the Arbitrator are also AWARDED and shall be borne by

Edwards Steel Solutions, LLC.

     D.      This AWARD is in full settlement of all claims and counterclaims submitted to this

Arbitration. All claims not expressly granted herein are hereby denied.

William H. Tate, Arbitrator

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing has been served on all parties or their counsel via E-mail and/or United States Mail as follows on June 25, 2019.

***Via United States Mail and Email: bstengel@evanspetree.com; jgetz@evanspetree.com***
Beth Stengel, Esq.
Joe Getz, Esq.
Evans Petree, PC
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120

***Via United States Mail and Email: RDodson@dickinson-wright.com; SSevier@dickinson-wright.com***
Rob Dodson, Esq.
Slade Sevier, Esq.
Dickinson Wright, LLP
424 Church Street, Suite 800
Nashville, Tennessee 37219

***Via United States Mail:***
Edwards Steel Solutions, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

***Via United States Mail:***
Edwards Steel Solutions, LLC
c/o Ethan Edwards
1700 South 3rd Street
Memphis, TN 38109

William H. Tate

6

ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE

| | |
|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )   Case No. _____ |
| EDWARDS STEEL SOLUTIONS, LLC, and 3938 RUNWAY ROAD, LLC, | ) ) ) |
| Defendants. | ) ) ) |

---

## AFFIDAVIT OF JOHN HEUER

---

State of North Carolina

County of Mecklenburg

John Heuer, a resident of the City of Charlotte, County of Mecklenburg, North Carolina, being first duly sworn on oath says:

1.    I am an authorized representative of Balfour Beatty Construction, LLC in the above-entitled action, which is brought for the enforcement of an award in arbitration and recovery of monetary damages.

2.    A cause of action exists against Edwards Steel Solutions, LLC, Defendant, in the above-entitled action, and the amount of Plaintiff's claim, as awarded by the Arbitrator is $1,292,938.35. Plaintiff's claim is just. The facts of Plaintiff's claim are set forth in the Verified Complaint. I have reviewed the Verified Complaint, and I am familiar with the facts and circumstances set forth therein. I verify that based upon my personal

knowledge and available information, the facts set forth in the Verified Complaint are true, correct and accurate.

Further, affiant sayeth not.

Executed on August 7, 2019.

John F. Heuer, Jr., Esq.
Sr. V.P. and Division Chief Legal Officer
Balfour Beatty Construction, LLC

Subscribed and sworn to before me
this **7** day of August, 2019.

Notary Public Timika B. Clyburn

My commission expires: **8-18-21**

[NOTARIAL SEAL]

TIMIKA B. CLYBURN
Notary Public
Wake
County
My Comm. Exp.
08-18-2021
NORTH CAROLINA

ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff<br><br>BALFOUR BEATTY CONSTRUCTION, LLC | Defendant<br><br>EDWARDS STEEL SOLUTIONS , LLC and<br>3938 RUNWAY ROAD, LLC |
|---|---|

TO:      (NAME AND ADDRESS OF DEFENDANT)

    3938 RUNWAY ROAD, LLC

      c/o Ethan Edwards, Registered Agent

      1700 S. 3rd Street

      Memphis, TN 38109-7712

Method of Service:

☒ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
        \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

    Jack R. Dodson III of Dickinson Wright PLLC

    424 Church Street, Suite 800

    Nashville, TN 37219

    (615) 244-6538

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____

Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

Came to hand

_____day of_____, 20 _____

Sheriff

## CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>                    D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

Notice of Personal Property Exemption:
  TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant_____

at _____

_____        By: _____
Signature of person accepting service                                 Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By:_ Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to  the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| _____, 20_____. | |
| Signature of_____Notary Public or_____Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT  HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**    CH-19-1191

**Type:**        Sum issued shelby sheriff

Alex Graham, DC

Electronically signed on 08/26/2019 08:53:47 AM

ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS**\*\* | DOCKET NUMBER CH-_____ |
|---|---|---|

| Plaintiff BALFOUR BEATTY CONSTRUCTION, LLC | Defendant EDWARDS STEEL SOLUTIONS , LLC and 3938 RUNWAY ROAD, LLC |
|---|---|

TO:      (NAME AND ADDRESS  OF  DEFENDANT)

EDWARDS STEEL SOLUTIONS, LLC

c/o Ethan Edwards, Managing Member

1700 S. 3rd Street

Memphis, TN 38109-7712

Method  of  Service:

☒ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified  Mail
☐ Other
        \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee.  Your defense  to this action must be made  within thirty (30) days  from the date this summons  is served upon you. You must file your defense with the Clerk  of  the Court and  send  a copy  to the Plaintiff/Plaintiff's attorney at the address  listed below.  If you  fail  to defend this action within thirty  (30) days of service, judgment  by default  may  be rendered against you for   the relief sought in  the complaint. Questions regarding this summons  and the  attached documents should be  addressed to  the  Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

Jack R. Dodson III of Dickinson Wright PLLC

424 Church Street, Suite 800

Nashville, TN 37219

(615) 244-6538

ISSUED_____ of _____ , 20 _____

### W. Aaron Hall, Clerk  and Master

By: _____
        Deputy Clerk  & Master

140  Adams, Room 308    Memphis,  TN  38103

TO THE SHERIFF:

Came to hand

_____ day of _____ , 20 _____

Sheriff

## CERTIFICATION (IF APPLICABLE)

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

**W. Aaron Hall, Clerk & Master**

By: _____
        D. C. & M.

\*\*Submit one original and one copy for each defendant to be served.

If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant_____

at _____

_____                    By: _____
Signature of person accepting service                                                 Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                                                          By:_ Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of**  _____, 20_____.  Signature of_____Notary Public or_____Deputy Court Clerk:  _____  My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process.  _____ |
|  ATTACH RETURN  RECEIPT  HERE  (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**       BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**    CH-19-1191

**Type:**              Sum issued shelby sheriff

Alex Graham, DC

Electronically signed on 08/26/2019 08:53:47 AM

ELECTRONICALLY FILED
2019 Aug 29 3:51 PM
CLERK OF COURT

# IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE

| | |
|---|---|
| **BALFOUR BEATTY CONSTRUCTION, LLC,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 19-1191-III** |
| | ) |
| **EDWARDS STEEL SOLUTIONS, LLC,** | ) |
| **and 3938 RUNWAY ROAD, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

---

## NOTICE OF HEARING

---

Comes Plaintiff, Balfour Beatty Construction, LLC, ("Plaintiff") and hereby notices that a hearing setting a hearing date on the Plaintiff's Verified Complaint to Set Aside Fraudulent Transfer and for Pre-Judgment Attachment is set to be heard on Friday, September 6, 2019 at 9:00 a.m. with counsel for all parties present in open court.

Respectfully submitted,

DICKINSON WRIGHT, PLLC

By:  *Jack R. Dodson III*
——————————————
Jack R. Dodson III, TN Bar No. 27947
R. Slade Sevier, Jr., TN Bar No. 23013
424 Church Street, Suite 800
Nashville, Tennessee 37219
T: (615) 244-6538
RDodson@dickinsonwright.com
SSevier@dickinsonwright.com

*Attorneys for Plaintiff Balfour Beatty Construction, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been served via hand delivery, to:

Edwards Steel Solutions, LLC
c/o Ethan Edwards, Managing Member
1700 S. 3rd Street
Memphis, TN 38109-7712

3938 Runway Road, LLC
c/o Ethan Edwards, Agent for Service of Process
1700 S. 3rd Street
Memphis, TN 38109-7712

On this 29th day of August, 2019.

_____
Jack R. Dodson III

NASHVILLE 66466-6 703661v1

8-28-19 CM
8-29-19 CM
8-30-19 CM
9-3-79   NTBF

ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | SUMMONS** | DOCKET NUMBER CH- 19-119 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC | EDWARDS STEEL SOLUTIONS , LLC and 3938 RUNWAY ROAD, LLC |

TO:   (NAME AND ADDRESS OF DEFENDANT)
3938 RUNWAY ROAD, LLC

c/o Ethan Edwards, Registered Agent

1700 S. 3rd Street

Memphis, TN 38109-7712

RECEIVED SEP 05 2019 CHANCERY COURT

Method of Service:
[X] Shelby County Sheriff
[ ] Private Process Server
[ ] Out of County Sheriff*
[ ] Secretary of State*
[ ] Comm. Of Insurance*
[ ] Certified Mail
[ ] Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)
Jack R. Dodson III of Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, TN 37219
(615) 244-6538

ISSUED_____ of _____, 20_____

W. Aaron Hall, Clerk and Master

By: _____
Deputy Clerk & Master
140 Adams, Room 308   Memphis, TN 38103

TO THE SHERIFF:

Came to hand
_____ day of _____, 20 ___
Sheriff

CERTIFICATION (IF APPLICABLE)

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

W. Aaron Hall, Clerk & Master
By: _____
D. C. & M.

**Submit one original and one copy for each defendant to be served.

If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
For questions regarding scheduling or filing, please contact the court.

Notice of Personal Property Exemption:
TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I HAVE served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant_____

at _____

By: _____

_____       Sheriff or other authorized person to serve process
Signature of person accepting service

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I HAVE NOT served the within summons:

To the named defendant _Ethan Edwards_____ because _Defendant_____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s): _Repeated Attempts Have Not Been Successful_

This _3rd_ day of _Sept_____, 20 _19_

_M T_____ 9001_

By ~~Sheriff or other authorized person to serve process~~ **AFTER DILIGENT SEARCH AND INQUIRY DEFENDANT IS NOT FOUND IN MY COUNTY**

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this_____day of | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| _____, 20_____. | |
| Signature of____Notary Public or_____Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**              Sum issued shelby sheriff

*alexander Graham*

Alex Graham, DC

Electronically signed on 08/26/2019 08:53:47 AM

ELECTRONICALLY FILED
2019 Aug 23 3:46 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS** | DOCKET NUMBER<br>CH- 19-119 |
|---|---|---|

| Plaintiff<br><br>BALFOUR BEATTY CONSTRUCTION, LLC | Defendant<br><br>EDWARDS STEEL SOLUTIONS , LLC and<br>3938 RUNWAY ROAD, LLC |
|---|---|

TO:   (NAME AND ADDRESS OF DEFENDANT)
       EDWARDS STEEL SOLUTIONS, LLC

       c/o Ethan Edwards, Managing Member

       1700 S. 3rd Street

       Memphis, TN 38109-7712

RECEIVED
SEP 05 2019
CHANCERY COURT

Method of Service:

☒ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
       *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>   Jack R. Dodson III of Dickinson Wright PLLC<br><br>   424 Church Street, Suite 800<br><br>   Nashville, TN 37219<br><br>   (615) 244-6538 | ISSUED_____of_____, 20_____<br><br>W. Aaron Hall, Clerk and Master<br><br>By: _____<br>       Deputy Clerk & Master<br><br>       140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_____day of_____ , 20____<br><br>Sheriff |

| CERTIFICATION (IF APPLICABLE) | |
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | W. Aaron Hall, Clerk & Master<br><br>By: _____<br>                                D. C. & M. |

**Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

Notice of Personal Property Exemption:
   TO THE DEFENDANT(S):
       Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant_____

at_____

_____          By: _____

Signature of person accepting service                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _Ethan Edwards_____ because _Defendant_____

is (is) not to be found in this county after diligent search and inquiry for the following reason(s): _Never Able To Locate_.

This _3rd_ day of _Sept_____, 20 _19_     At Listed Address. Called No Response

By: _M Hayes_____ _9601_     Sheriff or other authorized person to serve process

**AFTER DILIGENT SEARCH AND INQUIRY DEFENDANT IS NOT FOUND IN MY COUNTY**

## RETURN ON SERVICE OF SUMMONS BY

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____day of_____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this_____day of | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| _____, 20_____. | |
| Signature of____Notary Public or_____Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**      BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**   CH-19-1191

**Type:**               Sum issued shelby sheriff

*Alexander Graham*

Alex Graham, DC

Electronically signed on 08/26/2019 08:53:47 AM

IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

BALFOUR BEATTY CONSTRUCTION, LLC, )
                                   )
     Plaintiff,                   )
                                   )
v.                                 )    No CH- 19 - 1191 - III
                                   )
EDWARDS STEEL SOLUTIONS, LLC,      )
and 3938 RUNWAY ROAD, LLC,         )
                                   )
     Defendants.                  )

**Entered**
SEP 13 2019
M.B.

AGREED ORDER *ON LIEN LIS PENDENS*

     As evidenced by the signature of counsel for the Parties below, the Parties have mutually

agreed to the following pending discovery and final resolution of this law.

     IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

     1.    The attached Abstract of Lien *Lis Pendens* shall promptly be signed by the Clerk

and Master and recorded with the Shelby County Register of Deeds and no writ of attachment shall

be issued; *(see attached description)*

     2.    The Defendants, Edwards Steel Solutions, LLC and 3938 Runway Road, LLC, are

immediately enjoined from using any funds, including funds held in accounts with Pinnacle

Financial Partners and any other financial institutions, for any purposes other than expenses

incurred in the ordinary course of operating their businesses until further Order of the Court.

     IT IS SO ORDERED.

CHANCELLOR JOEDAE L. JENKINS

*09-13-2019*
DATE

APPROVED FOR ENTRY:

Jack R. Dodson, III        TN Bar No. 27947
R. Slade Sevier, Jr.       TN Bar No. 23013
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, TN  37219
(615) 244-6538
RDodson@dickinsonwright.com
SSevier@dickinsonwright.com

*Attorneys for Plaintiff Balfour Beatty Construction, LLC*

Elizabeth B. Stengel        TN Bar No. 13061
Joseph T. Getz             TN Bar No. 10964
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120
(901) 525-6781
bstengel@evanspetree.com
jgetz@evanspetree.com

*Attorneys for Defendants Edwards Steel Solutions, LLC and 3938 Runway Road, LLC*

## CERTIFICATE OF SERVICE

        I hereby certify that a true and exact copy of the foregoing has been served via email and United States Mail, first class, postage prepaid, on this 13th day of September, 2019 to:

                Jack R. Dodson, III
                R. Slade Sevier, Jr.
                Dickinson Wright, PLLC
                424 Church Street, Suite 800
                Nashville, TN  37219

                                Elizabeth B. Stengel

2

Instrument prepared by:
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, Tennessee 37219

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CH-19-1991-III |
| ) | |
| EDWARDS STEEL SOLUTIONS, LLC, ) | |
| and 3938 RUNWAY ROAD, LLC, ) | |
| ) | |
| Defendants. ) | |

### ABSTRACT OF LIEN *LIS PENDENS*

KNOW ALL PERSONS BY THESE PRESENTS, that pursuant to T.C.A. § 20-3-101(a), I hereby certify that on the 23rd day of August, 2019, this action was commenced in this court and remains on file and of record in my office and that according to such record:

1.  The names of the parties to this action are: The Plaintiff is Balfour Beatty Construction, LLC. The Defendants are Edwards Steel Solutions, LLC, and 3938 Runway Road, LLC.

2.  A description of the real estate affected is: 3938 Runway Road, Memphis, Shelby County, Tennessee 38118-6611.

3.  The owner of the real estate affected is: 3938 Runway Road, LLC.

4.  The nature and amount of the lien sought to be fixed is: The Plaintiff claims a lien *lis pendens* in the amount of $1,292,938.35 in furtherance of the setting aside of a fraudulent conveyance.

5.  That a restraining order affecting said property ☐ has ☒ has not been issued.

NOTICE IS HEREBY GIVEN to bona fide purchasers and encumbrancers for value of the aforesaid property, or any interest therein, that upon registration of this abstract with the Shelby County Register's Office, Balfour Beatty Construction, LLC, has a lien *lis pendens* upon said property, as provided in T.C.A. § 20-3-101.

WITNESS my hand and seal, this 15th day of September, 2019.

W. AARON HALL, *CLERK & MASTER*

LOT 17, RUNWAY INDUSTRIAL PARK SUBDIVISION, AS SHOWN ON PLAT OF RECORD IN PLAT BOOK 31, PAGE 18, IN THE REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH PLAT REFERENCE IN HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID PROPERTY.

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.   CH-19-1191-III |
| EDWARDS STEEL SOLUTIONS, LLC, and 3938 RUNWAY ROAD, LLC, | ) ) | |
| Defendants. | ) ) | |

**SHELBY COUNTY CHANCERY COURT**
**FEB 2 8 2020**
**W. AARON HALL, C & M**
**TIME: 15:42 BY: KW**

## EMERGENCY MOTION OF DEFENDANT 3938 RUNWAY ROAD, LLC
## FOR AN ORDER PERMITTING SALE OF REAL ESTATE FREE AND
## CLEAR OF THE EXISTING LIEN LIS PENDENS AND DIRECTING THAT THE
## NET INCOME OF THE SALE BE ESCROWED WITH THE CLERK OF THE COURT
## PENDING RESOLUTION OF COMPLAINT

COMES Defendant 3938 Runway Road, LLC ("Runway"), by and through its counsel, and submits this Emergency Motion for an Order Permitting Sale of Real Estate Free and Clear of the Existing Lien Lis Pendens Directing that the Net Income of the Sale be Escrowed with the Clerk of the Court Pending Resolution of Complaint ("Emergency Motion"). In support of the Emergency Motion, Runway would show as follows:

### PROCEDURAL STATEMENT

1.　　Plaintiff, Balfour Beatty Construction, LLC ("Balfour" or "Plaintiff"), brought this action against Defendants Edwards Steel Solutions, LLC ("Edwards") and 3938 Runway Road, LLC ("Runway"), seeking to set aside as fraudulent the transfer of certain real estate located at 3938 Runway Road in Memphis, Tennessee from Edwards to Runway

2.      Edwards and Runway deny that the transaction was fraudulent, and the parties entered into and submitted to the Court an Agreed Order on Lien Lis Pendens dated September 13, 2019 ("Agreed Order").

3       The Agreed Order permitted and imposed the entry of a lien lis pendens on the subject property pending resolution of the case and enjoined the use of funds by the Defendants other than in the ordinary course of business.

4       Since entry of the Agreed Order, Runway has received an offer to purchase the Runway property for $300,000.00 from Equity Ventures, LLC ("Proposed Sale"), which is $75,000.00 more than the original purchase price of the property by Edwards from the Sellers in 2015.

5.      Plaintiff asserts that the Proposed Sale is the result of an arms-length negotiation and is fair, equitable and in the best interest of all the parties involved.  It is expected to close by the end of March, if the lien lis pendens can be removed as an obstacle to the Sale.

6       Time is of the essence in concluding the transaction.  The buyer apparently plans to engage in an Internal Revenue Code § 1031 tax-free exchange, which requires a closing by March 31, 2020 ("Deadline").

7.      The property is encumbered by a first mortgage to the original sellers of the property, Joe Mack and Judith Jepsen in the approximate amount of $73,930 80 ("First Mortgage").  The Deed of Trust was recorded on December 8, 2016 as Instrument No.15122789, in the Register's Office of Shelby County, Tennessee, more than two years before the pending lien lis pendens attached.  A copy of the applicable Deed of Trust is attached hereto as Exhibit A.

8       In addition, there is a second deed of trust on the subject property securing a loan by KRMJVM, LLC to Runway of $100,000.00, which matured on February 13, 2020 ("Second

Mortgage"). As a result, the Runway property is subject to possible foreclosure in the near future unless the current amount owed, including interest and attorneys' fees, if any, is promptly paid. This Second Mortgage was placed on the property by a deed of trust filed with the Register's Office of Shelby County, Tennessee as Instrument No 19083588 on August 15, 2019, prior to the instant Complaint and prior to the Agreed Order on the lien lis pendens  The current amount due is approximately $106,770.15 A copy of the applicable Deed of Trust is attached hereto as Exhibit B.

8.      In addition to the two mortgages, Southeast Community Capital Corporation d/b/a Pathway Lending ("Pathway") claims an interest in any net proceeds of the sale up to $123,316.59 pursuant to its security interest in all accounts and accounts receivable of Edwards due from Runway  The Pathway loan to Edwards is in default and there remains an outstanding balance well in excess of the Runway receivable.

9.      Notwithstanding that the balance on the two mortgages and the secured claim of Pathway Bank are in excess of both the value of the Runway property or the purchase price of the Runway property, Pathway is willing to defer collection of its claim pending further orders of this Court and will consent to the sale of the property free and clear of its liens as long as its interest in the subject property attaches to the net proceeds of the Sale

10      In addition to satisfaction of the first and second mortgages, the closing of the sale of the real property is also subject to the satisfaction of the lien of the broker who arranged for the Sale, county and city taxes, and other standard closing costs. Attached to this Emergency Motion as Exhibit C is a proforma closing balance sheet indicating each of these disbursements at closing and further indicating approximately $71,628 94 will remain for further disbursement,

either to Pathway Bank or possibly to the Plaintiff, depending on the outcome of the pending

litigation  These numbers will need to be adjusted as of the date of the Sale

      11.     Runway asks that the Court order approving the Sale provide that the net proceeds

be deposited with the Clerk of the Court pending further orders of the Court.

<div align="center">

**ARGUMENT**

</div>

      Runway contends that the proposed Sale to Equity Ventures, LLC is the result of an

arms-length negotiation and is fair, equitable and in the best interests of all the parties, including

creditors of both Edwards and Runway, and should be approved by the Court, notwithstanding

the Agreed Order on Lien Lis Pendens. Such a sale is common practice in U.S. Bankruptcy

Courts where debtors in possession and trustees take advantage of what is known as a "363

Sale," free and clear of liens, which allow prompt sale of property subject to competing liens and

priorities. *See*, 11 U S.C. § 363(f)  That provision allows sales of property of the debtor free and

clear of liens in one or more of the following circumstances:

      (1) applicable nonbankruptcy law permits sale of such property free and clear of
      such interest;
      (2) such entity consents;
      (3) such interest is a lien and the price at which such property is to be sold is
      greater than the aggregate value of all liens on such property;
      (4) such interest is in bona fide dispute, or
      (5) such entity could be compelled, in a legal or equitable proceeding, to accept a
      money satisfaction of such interest.

*Id*

      In the instant case all of these circumstances apply in some fashion, with the possible

exception of subparagraph (3), and that will depend upon the outcome of future litigation which

is covered by subsection (4).

      That concept is also recognized under state law.  The Tennessee State Supreme Court has

held that

> "[w]hen a debtor's property is sold by order of a court, the court may direct that
> the property be sold free of encumbrances with the judgment liens being
> transferred to the funds   49 C.J S. Judgments § 488(a) (1947), <u>Freeman on
> Judgments</u> § 943 (5th ed. 1925)

*Weaver v  Hamrick*, 907 S.W.2 385, 391 (Tenn. 1995)

WHEREFORE, premises considered, Runway prays that the Court enter an order

permitting the sale of 3938 Runway Road to Equity Ventures, LLC free and clear of liens other

than those liens set forth on the proposed closing sheet attached as Exhibit C; that the net

proceeds from the sale be escrowed with the Clerk of the Court; that the claims of Pathway and

Balfour attach to said proceeds as their interests may appear from further proceedings in this

Court, that the Court set this matter for an expedited hearing under the exigencies set forth

herein, and that Runway have such other and further relief to which it may be entitled under the

circumstances,

<div style="margin-left: 40%">

Respectfully submitted,

EVANS | PETREE, P.C.

By   _____

David J  Cocke (TN Bar No. 007988)
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
Telephone:    (901) 525-6781
Facsimile·    (901) 521-0681
dcocke@evanspetree.com

*Counsel for Defendant 3938 Runway Road, LLC*

</div>

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document has been served upon all attorneys of record by U S. Mail, postage prepaid, and email to the following attorneys of record in this case, the __28th__ day of February 2020:

Jack R. Dodson III
R  Slade Sevier, Jr.
Dickinson Wright, PLLC
424 Church Street, Suite 800
Nashville, Tennessee 37219
RDodson@dickinsonwright com
SSevier@dickinsonwright com

_____
David J. Cocke

**AFFIDAVIT**

STATE OF TENNESSEE
COUNTY OF SHELBY

      Ethan Edwards, being duly sworn, makes oath and states that he is the President of 3938

Runway Road, LLC; that he has personal knowledge of the within matters; and that the same is

true to the best of his knowledge, information and belief

ETHAN EDWARDS

Sworn to and subscribed before me this the 28th day of _February_, 2020.

Notary Public

My Commission Expires.

8/22/2020

## CERTIFICATE OF CONSULTATION

Undersigned has made an effort to communicate with Rob Dodson, counsel for the Plaintiff, without success, regarding the possible Sale outlined in the Motion, including an email on February 24, 2020 that outlined the substance of this Motion and suggested it would be filed if the parties could not agree

David J. Cocke



## Tom Leatherwood
### Shelby County Register / Archives

As evidenced by the instrument number shown below, this document

has been recorded as a permanent record in the archives of the

Office of the Shelby County Register

| | | |
|---|---|---|
| **15122789** | | |
| 12/08/2015 - 01:39 PM | | |
| 7 PGS | | |
| KRISTIE  1404169-15122789 | | |
| VALUE | 202500 00 | |
| MORTGAGE TAX | 230 58 | |
| TRANSFER TAX | 0 00 | |
| RECORDING FEE | 35 00 | |
| DP FEE | 2 00 | |
| REGISTER'S FEE | 1.00 | |
| WALK THRU FEE | 0 00 | |
| TOTAL AMOUNT | 268 58 | |

TOM LEATHERWOOD
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

1075 Mullins Station, Suite W165 ~ Memphis, Tennessee 38134 (901) 222-8100
Website  http //register shelby tn us Email  Tom Leatherwood@shelbycountytn gov
Join us on Facebook



Tom Leatherwood; Shelby County Register of Deeds  Instr # 15122789

## DEED OF TRUST

THIS INDENTURE made and entered into this _8th_ day of December, 2016 by and between **EDWARDS STEEL SOLUTIONS, LLC, a Tennessee limited liability company and ETHAN EDWARDS**, a resident of Shelby County, **Tennessee**, party of the first part and **JAMES M. SMITH, TRUSTEE**, a resident of Shelby County, Tennessee, party of the second part,

### WITNESSETH.

That for and in consideration of Five Dollars cash in hand paid by the party of the second part to the party of the first part, and the debt and trusts hereinafter mentioned, said party of the first part has bargained and sold and does hereby bargain, sell, convey and confirm unto the said party of the second part the following described real estate situated and being in Shelby County, Tennessee, to-wit.

### SEE EXHIBIT A ATTACHED HERETO

Being the same property heretofore conveyed to party of the first part by warranty deed of being recorded simultaneously herewith in the Shelby County Register's Office, Shelby County, Tennessee  *15122788*

THE MAXIMUM PRINCIPAL INDEBTEDNESS FOR TENNESSEE RECORDING TAX PURPOSE IS $202,500 00

**TO HAVE AND TO HOLD,** the aforedescribed real estate, together with all the hereditaments and appurtenances thereunto belonging or in any wise appertaining unto the said party of the second part, its successors and assigns, in fee simple forever, and party of the first part does hereby covenant with the said party of the second part, its successors and assigns, that it is lawfully seized in fee of the aforedescribed real estate; that it has a good right to sell and convey the same; that the same is unencumbered, and that the title and quiet possession thereto it will and its successors and assigns shall warrant and forever defend against the lawful claims of all persons.

But this is a Trust Deed, and is made for the following uses and purposes, and none other; that is to say.

That **EDWARDS STEEL SOLUTIONS, LLC, a Tennessee limited liability company and ETHAN EDWARDS** are jointly and severally indebted to **JOE MACK JEPSEN, JR. and wife, JUDITH K. JEPSEN**, of Eads, Tennessee or the holder of the notes hereinafter mentioned, in the sum of TWO HUNDRED AND TWO THOUSAND FIVE HUNDRED & N0/100 DOLLARS ($202,500 00), evidenced by a promissory note of even date herewith in the principal sum of $202,500 executed by party of the first part, and payable to Joe Mack Jepsen,Jr. and wife, Judith K Jepsen. Said note bears interest at the rate or rates specified therein and matures on January 1, 2022.

It is mutually understood and agreed by and between the parties hereto that the loan

Tom Leatherwood, Shelby County Register of Deeds, Instr # 15122789

evidenced by the note secured herein was closed in the State of Tennessee and the terms and conditions of the loan including the applicable rate of interest shall be governed by the laws of the State of Tennessee.

This instrument is given not only to secure the within described indebtedness and liabilities, principal and interest, but also to secure any and all indebtedness that may be owing from party of the first part to Lender however incurred and any extensions, modification and/or renewals thereof, and Notes given in payment of principal, interest or liabilities and all attorney's fees, court costs, and expenses of whatever kind incident to the collection of said indebtedness and liabilities and/or the enforcement and/or the protection of the lien of this conveyance.

As additional collateral and further security for the indebtedness, party of the first part does hereby assign to Lender, party of the first part's interest in any and all leases, tenant contracts, rental agreements, franchise agreements, (excepting however all dealer sales and service agreements with manufacturers represented by party of the first part) management contracts, construction contracts, and other contracts, licenses and permits now or hereafter affecting the real property, or any part thereof, and in any and all rents, issues or other income produced thereby, and party of the first part agrees to execute and deliver to Lender such additional instruments, in form and substance satisfactory to Lender, as may hereafter be requested further by Lender to evidence and confirm said assignment.

Party of the first part shall not hereafter execute an assignment of the rents, issues or profits, or any part thereof, from the real property unless Lender shall first consent to such assignment and unless such assignment shall expressly provide that it is subordinate to the assignment contained in this Deed of Trust and any assignment executed pursuant hereto or in connection with securing the secured indebtedness

The party of the first part desires to secure and make certain the payment of said notes, and of any and all renewals and extensions thereof. Now, therefore, the party of the first part agrees and binds itself that so long as any part of the indebtedness aforesaid shall remain unpaid, it will pay all taxes and assessments against said property promptly when due, and deposit all tax receipts with the said Trustee, will insure the buildings on said property for not less that value against fire and extended coverage in some insurance company or companies approved by the holder of the greater portion of the outstanding indebtedness secured hereby and cause said policies to be made payable to said Trustee, for the benefit of the owner of said indebtedness as his interest may appear, and deposit said policies with the said Trustee as further security for said debt, no responsibility for the approval or maintenance of insurance being imposed upon the Trustee; will protect the improvements on said property by proper repairs, and maintain them in good repair and condition; will pay such expenses and fees as may be necessary in the protection of the property and the maintenance and execution of this trust, will not do anything or suffer or permit anything to be done

-2-

Tom Leatherwood, Shelby County Register of Deeds  Instr. # 15122789

whereby the lien of this deed of trust might or could be impaired. In the event of the destruction of the improvements by fire or other casualty, the net proceeds of the insurance shall be applied first to satisfy the first mortgage indebtedness mentioned hereinabove, and then upon the indebtedness secured hereby in inverse order of its maturity, or at the option of the party of the first part, its successors and assigns, such proceeds may be used to restore the improvements to their former condition.

Upon default hereunder, the owner of any part of the indebtedness aforesaid may, at his discretion, advance and pay such sums as may be proper to satisfy taxes, maintain insurance and repairs, and protect and preserve the property, and such amounts so paid shall be held and treated as part of the expense of administering this trust

If all or any part of the real property secured by the Deed of Trust or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust.

If the said party of the first part shall pay said indebtedness when due, and shall pay such sums as shall be necessary to discharge taxes and maintain insurance and repairs and the costs, fees and expenses of making, enforcing and executing this trust, when they shall severally be due and payable, then this conveyance shall become void, and the Trustee shall reconvey by quitclaim the property herein described at expense of said party of the first part.

But if said party of the first part shall fail to pay any part of said indebtedness, whether principal or interest, promptly when the same becomes due, or shall fail to pay any sum necessary to satisfy and discharge taxes and assessments before they become delinquent, or to maintain insurance or repairs, or the necessary expense of protecting the property and executing this trust, then or in either event, and following the expiration of any applicable cure periods as contained in the Note, all of the indebtedness herein secured shall, at the option of the owner of any of said notes and without notice, become immediately due and payable, principal and interest, and the said Trustee is hereby authorized and empowered to enter and take possession of said property, and before or after such entry to advertise the sale of said property for twenty-one days by three weekly notices in some newspaper published in Shelby County, Tennessee and sell the said property for cash to the highest bidder, free from equity of redemption, statutory right of redemption, homestead, dower, and all other exemptions, all of which are hereby expressly waived, and said Trustee shall execute a conveyance to the purchaser in fee simple, and deliver possession to the purchaser, which the party of the first part binds itself shall be given without obstruction, hindrance or delay

The owners of any part of the indebtedness hereby secured may become the purchaser at

–3–

any sale under this conveyance.

If the notes secured hereby are placed in the hands of an attorney for collection, by suit or otherwise, or to enforce their collection by foreclosure or to protect the security for their payment, the party of the first part will pay all costs of collection and litigation, together with attorney's fee of 10%, and the same shall be a lien on the premises herein conveyed and enforced by a sale of the property as herein provided

The proceeds of any sale shall be applied as follows: First, to the payment of the expenses of making, maintaining and executing this trust, the protection of the property, including the expense of any litigation and attorney's fees, and the usual commissions to the Trustee; second, to the payment of the indebtedness herein secured or intended so to be, without preference or priority of any part over any other part, and any balance of said indebtedness remaining unpaid shall be the subject of immediate suit, and, third, should there be any surplus, the Trustee will pay it to the parties of the first part, or order. In the event of the death, refusal, or of inability for any cause, on the part of the Trustee named herein, or of any successor trustee, to act at any time when action under the foregoing powers and trust may be required, or for any other reason satisfactory to the owner of the debt, the owner or owners of the majority of the outstanding indebtedness aforesaid are authorized either in their own name or through an attorney or attorneys in fact appointed for that purpose by written instrument duly registered, to name and appoint a successor or successors to execute this trust, such appointment to be evidenced by writing, duly acknowledged, and when such writing shall have been registered, the substituted trustee named therein shall thereupon be vested with all the right and title, and clothed with all the power of the Trustee named herein and such like power of substitution shall continue so long as any part of the debt secured hereby remains unpaid. The party of the first part, for itself, its successors, representatives and assigns, covenant and agree that at any time after default in payment of any of the indebtedness hereby secured, or upon failure to perform any of the covenants to be kept and performed by them, said Trustee may enter upon and take possession of said property, and shall be required to account only for the net rents received by him; and from and after the conveyance of said property under this deed of trust, the party of the first part, and all persons under it, shall, at the option of the purchaser, be and become the tenants at a fair market value rental, commencing with the date of delivery of the Trustee's deed.

In the event that two trustees are named herein, either of the trustees shall be clothed with full power to act when action hereunder is required and the term "Trustee" shall be construed to mean "Trustee's "

In the event that two trustees are named herein and the substitution of a trustee shall become necessary for any reason, the substitution of one trustee in the place of the two named herein shall be sufficient. Wherever the word "Party" is used herein, it shall mean "Parties" if there are more than one person referred to and wherever pronouns occur herein, they shall construed according to

--4--

Tom Leatherwood, Shelby County Register of Deeds  Instr. # 15122789

their proper gender and number according to the context of this instrument. All erasures and interlineations were made before signing.     The necessity of the Trustee herein named, or any successor in trust, making oath or giving bond, is expressly waived.

Witness the signature of said party of the first part this the day and year first above written.

Edwards Steel Solutions, LLC

By:  _____
Ethan Edwards, Chief Manager

_____
Ethan Edwards, individually

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared ETHAN EDWARDS, to me personally known (or proved to me on the basis of satisfactory evidence), who, being my me duly sworn did say that he is the Chief Manager of **EDWARDS STEEL SOLUTIONS, LLC,** the within named bargainor, a limited liability company, and he as such Chief Manager, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the name of the company by himself as such Chief Manager.

Witness my hand and seal, at office, this 8th day of December, 2015.

_____
Notary Public

My commission expires:

–5–

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Ethan Edwards to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed

Witness my hand and seal at office, this 8th day of December 2015

My commission expires.                                    Notary Public

**************************************************************************
FOR REGISTER'S USE ONLY

Party responsible for payment of taxes and mail to:
Edwards Steel Solutions, LLC
3938 Runway Road
Memphis, TN 38118

State Tax  $_____
Clerk Fee  $_____1 00
Total      $_____
Paid_____
   Deputy County Court Clerk

**THIS INSTRUMENT PREPARED BY
AND RETURN TO:**
**James M. Smith, Attorney
4917 William Arnold Road
Memphis, TN. 38117**

−6−

EXHIBIT "A" LEGAL DESCRIPTION

Lot 17, Runway Industrial Park Subdivision, as shown on plat of record in Plat Book 31, Page 18, in the
Register's Office of Shelby County, Tennessee, to which plat reference is hereby made for a more particular
description of said property

(150218 PFD/150218/6)



# Shelby County Tennessee
## *Shelandra Y Ford*
### Shelby County Register

As evidenced by the instrument number shown below, this document
has been recorded as a permanent record in the archives of the
Office of the Shelby County Register.



19083588

08/15/2019 - 03 51·52 PM

| | |
|---|---|
| 3 PGS | |
| ALONZO   1906368 - 19083588 | |
| VALUE | 100000.00 |
| MORTGAGE TAX | 112 70 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15 00 |
| DP FEE | 2 00 |
| REGISTER'S FEE | 1 00 |
| TOTAL AMOUNT | 130 70 |

SHELANDRA Y FORD
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

1075 Mullins Station, Suite W165 ~ Memphis, Tennessee 38134 (901) 222-8100

Website  www register shelby.tn.us Email· register@shelbycountytn gov



This instrument prepared by
and return to:

Harley Steffens, Esq
Evans Petree PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

# SECOND DEED OF TRUST

This Indenture made and entered into this 14th day of August 2019 by and between 3938 Runway Road, LLC, a Tennessee limited liability company, party of the first part, and Harley Steffens, Esq , Trustee, party of the second part,

WITNESSETH. That for and in consideration of Five Dollars ($5 00) cash in hand paid by the party of the second part to the party of the first part, and the debt and trusts hereinafter mentioned, said party of the first part has bargained and sold and do hereby bargain, sell, convey and confirm unto the said party of the second part the following described real estate situated and being in Shelby County, Tennessee, to-wit

Lot 17, Runway Industrial Park Subdivision, as shown on plat of record in Plat Book 31, Page 18, in the Register's Office of Shelby County, Tennessee, to which plat reference is hereby made for a more particular description of said property

Being the same property conveyed to party of the first part by Quit Claim Deed recorded at Instrument No 19030700 in the Register's Office of Shelby County, Tennessee

TO HAVE AND TO HOLD the aforesaid real estate together with all the hereditaments and appurtenances thereunto belonging or in any wise appertaining unto the said party of the second part, its successors and assigns, in fee simple forever, and the said party of the first part does hereby covenant with the said party of the second part, its successors and assigns, that they are lawfully seized in fee of the aforesaid real estate, that they have a good right to sell and convey the same; that the same is unencumbered, except for an existing deed of trust in favor of Joe Mack Jepsen, Jr. and wife, Judith K. Jepsen, their successors and assigns as recorded at Instrument No. 15122789 in the Register's Office of Shelby County, Tennessee and that and that the title and quiet possession thereto they will and their heirs and personal representatives shall warrant and forever defend against the lawful claims of all persons except for easements and restrictions of record, as well as real property taxes not yet due and payable

But this is a Trust Deed, and is made for the following uses and purposes, and none other, that is to say the said party of the first part is justly indebted to KRMJVM, LLC, a Tennessee limited liability company, or the holder of the note hereinafter mentioned, in the sum of One Hundred Thousand and no/100 Dollars ($100,000 00), evidenced by a Promissory Note of even date herewith payable in accordance with the following terms interest shall accrue to the outstanding principal balance of the Promissory Note at the at the rate of 9.25% per annum and principal, all accrued interest and any fees shall be due and payable in full on the 13th day of February, 2020

The property herein conveyed is encumbered by a lien of a deed of trust at Instrument No 15122789 in the Register's Office of Shelby County, Tennessee and it is a condition of this instrument that in the event of any default in any of the terms and conditions of said prior deed of trust, or in the event of any default in any of the terms and conditions of any other deed of trust, the lien of which may be or become prior and paramount to the lien of this instrument, then in every such event, the owner of any part of the indebtedness secured by this instrument may, at his option, declare the indebtedness secured by this instrument due for all purposes, and foreclosure may be had hereunder as in the case of any other default hereunder  The owner of any part of the indebtedness secured hereby may, at his discretion, advance and pay any such sum or sums as shall be necessary in order that the terms and conditions of any Deed of Trust, the lien of which is then prior and paramount to the lien of this instrument, may be complied with, and such amounts so paid shall be secured by the lien of this instrument and shall bear interest from date of such payment at the rate of 9 25% per annum and shall be treated as part of the expenses of administering this trust, and the advancement of such sum or sums shall in no way limit or bar the aforesaid option to accelerate said indebtedness

The party of the first part desires to secure and make certain the payment of said note, and of any and all renewals and extensions thereof  Now, therefore, the party of the first part agrees and binds themselves that so long as any part of the indebtedness aforesaid shall remain unpaid, they will pay all taxes and assessments against said property promptly when due, and deposit all tax receipts with the holder of the greater portion of the outstanding indebtedness secured hereby, will insure the buildings on said property for not less than full value against fire and other hazards in some insurance company or companies approved by the holder of the greater portion of the outstanding indebtedness secured hereby and cause said policies to be made payable to said Trustee, for the benefit of the owner of said indebtedness as his interest may appear, and deposit said policies with the holder of the greater portion of the outstanding indebtedness secured hereby as further security for said debt, no responsibility for the approval or maintenance of insurance being imposed upon the Trustee, will protect the improvements on said property by proper repairs, and maintain them in good repair and condition, will not do anything or suffer or permit anything to be done whereby the lien of this Deed of Trust might or could be impaired, will pay such expenses and fees as may be necessary in the protection of the property and the maintenance and execution of this trust, including, but not being limited to, expenses incurred by the Trustee in any legal proceeding to which it is made or becomes a party  The net proceeds resulting from the taking of all or any part of the property by eminent domain, or from any sale in lieu thereof, shall be applied upon the indebtedness in inverse order to its maturity; and in the event of the destruction of the improvements by fire or other casualty, the net proceeds of the insurance shall be applied upon the indebtedness secured hereby in inverse order to its maturity, or at the option of the party of the first part, their heirs and assigns, such proceeds may be used to restore the improvements to their former condition

The owner of any part of the indebtedness aforesaid may, at his discretion, advance and pay such sums as may be proper to satisfy taxes, maintain insurance and repairs, and protect and preserve the property, and such amounts so paid shall be held and treated as part of the expense of administering this trust

If the said party of the first part shall pay said indebtedness when due, and shall pay such sums as shall be necessary to discharge taxes and maintain insurance and repairs and the costs, fees and expenses of making, enforcing and executing this trust, when they shall severally be due and payable, then this conveyance shall become void, and the Trustee shall reconvey by quit claim the property herein described at expense of said party of the first part

But if said party of the first part shall fail to pay any part of said indebtedness, whether principal or interest, promptly when the same becomes due, or shall fail to pay any sum necessary to satisfy and discharge taxes and assessments before they become delinquent, or to maintain insurance or repairs, or the necessary expense of protecting the property and executing this trust, then, or in either event, all of the indebtedness herein secured shall, at the option of the owner of any of said notes and without notice, become immediately due and payable, principal and interest, and the said Trustee is hereby authorized and empowered to enter and take possession of said property, and before or after such entry to advertise the sale of said property for twenty-one days by three weekly notices in some newspaper published in Memphis, Tennessee, and sell the said property for cash to the highest bidder, free from equity of redemption, statutory right of redemption, homestead, dower, and all other exemptions, all of which are hereby expressly waived, and said Trustee shall execute a conveyance to the purchaser in fee simple, and deliver possession to the purchaser, which the party of the first part bind themselves shall be given without obstruction, hindrance or delay.

The owners of any part of the indebtedness hereby secured may become the purchaser at any sale under this conveyance

If the notes secured hereby are placed in the hands of an attorney for collection, by suit or otherwise, or to enforce their collection by foreclosure or to protect the security for their payment, the party of the first part will pay all costs of collection and litigation, together with a reasonable attorney's fee, and the same shall be a lien on the premises herein conveyed and enforced by a sale of the property as herein provided

The proceeds of any sale shall be applied as follows  first to the payment of the expenses of making, maintaining and executing this trust, the protection of the property, including the expense of any litigation and attorney's fees, and the usual commissions to the Trustee, second, to the payment of the indebtedness herein secured or intended so to be, without preference or priority of any part over any other part, and any balance of said indebtedness remaining unpaid shall be the subject of immediate suit; and, third, should there be any surplus, the Trustee will pay it to the party of the first part, in order  In the event of the death, refusal, or of inability for any cause, on the part of the Trustee named herein, or of any successor trustee, to act at any time when action under the foregoing powers and trust may be required, or for any other reason satisfactory to the owner of the debt, the owner or owners of the majority of the outstanding indebtedness aforesaid are authorized either in their own name or through an attorney or attorneys in fact appointed for that purpose by written instrument duly registered, to name and appoint a registerer or successors to execute this trust, such appointment to be evidenced by writing, duly acknowledged, and when such writing shall have been registered, the substituted trustee named therein shall thereupon be vested with all the right and title, and clothed with all the power of the Trustee named herein and such like power of substitution shall continue so long as any part of the debt secured hereby remains unpaid. The party of the first part, for themselves, their heirs, representatives and assigns, covenants and agrees that at any time after default in payment of any of the indebtedness hereby secured, or upon failure to perform any of the covenants to be kept and performed by them, said Trustee may enter upon and take possession of said property and collect the rents and profits therefrom with payment of such to the Trustee after default being full acquittance to the tenant, but the Trustee shall be required to account only for the net rents, received by him, and from and after the conveyance of said property under this Deed of Trust, the party of the first part, and all persons under them, shall, at the option of the purchaser, be and become the tenants at will of the purchaser, at a rental of four rental value per month, commencing with the date of delivery of the Trustee's Deed

In the event that two trustees are named herein, either of the trustees shall be clothed with full power to act when action hereunder is required and the term "Trustee" shall be construed to mean "Trustees "

In the event that two trustees are named herein and the substitution of a trustee shall become necessary for any reason, the substitution of one trustee in the place of the two named herein shall be sufficient

Wherever the word "Party" is used herein, it shall mean "Parties" if there are more than one person referred to and wherever pronouns occur herein, they shall be construed according to their proper gender and number according to the context of this instrument

All erasures and interlineations were made before signing

The necessity of the Trustee herein named, or any successor in trust, making oath or giving bond, is expressly waived

Witness the signatures of the said party of the first part this the day and year first above written.

3938 RUNWAY ROAD, LLC

By _____

Ethan Edwards, President

Page 2

STATE OF TENNESSEE,
COUNTY OF SHELBY

Before me, a Notary Public of said State and County aforesaid, personally appeared Ethan Edwards, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be President of 3938 Runway Road, LLC, a Tennessee limited liability company, the within named bargainor, and that he as such President, executed the foregoing instrument for the purpose therein contained, by signing the name of the company by himself as President.

Witness my hand and seal, this the 14th day of August, 2018.

My Commission Expires 8|22|2020

_____ Notary Public

Parcel No  060176 00364

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

SEND TAX BILLS TO

3938 Runway Road, LLC
3938 Runway Road
Memphis, TN 38118

| | |
|---|---|
| State tax | $112.70 |
| Register's fee | $ 1 00 |
| Recording fee | $ 15.00 |
| DP fee | $ 2 00 |
| Total | $130 70 |

PROPERTY ADDRESS

3938 Runway Road
Memphis, TN 38118

"Maximum principal indebtedness for Tennessee recording ta purpose is $ 100,000.00

OMB NO 2502-0265

| A | | B TYPE OF LOAN | | | | |
|---|---|---|---|---|---|---|

U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT

**SETTLEMENT STATEMENT**

| 1 ☐ FHA | 2 ☐ FmHA | 3 ☐ CONV UNINS | 4 ☐ VA | 5 ☐ CONV INS |
|---|---|---|---|---|

6 FILE NUMBER 27029,30001 RUNWAY
7 LOAN NUMBER
8 MORTGAGE INS CASE NUMBER

C NOTE  This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing, they are shown here for informational purposes and are not included in the totals.  10 3/98   (27029 30001 RUNWAY PFD/27029.30001 RUNWAY/4)

D NAME AND ADDRESS OF BORROWER

Equity Ventures, LLC
6423 Eagle Valley Cv
Bartlett, TN 38135

E NAME AND ADDRESS OF SELLER

3938 Runway Road, LLC
3938 Runway Rd
Memphis, TN 38118

F NAME AND ADDRESS OF LENDER

G PROPERTY LOCATION
3938 Runway Road
Memphis, TN 38118
Shelby County, Tennessee

H SETTLEMENT AGENT
Evans | Petree PC

PLACE OF SETTLEMENT
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

I SETTLEMENT DATE
February 10, 2020

| J SUMMARY OF BORROWER'S TRANSACTION | | K SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER.** | | **400. GROSS AMOUNT DUE TO SELLER.** | |
| 101 Contract Sales Price | | 401 Contract Sales Price | 300,000 00 |
| 102 Personal Property | | 402 Personal Property | |
| 103 Settlement Charges to Borrower (Line 1400) | | 403 | |
| 104 | | 404 | |
| 105 | | 405 | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106 City/Town Taxes to | | 406 City/Town Taxes to | |
| 107 County Taxes to | | 407 County Taxes to | |
| 108 Assessments to | | 408 Assessments to | |
| 109 | | 409 | |
| 110 | | 410 | |
| 111 | | 411 | |
| 112 | | 412 | |
| **120 GROSS AMOUNT DUE FROM BORROWER** | | **420 GROSS AMOUNT DUE TO SELLER** | 300,000 00 |
| **200 AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500 REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201 | | 501 Excess Deposit (See Instructions) | |
| 202 Principal Amount of New Loan(s) | | 502 Settlement Charges to Seller (Line 1400) | 24,724 00 |
| 203 Existing loan(s) taken subject to | | 503 Existing loan(s) taken subject to | |
| 204 | | 504 Payoff of first Mortgage to Joe Mack Jepsen et ux | 73,930 80 |
| 205 | | 505 Payoff of second Mortgage to KRMJVM, LLC | 106,770 15 |
| 206 | | 506 | |
| 207 | | 507 (Deposit disb as proceeds) | |
| 208 Repair allowance | | 508 Repair allowance | 1,500 00 |
| 209 | | 509 | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210 City/Town Taxes to | | 510 City/Town Taxes 01/01/20 to 02/10/20 | 318 55 |
| 211 County Taxes to | | 511 County Taxes 01/01/20 to 02/10/20 | 403 67 |
| 212 Assessments to | | 512 Assessments to | |
| 213 | | 513 Rent ($3,500) 2-1-to 2-10-2020 | 2,293 10 |
| 214 | | 514 Security Deposit | 3,500 00 |
| 215 | | 515 2018 City Taxes +P&I | 3,701 72 |
| 216 | | 516 2019 City Taxes +P&I | 3,177 07 |
| 217 | | 517 2018 County Taxes +P&I | 4,358 40 |
| 218 | | 518 2019 County Taxes | 3,693 60 |
| 219 | | 519 | |
| **220 TOTAL PAID BY/FOR BORROWER** | | **520 TOTAL REDUCTION AMOUNT DUE SELLER** | 228,371 06 |
| **300 CASH AT SETTLEMENT FROM/TO BORROWER** | | **600 CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301 Gross Amount Due From Borrower (Line 120) | | 601 Gross Amount Due To Seller (Line 420) | 300,000 00 |
| 302 Less Amount Paid By/For Borrower (Line 220) | ( ) | 602 Less Reductions Due Seller (Line 520) | ( 228,371 06) |
| 303 CASH ( X FROM )( TO ) BORROWER | | 603 CASH ( X TO )( FROM ) SELLER | 71,628 94 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein


EXHIBIT

**L. SETTLEMENT CHARGES**

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL COMMISSION Based on Price $ 300,000.00 @ 6.0000 % = 18,000.00 | | | |
| Division of Commission (line 700) as Follows: | | | |
| 701 $ 18,000.00 to | | | |
| 702 $ to | | | |
| 703 Commission Paid at Settlement | | | 18,000.00 |
| 704 | to | | |
| 800 ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
| 801 Loan Origination Fee % | to | | |
| 802 Loan Discount % | to | | |
| 803 | to | | |
| 804 | to | | |
| 805 | to | | |
| 806 | to | | |
| 807 | to | | |
| 808 | | | |
| 809 | | | |
| 810 | | | |
| 811 | | | |
| 900 ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | |
| 901 Interest From to @ $ /day ( days ) (%) | | | |
| 902 Mortgage Insurance Premium for months to | | | |
| 903 Hazard Insurance Premium for years to | | | |
| 904 | | | |
| 905 | | | |
| 1000 RESERVES DEPOSITED WITH LENDER | | | |
| 1001 Hazard Insurance @ $ per | | | |
| 1002 Mortgage Insurance @ $ per | | | |
| 1003 City/Town Taxes @ $ per | | | |
| 1004 County Taxes @ $ per | | | |
| 1005 Assessments @ $ per | | | |
| 1006 @ $ per | | | |
| 1007 @ $ per | | | |
| 1008 @ $ per | | | |
| 1100 TITLE CHARGES | | | |
| 1101 Settlement or Closing Fee | to | | |
| 1102 Abstract or Title Search | to | | |
| 1103 Title Examination | to | | |
| 1104 Title Insurance Binder | to | | |
| 1105 Document Preparation | to | | |
| 1106 Notary Fees | to | | |
| 1107 Attorney's Fees | to Evans Petree PC | | 6,700.00 |
| (includes above item numbers ) | ( | | |
| 1108 Title Insurance | to | | |
| (includes above item numbers ) | ( | | |
| 1109 Lender's Coverage $ | | | |
| 1110 Owner's Coverage $ | | | |
| 1111 | | | |
| 1112 | | | |
| 1113 | | | |
| 1200 GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| 1201 Recording Fees Deed $ , Mortgage $ Releases $ | | | |
| 1202 City/County Tax/Stamps Deed $ , Mortgage $ | | | |
| 1203 State Tax/Stamps Transfer Tax $ , Mortgage $ | | | |
| 1204 Record Releases (2) | to Shelby County Register | | 24.00 |
| 1205 | | | |
| 1300 ADDITIONAL SETTLEMENT CHARGES | | | |
| 1301 Survey | to | | |
| 1302 Pest Inspection | to | | |
| 1303 | | | |
| 1304 | | | |
| 1305 | | | |
| 1400 TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K) | | | 24,724.00 |

IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**Entered**

MAR 0 4 2020

M.B. _____

| | |
|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CH-19-1191-3 |
| | ) |
| EDWARDS STEEL SOLUTIONS, LLC, | ) |
| and 3938 RUNWAY ROAD, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER SETTING HEARING

**THIS CAUSE** came to be heard before the Court on March 4, 2020.  Counsel for the defendant, 3938 Runway Road, LLC, appeared before the Court to obtain a hearing date on 3938 Runway Road, LLC's Emergency Motion for an Order Permitting Sale of Real Estate Free and Clear of the Existing Lien Lis Pendens (the "Motion").  The Court has set this Motion for hearing on march 24, 2020 at 10:30 am.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that defendant 3938 Runway Road, LLC's Motion shall be and is hereby set for hearing on march 24, 2020 at 10:30 am.

CHANCELLOR JOEDAE L. JENKINS

DATE: 03 - 04 - 2020

APPROVED AS TO FORM:

*David Cocke*    by RSS w/ permission

David J. Cocke (TN Bar No. 007988)
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
dcocke@evanspetree.com
Attorneys for Defendants Edwards Steel
Solutions, LLC and 3938 Runway Road,
LLC

## CERTIFICATE OF SERVICE

I hereby certify that a *pro forma* copy of the foregoing has been served upon Mr. Jack R. (Rob) Dodson, III via E-Mail on March 3, 2020. I further hereby certify that the foregoing has been served upon Mr. Jack R. (Rob) Dodson, III and Mr. Slade Sevier, Dickinson Wright, 424 Church Street, Suite 800, Nashville, TN 37219, via U.S. Mail, postage prepaid this 4th day of March, 2020.

*David Cocke*    by RSS w/ permission

David J. Cocke

**IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

|  |  |
|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CH-19-1191-3 ) |
| EDWARDS STEEL SOLUTIONS, LLC, and 3938 RUNWAY ROAD, LLC, | ) ) ) |
| Defendants. | ) ) |

**Entered MAR 0 4 2020**

M.B._____

### ORDER SETTING HEARING

**THIS CAUSE** came to be heard before the Court on March 4, 2020. Counsel for the defendant, 3938 Runway Road, LLC, appeared before the Court to obtain a hearing date on 3938 Runway Road, LLC's Emergency Motion for an Order Permitting Sale of Real Estate Free and Clear of the Existing Lien Lis Pendens (the "Motion"). The Court has set this Motion for hearing on _march 24_, 2020 at _10:30 am_.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that defendant 3938 Runway Road, LLC's Motion shall be and is hereby set for hearing on _march 24_, 2020 at _10:30 am_.

CHANCELLOR JOEDAE L. JENKINS

DATE: _03 - 04 - 2020_

APPROVED AS TO FORM:

by RSS
w/ permission
David Cocke
David J. Cocke (TN Bar No. 007988)
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
dcocke@evanspetree.com
Attorneys for Defendants Edwards Steel
Solutions, LLC and 3938 Runway Road,
LLC

## CERTIFICATE OF SERVICE

I hereby certify that a *pro forma* copy of the foregoing has been served upon Mr. Jack R. (Rob) Dodson, III via E-Mail on March 3, 2020. I further hereby certify that the foregoing has been served upon Mr. Jack R. (Rob) Dodson, III and Mr. Slade Sevier, Dickinson Wright, 424 Church Street, Suite 800, Nashville, TN 37219, via U.S. Mail, postage prepaid this 4th day of March, 2020.

by RSS
w/ permission
David Cocke
David J. Cocke

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE

| | |
|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, | ) )  |
| Plaintiff, | ) ) |
| v. | ) ) |
| EDWARDS STEEL SOLUTIONS, LLC, 3938 RUNWAY ROAD, LLC, STEEL SOLUTIONS, LLC, FE HOLDINGS, LLC, GRIT MANAGEMENT, LLC, FAB MANUFACTURING, LLC, CONTRACTOR LOGISTICS, LLC, VULCAN ASSETS, LLC, SOUTHERN PREMIX, LLC, 1700 SOUTH THIRD STREET, LLC, and ETHAN EDWARDS, | ) ) ) ) Case No. 19-1191-III ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT TO SET ASIDE FRAUDULENT TRANSFERS, FOR PRE-JUDGMENT ATTACHMENT, AND FOR A LIEN LIS PENDENS

Plaintiff, Balfour Beatty Construction, LLC, submits this its First Amended Complaint against Edwards Steel Solutions, LLC, 3938 Runway Road, LLC, Steel Solutions, LLC, FE Holdings, LLC, Grit Management, LLC, FAB Manufacturing, LLC, Contractor Logistics, LLC, Vulcan Assets, LLC, Southern Premix, LLC, 1700 South Third Street, LLC (collectively "Defendant Entities") and Ethan Edwards (collectively with Defendant Entities "Defendants") to set aside fraudulent conveyances, and in support thereof would show as follows:

### I. Parties

1.      Balfour Beatty Construction, LLC ("Balfour") is a Delaware limited liability company with its principal place of business in Dallas, Texas.

2.      Edwards Steel Solutions, LLC ("Edwards Steel") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee. Edwards Steel can be served through its registered agent Ethan Edwards at 1700 South 3rd Street, Memphis, Tennessee 38109.

3.      3938 Runway Road, LLC ("Runway Road") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee. Runway Road can be served through its registered agent Ethan Edwards at 1700 South 3rd Street, Memphis, Tennessee 38109.

4.      Steel Solutions, LLC ("Steel Solutions") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee.  Steel Solutions can be served through its registered agent Ethan Edwards at 3020 Ashmont Dr., Germantown, Tennessee 38138.

5.      FE Holdings, LLC ("FE Holdings") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee.  FE Holdings can be served through its registered agent Ethan Edwards at 3020 Ashmont Dr., Germantown, Tennessee 38138.

6.      Grit Management, LLC ("Grit Management") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee. Grit Management can be served through its registered agent Ethan Edwards at 3020 Ashmont Dr., Germantown, Tennessee 38138.

7.      FAB Manufacturing, LLC ("FAB Manufacturing") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee.

2

FAB Manufacturing can be served through its registered agent Ethan Edwards at 3020 Ashmont Dr., Germantown, Tennessee 38138.

8.      Contractor Logistics, LLC ("Contractor Logistics") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee.  Contractor Logistics can be served through its registered agent Joel Sklar at 1000 Ridgeway Loop Road, Suite 200, Memphis, Tennessee 38120.

9.      Vulcan Assets, LLC ("Vulcan Assets") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee.  Vulcan Assets can be served through its registered agent Ethan Edwards at 3020 Ashmont Dr., Germantown, Tennessee 38138.

10.     Southern Premix, LLC ("Southern Premix") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee. Southern Premix can be served through its registered agent Ethan Edwards at 1700 South 3rd Street, Memphis, Tennessee 38109.

11.     1700 South Third Street, LLC ("1700 S. 3rd") is a Tennessee limited liability company with its principal place of business at 1700 South 3rd Street, Memphis, Tennessee. 1700 S. 3rd can be served through its registered agent Ethan Edwards at 1700 South 3rd Street, Memphis, Tennessee 38109.

12.     Ethan Edwards is a resident of Shelby County and he resides at 3020 Ashmont Dr., Germantown, Tennessee 38138.

## II. Jurisdiction and Venue

13.     This Court has subject matter jurisdiction in this matter pursuant to T.C.A. §§ 16-11-101 *et seq.* because the actions giving rise to the causes of action all occurred in Shelby County.

14.     Venue is proper in Shelby County pursuant to T.C.A. §§ 20-4-101 & 104.

## III. Background

15.     Balfour entered into Subcontract #12640010-026 effective November 4, 2013 (the "Subcontract"), with Edwards Steel under which Edwards Steel was to fabricate and install metal railings for the construction of the Cool Springs Apartment Complex in Franklin, Tennessee (the "Project") (the Subcontract is attached hereto as **Exhibit A**).

16.     The Subcontract included a provision for arbitration of any dispute between the parties.

17.     The original contract price for Edwards Steel's work was $640,000.00, but the contract price was increased by change orders to $702,761.00.

18.     Edwards Steel commenced work on the Project in approximately January 2014.

19.     Following a site visit by an engineering firm on January 20, 2015, several deficiencies in Edwards Steel's work were discovered.

20.     On October 7, 2015, Balfour gave Edwards Steel written notice of the deficient and unacceptable work and gave Edwards Steel an opportunity to cure.

21.     On November 18, 2015, Balfour gave Edwards Steel a Notification of Formal Default in accordance with the Subcontract.

22.     Upon information and belief, on December 8, 2015, Edwards Steel purchased the property at 3938 Runway Road, Memphis Tennessee 38118-6611 for $225,000.

23.     Balfour received a report from a third-party consultant on January 21, 2016, identifying a more extensive list of the deficiencies and defects in Edwards Steel's work.

24.     After additional correspondence and discussions, Balfour sent an updated Notice of Default on February 5, 2016, with another updated period to cure.

25.     Edwards Steel did not respond to the February 5, 2016, correspondence from Balfour, and on February 11, 2016, Balfour again notified Edwards Steel it was in default and had abandoned its Subcontract.

26.     Balfour is entitled, under the Subcontract, to recover from Edwards Steel all damages arising out of Edwards Steel's default, including additional expenses to correct and complete the defective work, damages to other subcontractors and/or their work, delay damages, attorneys' fees and expenses, litigation and arbitration fees and expenses, and an additional fifteen percent (15%) of all expenses as liquidated damages for overhead costs.

27.     Upon information and belief, in anticipation of litigation and in an attempt to make Edwards Steel judgment proof, Ethan Edwards began creating the Defendant Entities in 2017.

28.     Seven of the Defendant Entities were created in a five-month period in 2017.

29.     First, Contractor Logistics was formed on April 4, 2017; second, 1700 South 3rd was formed on June 13, 2017; third, FAB Manufacturing was formed on July 13, 2017; the fourth, fifth, and sixth entities, Grit Management, FE Holdings, and Vulcan Assets were all formed on July 28, 2017; and seventh, Southern Premix was formed on August 2, 2017.

30.     Upon information and belief, on or around July 2017, Edwards Steel purchased the property at 1700 South Third St., Memphis, Tennessee for $1,100,000.  Article from the Memphis Business Journal attached hereto as **Exhibit B**.

5

31.     Upon information and belief, Edwards Steel purchased the 1700 South Third St. property in the name of 1700 South Third Street, LLC with the knowledge that litigation against Edwards Steel had either already commenced, or was imminent.

32.     On February 2, 2018, Balfour and Edwards Steel executed an Amendment to the Subcontract requiring the two parties to submit all disputes to privately administered binding arbitration (attached hereto as **Exhibit C**).

33.     Upon information and belief, in a further attempt to hide assets of Edwards Steel following the commencement of arbitration, Steel Solutions was formed on May 21, 2018.

34.     This matter was arbitrated in private arbitration before arbitrator William Tate on June 24, 2019.

35.     On June 25, 2019, the Arbitrator awarded Balfour $1,292,938.35 (a copy of award attached hereto as **Exhibit D**).

36.     On September 20, 2019, the arbitration award was confirmed by the Davidson County Chancery Court and became a final judgment (a copy of the judgment is attached hereto as **Exhibit E**).

37.     On September 13, 2019, Balfour and Edwards Steel entered an Agreed Order in this case granting Balfour a lien *lis pendens* and enjoining Edwards Steel from using any funds, including funds in its Pinnacle Financial Partners Account, and any other financial institution, for any purpose other than ordinary operating expenses (a copy of the Agreed Order is attached hereto as **Exhibit F**).

38.     Upon information and belief, prior to entering the Agreed Order, Edwards Steel fraudulently transferred funds to avoid payment of the anticipated award.

39.     Upon information and belief, both before and after entering the Agreed Order, Edwards Steel and Ethan Edwards, moved funds from Edwards Steel to other Defendant Entities in order to avoid payment of the anticipated award.

40.     On or about March 29, 2019, after both parties had begun the process of arbitration, Edwards Steel transferred the 3938 Runway Road, Memphis, Tennessee 38118-6611 property by quitclaim deed to 3938 Runway Road, LLC.

41.     Upon information and belief, Runway Road, was first formed on or about January 14, 2019, after both parties had begun the process of arbitration.

42.     Upon information and belief, the deeds of trust encumbering the 3938 Runway Road property were obtained fraudulently, collusively, or with unclean hands.

43.     The first deed of trust encumbering the 3938 Runway Road property was recorded on December 8, 2016, after Balfour had notified Edwards Steel of its default.

44.     The second deed of trust encumbering the 3938 Runway Road property was recorded on August 15, 2019, more than a month after Balfour received its judgment against Edwards Steel from the arbitrator.

45.     After receiving a judgment for its arbitration award, Balfour subpoenaed Edwards Steel's bank records.

46.     Balfour discovered that, in anticipation of the impending September 13 Agreed Order enjoining Edwards Steel from using his Pinnacle bank funds, Ethan Edwards had been draining his Edwards Steel bank accounts and moving the money to accounts of other entities owned and controlled by Ethan Edwards not subject to the Agreed Order.

47.     Of Edwards Steel's thirteen bank accounts at Pinnacle bank that Balfour was able to review, those accounts totaled as much as $88,994.20 on August 1, 2019, but only $568.51 on

October 1, 2019.  A summary of Edwards Steel's Pinnacle bank account balances is attached hereto as **Exhibit G**.

48.    Before September 1, 2019, the Edwards Steel operating account at Pinnacle Bank had an average balance of $59,030.34.

49.    On October 1, 2019, the Edwards Steel operating account at Pinnacle Bank had a balance of $100.00.

50.    Analysis of Edwards Steel's Pinnacle Bank Account revealed at least nine other entities owned or controlled by Ethan Edwards.

51.    All Defendant Entities have the same principal place of business – 1700 South 3rd Street, Memphis, Tennessee.

52.    Ethan Edwards is owner and only member of 1700 S. 3rd, which owns 1700 South 3rd Street, Memphis, Tennessee.

53.    All Defendant Entities, with the exception of Contractor Logistics, list Ethan Edwards as their registered agent.

54.    Although Ethan Edwards is not the registered agent for Contractor Logistics, Contractor Logistics has only one member, and Ethan Edwards is the "addressee" for the "mailing address" and the "principal office address" listed on the Tennessee Secretary of State's Business Entity Detail for Contractor Logistics.

55.    All Defendant Entities, except for Edwards Steel, were created after Balfour notified Edwards Steel that it was in default of its Subcontract.

56.    Upon information and belief, Ethan Edwards is the only member and/or controls all of the Defendant Entities.

57.     Upon information and belief, Edwards Steel transferred funds to other accounts owned or controlled by Ethan Edwards or Defendant Entities in order to avoid payment of the judgment against it.

## COUNT I – Fraudulent Conveyance

58.     Balfour incorporates and restates by reference the averments contained in the foregoing paragraphs of this Complaint as if fully set forth below.

59.     Edwards Steel conveyed the 3938 Runway Roads property to the newly created Runway Road entity with the intent to hinder, delay, or defraud Balfour from collecting the damages and debts owed to it, constituted a fraudulent conveyance.

60.     Edward Steel and Ethan Edwards' fraudulent conveyance should be deemed void and set aside pursuant to T.C.A. § 66-3-101.

## COUNT II – Fraudulent Transfers

61.     Balfour incorporates and restates by reference the averments contained in the foregoing paragraphs of this Complaint as if fully set forth below.

62.     After Balfour received its arbitration award, or in anticipation of the award, Edwards Steel transferred funds from its bank accounts to the other Defendant Entities owned by Ethan Edwards with the intent to hinder, delay, or defraud Balfour from collecting the damages and debts owed to it.

63.     Edwards Steel and Ethan Edwards' fraudulent transfers should be deemed void and set aside pursuant to T.C.A. §§ 66-3-301 *et seq.*

## COUNT III – Piercing the Corporate Veil

64.     Balfour incorporates and restates by reference the averments contained in the foregoing paragraphs of this Complaint as if fully set forth below.

65.    Ethan Edwards attempted to work a fraud in contravention of public policy.

66.    Defendant Entities all share the same business location.

67.    Ethan Edwards has sole ownership of all but two of the Defendant Entities.[1]

68.    All Defendant Entities were created *after* Balfour notified Edwards Steel it was in default under the terms of its Subcontract.

69.    Upon information and belief, all Defendant Entities have the same attorneys.

70.    Upon information and belief, all Defendant Entities are used as instrumentalities or business conduits for Ethan Edwards.

71.    Edwards Steel has diverted corporate assets and or manipulated assets to the detriment of Balfour, its judgment creditor.

72.    Defendant Entities have failed to maintain arms-length relationships among the entities.

73.    Defendant Entities are nothing more than alter-egos of Ethan Edwards.

74.    As such, the corporate veil of Defendant Entities should be disregarded and Balfour should be allowed to collect its judgment from Ethan Edwards, individually, as well as any and all of his Defendant Entities.

## COUNT IV – Pre-Judgment Attachment and Lien *Lis Pendens*

75.    Balfour incorporates and restates by reference the averments contained in the foregoing paragraphs of this Complaint as if fully set forth below.

76.    Upon information and belief, in anticipation of the forthcoming judgment against Edwards Steel, Ethan Edwards began transferring funds out of Edwards Steel's bank accounts in order to avoid the award of damages against it in the pending arbitration.

---

[1] FE Holdings and Southern Premix list two (2) and three (3) members respectively.

77.     Defendant Entities are controlled by Ethan Edwards, and are free to transfer or otherwise dispose of the funds which could be used by Edwards Steel to partially satisfy its judgment debt owed to Balfour.

78.     The Court may order attachment of the Defendant Entities bank accounts in accordance with Tenn. R. Civ. P. 64, as provided by T.C.A. § 29-6-101.

79.     In particular, T.C.A. § 29-6-101(6) provides that the fraudulent conveyance of property, like the conveyance from Edwards Steel to other Defendant Entities, is the precise form of exigent circumstances that provide this Court the grounds to issue a writ of attachment.

80.     On account of these exigent circumstances, Balfour is entitled to a writ of attachment, which should be levied on the bank accounts of Defendant Entities at Pinnacle Financial Partners, Paragon Bank, Charles Schwab Bank, Triumph Bank, and any other financial institution at which Ethan Edwards, or Defendant Entities, maintain bank accounts.

81.     Balfour asserts a lien *lis pendens* against the 1700 South Third Street property and all other properties of the Defendant Entities which were acquired with assets fraudulently transferred from Edwards Steel.

WHEREFORE, Balfour respectfully requests the following relief:

1.     A writ of attachment be issued directing the Shelby County Sheriff to attach the personal property and/or funds held by Pinnacle Financial Partners, Paragon Bank, Triumph Bank, and Charles Schwab Bank for Defendant Entities, such funds to be paid into the registry of the court and held to satisfy the judgment in arbitration in favor of Balfour.

2.     That the Court pierce the corporate veil of the Defendant Entities and allow the Plaintiff to reach the assets of the Defendant entities and Ethan Edwards personally;

11

3.      Award to Balfour all costs of this action, including court costs and reasonable attorneys' fees pursuant to the parties' contract; and

4.      All other relief this Court deems appropriate, fair or equitable.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CASE.

Respectfully submitted,

DICKINSON WRIGHT, PLLC

By:     _____

Jack R. Dodson III, TN Bar No. 27947
R. Slade Sevier, Jr., TN Bar No. 23013
424 Church Street, Suite 800
Nashville, Tennessee 37219
T: (615) 244-6538
RDodson@dickinsonwright.com
SSevier@dickinsonwright.com

*Attorneys for Plaintiff Balfour Beatty Construction, LLC*

4834-6347-3588 v1 [66466-6]

12

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

# EXHIBIT A

# BALFOUR BEATTY CONSTRUCTION, LLC

## STANDARD FORM SUBCONTRACT    *EXECUTED*

THIS AGREEMENT is entered into and effective on **November 4, 2013** by and between **BALFOUR BEATTY CONSTRUCTION, LLC a Delaware Limited Liability Company** ("Contractor,") with its principal place of business at 600 Galleria Pkwy, Suite 1800, Atlanta, GA 30339 and **Edwards Steel Solutions, LLC,** a Limited Liability Company, **Ethan Edwards** ("Contact"), **901-881-5846,** with its principal place of business at **4728 Spottswood, Suite #127, Memphis, TN 38117** ("Subcontractor").

On **May 7, 2013,** Contractor entered into a prime contract with **Franklin Park Acquisitions Company, LLC, a Limited Liability Company** ("Owner,") whose address is **201 South Tryon, Suite 550, Charlotte, NC 28202** to perform Work on the following Project:

*FRANKLIN PARK MULTI-FAMILY RESIDENCE PROJECT*
*OWNER AGREEMENT DATED MAY 7, 2013*
*Franklin, Williamson County, TN 37067*

### SCOPE

Subcontractor agrees to furnish all labor, services, materials, installation, hoisting, supplies, insurance, equipment, scaffolding, tools and other facilities of every kind and description required for the prompt and efficient execution of the **Steel Stairs and Rails,** described herein **(also see Special Provisions)** all in strict accordance with the Contract Documents.

### CONTRACT PRICE

Contractor agrees to pay Subcontractor for the strict performance of its Work the sum of:

**SIX HUNDRED FORTY THOUSAND DOLLARS**
**$640,000.00**

in current funds, which includes all State Sales Tax and Local Sales Tax, if applicable, and **100% Payment Bond and Performance Bond, if applicable, that are acceptable to the Contractor,** subject to additions or deductions as herein provided; which sum shall include all permits, fees, inspection costs and/or other taxes required by any division of the Federal, State or Local Government, subject to additions and deductions for changes in the Work as may be agreed upon.

### CONTRACT DOCUMENTS

The "Contract Documents" include this Standard Form Subcontract, including Standard Form General Conditions Pages 1 through 28, Special Provisions, Schedules, Amendment/Addendum, and the following Exhibits attached hereto:

| | | | |
|---|---|---|---|
| Exhibit "A" | List of Contract Documents | Exhibit "I" | EEO |
| Exhibit "B" | Not Applicable | Exhibit "J" | Safety Plan |
| Exhibit "C" | Request for Payment | Exhibit "K" | Sales Tax Requirements |
| Exhibit "D" | Waiver, Release & Affidavit Forms | Exhibit "L" | (Not Used) |
| Exhibit E | Stored Material Procedures, if applicable | Exhibit M | (Not Used) |
| Exhibit "F" | Standard P & P Bonds, if applicable | Exhibit "N" | Project Schedule |
| Exhibit "G" | Insurance Certificates | Exhibit "O" | (Not Used) |
| Exhibit "H" | Builder s Risk | Exhibit R | (Not Used) |

This Agreement constitutes the entire agreement between the parties hereto and supersedes all prior negotiations, representations and agreements, either written or oral with respect to the subject matter hereof. No other agreements, either oral or written, have been made by Contractor, except as stated in this Agreement. This Agreement is being sent to Subcontractor for acceptance and signature but shall not be construed as constituting or creating a contract with Subcontractor until this Agreement is signed by Contractor. Subcontractor shall sign this Agreement in the exact form submitted and return to Contractor within ten days. If the aforedescribed conditions are not met by Subcontractor, then this Agreement and Contractor's offer to contract hereunder may be canceled, unless Contractor, in writing, shall modify the conditions and/or extend the time set forth herein.

BBC-FR0065366

SUBCONTRACTOR shall not make any change to this Agreement without the prior written consent of Contractor's duly authorized officer or agent. Any change otherwise made shall be null and void.

Edwards Steel Solutions, LLC

By: _~~signature~~_____

Name:  _ETHAN  EDWARDS_____

Title:  _CHIEF EXECUTIVE MANAGER_

Date Signed:  _01/02/2014_____

Vendor No.:

Cost Code:       010.50552040.40

BALFOUR BEATTY CONSTRUCTION, LLC

By: _~~signature~~_____

Name:   Carl J. Frinzi_____

Title:   Senior Vice President/BUL_____

Date Signed: _1/13/14_____

Franklin Park Multi-Family Residence Project
Owner Agreement Dated May 7, 2013
                     Page 2 of 2

Subcontract No. 12640010-026
Project No. 12640000

BBC-FR0065367

# SPECIAL PROVISIONS
## FRANKLIN PARK MULTI-FAMILY RESIDENCE PROJECT

I. **PROJECT PROVISIONS**

   **(THESE PROVISIONS SHALL APPLY TO ALL SUBCONTRACTORS ON THIS PARTICULAR PROJECT)**

   A. Contractor adheres to a goal of sustainability, and therefore has provided the General Conditions and Exhibits A through N referenced on page 1 of the Agreement in electronic form and saved to a CD. Although they are being provided electronically, all such Contract Documents are considered binding as if provided to Subcontractor in paper form. Hard copy originals of all of the Contract Documents, including those documents provided electronically, are maintained at Contractor's offices and may be reviewed and photocopied at Subcontractor's expense upon reasonable advance request made in writing. Should any discrepancy exist between the Contract Documents in Subcontractor's possession and the hard copy originals of the Contract Documents maintained at Contractor's offices, the hard copy originals of the Contract Documents maintained at Contractor's office shall take precedence.

   B. In accordance with article 2.K. of the General Conditions, Subcontractor must comply with the following:

      (1) Begin submittal of shop drawings, certificates, and test reports no later than 7 calendar days following award of subcontract.

      (2) Complete submittal of shop drawings, catalog cut sheets, certificates, and test reports by 14 calendar days following award of subcontract.

      (3) Resubmit any items within a maximum of 10 calendar days after being returned for correction.

      (4) Furnish from suppliers, written evidence of confirmed shipping dates for major materials and equipment.

   C. The Project's substantial completion date for all trades is in accordance with the Project CPM Schedule. It is expressly committed by this Agreement to work on schedule and coordinate as necessary to meet these completion dates, including overtime and/or weekend work to meet the schedule, as further detailed by Article 3 of the General Conditions.

   D. Subcontractor shall not display any signs at the jobsite or on trailers without written approval by both Contractor and the Owner.

   E. Contractor shall furnish Subcontractor with Construction Specifications and Drawings in electronic form. Although they are being provided electronically, all such Construction Specifications and Drawings are considered binding as if provided to Subcontractor in paper form. Hard copy originals of all of the Construction Specifications and Drawings, including those documents provided electronically, are maintained at Contractor's offices. Should any discrepancy exist between the Construction Specifications and Drawings in Subcontractor's possession and the hard copy originals of the Construction Specifications and Drawings maintained at Contractor's offices, the hard copy originals of the Construction Specifications and Drawings maintained at Contractor's office shall take precedence. Subcontractor shall procure and pay for any additional sets required.

   F. Subcontractor shall attend a pre-job conference conducted by Contractor. At this conference, the Subcontractor's personnel including Project Manager, Field Operations Manager, Superintendent and any other key personnel (including those specifically requested to be in attendance by) will be introduced and the Scope of

Franklin Park Multi-Family Residence Project
Owner Agreement Dated: May 7, 2013

Subcontractor's Initials: _____
Subcontract No.: 126400XX-XXX
Project No. : 12640000

Page 1 of 10

BBC-FR0065368

Work will be discussed along with other key issues such as Workmanship, Quality Control, Schedule, Safety, Badge Requirements, etc.

G.  Progress estimates shall be submitted to Contractor with all requisite backup on or before the 20th day of each month. Progress estimates received after this date will be paid the following pay period.

H.  **ALL WARRANTIES SHALL COMMENCE UPON FINAL ACCEPTANCE BY CONTRACTOR, OWNER, ARCHITECT, AND ANY OTHER GOVERNING ENTITIES, REGARDLESS OF SPECIFIC TRADE COMPLETION DATES.**

I.  As an integral part of the process by which Subcontractor shall request information about this Project (RFI's) from Contractor,  Request for Change Orders (RCO's) to this Subcontract and submission of Payment Applications, Subcontractor shall employ the use of Contractor's Internet based project management software, Constructware.  It is intended that use of this information management system will enrich communication and collaboration between Contractor and Subcontractor. Contractor shall provide introduction to the use of this Internet based project management system.

J.  The Subcontractor is required to submit a Subcontractor Daily Report in a format approved by the Contractor.  The Daily Report shall include a daily personnel record of those working on the site each day.  The record will state the name of each person under the employ of the Subcontractor, including any subcontractors of the Subcontractor, and will note the hours worked and in what capacity.   The Subcontractor Daily Report shall also include a listing of all major material deliveries made to the site, and identification of the delivering entity.

K.  Retainage shall be withheld at the rate of 5% and released in accordance with subcontract terms. Subcontractor will comply fully with Tenn Code Ann. §66-34-103.

L.  If applicable, Subcontractors shall issue separate contracts to their sub tiers for each major portion of the work (i.e. Area/Building/Neighborhood/etc.) of this Project. Prior to starting work Subcontractor shall provide Contractor with a completed Lower Tier Disclosure Form detailing all subcontractor and suppliers. Subcontractor expressly agrees to obtain Releases of Liens and Claims from all of its lower tier Subcontractors and Suppliers.

M.  Subcontractor shall within ten (10) days, of receipt of this subcontract, provide a Schedule of Values (SOV) for review and approval by Contractor utilizing the format as provided in the attached Exhibit "C".

N.  All on site foremen for Subcontractor/Supplier must utilize communication tools approved by the Contractor.

O.  Subcontractors are responsible for protecting all of their materials (whether stored or installed) until accepted by Owner.

P.  Subcontractor shall perform all cleanup in work areas daily.  If cleanup is not performed daily, the Contractor will direct temporary labor to perform this work and all costs associated with the cleanup will be deducted from this subcontract.

Q.  Subcontractor will declare an English speaking jobsite supervisor prior to job start. This individual must be on the subcontractor's payroll, not a sub-subcontractor.  This representative will be present at all weekly coordination and safety meetings when requested. This representative must meet all requirements outlined in item 2.A of the General Conditions.

R.  **Balfour Beatty Field Superintendents are <u>not authorized</u> to approve any Change Orders (monetary, design, or specification) related.** Any additions or changes to subcontractor's Subcontract Agreement must be approved in writing by

Franklin Park Multi-Family Residence Project
Owner Agreement Dated: May 7, 2013

Subcontractor's Initials: _____
Subcontract No.: 126400XX-XXX
Project No. : 12640000

Page 2 of 10

BBC-FR0065369

the appropriate Balfour Beatty Manager prior to the execution of any Change Order work. Prior to commencement of work, Subcontractor must submit a Balfour Beatty "Subcontractor Additional Work Request" with a not-to-exceed cost estimate. This estimate must be reviewed by a Balfour Beatty Manager and approved in writing. Work performed without this signed estimate will not be considered for payment.

S. All Subcontractors' field personnel must attend a Balfour Beatty Safety Orientation Class prior to the commencement of any work. Following the orientation all Subcontractors' personnel will be issued a numbered Safety Orientations sticker for their hard hat. Anyone discovered without the safety sticker on their hard hat will be required to leave the premises immediately.

T. Subcontractor shall, at all times, conduct their work to ensure the least possible obstruction to vehicular and pedestrian traffic. The safety and convenience of the general public, residences and/or businesses located near the Project, and the protection of persons and property shall be provided by the Subcontractor.

U. Subcontractor understands that Weekly Project Meetings will be held at the jobsite. Subcontractor agrees to have the necessary and competent personnel attend this weekly meeting and any other meetings the Contractor may require.

V. Subcontractor agrees to appoint and provide a permanent competent supervisor for the Project with express authorization and permission to execute documentation that indicates that all Subcontractor's work has been inspected, tested or otherwise verified to be in compliance with all legal, code and regulatory requirements applicable to Subcontractor's scope of work. Supervisor's signature on such documentation will be binding upon Subcontractor in accordance with General Conditions 2(A).

W. Subcontractor shall not store any material in the work areas, travel paths in or around the buildings, or in any tree save area. All material storage shall be coordinated with the Contractor's Superintendent.

X. No payment will be made to Subcontractor for on-site or off-site material without prior written approval from the Contractor. Should written approval be granted to the Subcontractor for off-site stored material, all provisions as outlined in Exhibit "E" shall apply.

Y. Unless otherwise provided for herein, this Subcontract will be subject to Contractor's Subguard Insurance Program in lieu of payment and performance bonds.

Z. Warranty repairs are a top priority. Subcontractor will assign an individual to act as their Warranty representative who must be available to service units within their one year warranty. Subcontractor shall provide a twenty-four (24) hour emergency contact number. All warranty service requests and work orders must be completed, signed off by Contractor and returned to Contractors' designated contact. All work orders will be faxed to you within 24 hours of issue date. Subcontractor is required to confirm receipt of work order by phone within same business day. If this entire process is not completed within a reasonable period of time your company may be back charged for cost incurred.

AA. Severe weather including high winds can be experienced in this area. If your trade is associated with, and responsible for, material delivery, you are responsible for making sure all materials are secure on the site. Any damage or material replacement that results from wind/weather damage from unsecured materials will be your responsibility, including any costs associated with material replacement. Subcontractor shall defend, indemnify and hold Contractor harmless for any such occurrence.

Franklin Park Multi-Family Residence Project
Owner Agreement Dated: May 7, 2013

Subcontractor's Initials: _EE_
Subcontract No.: 126400XX-XXX
Project No. : 12640000

Page 3 of 10

BBC-FR0065370

BB. This is a Lump Sum Contract and Subcontractor shall guarantee all material and labor pricing for the duration of the Project.

CC. Subcontractor shall at all times respect the work of other crafts and take all necessary precautions to avoid damaging such work. If the Subcontractor damages such work, repairs shall be made at the Subcontractor's expense.

DD. 100% glove use will be required in all cases other than in instances where manufacturer/OSHA recommendations/standards specifically prohibit the use of gloves due to added risk involved with their use. For example, in situations where gloves could have the added risk of being caught in rotating tools/machinery/parts.

EE. All Subcontractors are required to use platform type step ladders.

FF. Subcontractor acknowledges that the Project site is very small and there will be very limited space for on-site storage or parking.

GG. Subcontractor is responsible for the off-loading, distribution, and hoisting of all of their materials.

HH. The Subcontractor agrees to be bound by, and at its own costs comply with, all federal, state and local laws, ordinances and regulations applicable to the Subcontract Work, including but not limited to, all requirements of the Tennessee Lawful Employment Act (the "Laws"). Subcontractor shall furnish evidence of compliance as requested by Contractor. Evidence of compliance may be requested at Contractor's discretion and Subcontractor's full and complete response shall be furnished within two (2) business days and at no additional cost to Contractor. Subcontractor shall be liable to, and fully defend, indemnify and hold harmless, Contractor for all loss, cost and expense attributable to any acts of commission, omission or violations attributable to the Subcontractor, its employees and agents resulting from the failure to comply with the Laws, including without limitation, any fines, penalties or corrective measures.

II. With respect to its Work and this Subcontract, and in addition to the other duties specified in this Subcontract, Subcontractor owes to Contractor the duties timely and fully to enforce Balfour Beatty's Supplier Code of Conduct (http://balfourbeattyus.com/Partners/Sub-Contractors/Suppliers--Code-of-Conduct.aspx), or one just as stringent, and otherwise to insure that no laws are broken in respect of this Subcontract.

## II.   SCOPE OF WORK – STEEL STAIRS AND RAILS

The following information is provided in order to define and describe the Scope of Work, which will be required of this subcontract. It is intended for the following information to be complementary with the Requirements of all the other Contract Documents.

Scope of Work shall include state and local licensing, labor, material, supervision, equipment, tools, insurance, 100% Payment and Performance Bonds (if required), taxes (as applicable), permits and all other items necessary to perform the work.

The Scope of Work is in accordance with the Plans and Specifications as listed in the attached Exhibit "A".

The Scope of Work shall include, but not necessarily be limited to, the following:

### A.   GENERAL REQUIREMENTS

1. Work Hours: Subcontractor is aware that the Work detailed here is to be performed around existing occupied residential buildings and businesses. Subcontractor will take every measure required to insure safety of public during the performance of this work. Subcontractor's supervisor shall be onsite whenever they have work being performed and / or for all deliveries. Subcontractor must work within the hours permitted by the City

Franklin Park Multi-Family Residence Project
Owner Agreement Dated: May 7, 2013

Subcontractor's Initials:
Subcontract No.: 126400XX-XXX
Project No. : 12640000

Page 4 of 10

BBC-FR0065371

of Franklin. Working hours that are permitted is Monday – Friday 7 am – 7 pm, Weekends and Holidays 9 am – 7 pm. It will be the responsibility of the Subcontractors to obtain any permits to work outside those hours.

2. Subcontractor has acknowledged that drawings provided may be partial or incomplete and understands that additional information may be needed to provide a fully operational system. Subcontractor may need to seek or provide additional information from local authority sources and/or may obtain this information based on their expertise in this scope of work. Although any information provided by Subcontractor in no way constitutes an acceptance of design responsibility on the part of the Subcontractor but simply a way to insure the proper operation of the system based on their expertise.

3. Design/Plan Intent: The intent of the Contract Documents is to include all items necessary for the proper execution and completion of the Work. The Contract Documents are complementary, and what is required by any one shall be binding as if required by all. Subcontractor acknowledges that the Contract Documents require a complete, first class project which complies with all Applicable Laws and permits, and requirements of the local jurisdiction. Subcontractor recognizes that the Contract Documents are scope documents and, as such, indicate the design concepts and major architectural and engineering elements of the Project. The Contract Documents do not necessarily indicate or describe all details required for the full performance and execution of the Subcontractor's Work. As the construction proceeds, additional documents will be provided to assist in the completion of the Work. Subcontractor specifically agrees that there will be no request for increases in the Subcontract Price as a result of the additional documents provided as part of the development of complete documents for the Project as long as the original design intent for the scope of Work does not change. The Subcontractor agrees to bring to the attention of the Contractor any changes shown on such documents in accordance with Section 11 of the Standard Form General Conditions of this Agreement. A Subcontractor's lack of Contract Document review and foresight during the bidding, preconstruction, and completion of work will not justify an increase to this Subcontract price.

4. This project will require the Subcontractor to work as a team member with the Contractor, other Subcontractors, and other members of the project team through the completion of construction to assure that all work required by this Scope will be performed in such a manner that it is complete, fully functional, and in accordance with the Contract Documents within the contract price. It is specifically understood that the Subcontractor is an expert in this scope of work and has included all cost in this agreement to completely integrate this scope of work with others to provide a complete and fully operational finish product.

5. References to the term "Contractor" in the Drawings and Specifications shall be interpreted to mean work by this Subcontractor as they relate to this scope of work.

6. Compliance with Permit Restrictions: All work shall be completed in compliance with all regulations and permits requirements set forth by the City of Nashville, the DOT, all local agencies, and any other agencies having jurisdiction over this project. All work and testing required by these permits shall be completed by Subcontractor.

7. Sequence of Work: Subcontractor shall perform the work in the sequence and locations as directed by General Contractor in order to allow other phases of work to be completed by others. Subcontractor understands that any of the work in this agreement

Franklin Park Multi-Family Residence Project
Owner Agreement Dated: May 7, 2013

Subcontractor's Initials: _EE_
Subcontract No.: 126400XX-XXX
Project No. : 12640000

Page 5 of 10

BBC-FR0065372

that would impede and/or disturb adjacent community traffic flow and/or disturb the flow of work on site may be determined by General Contractor to be performed during nonstandard working hours at no additional cost. The work includes all items required for evening/night work including adequate temporary lighting, generators, etc.

8. <u>Weekend Work</u>: Weekend work is considered make-up days for lost time due to inclement weather at no additional cost to the Contractor. Weekend work may also be needed (at no additional cost to General Contractor) when major holidays occur during the work week (New Years Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day) or if Subcontractor falls behind schedule. Please see above for working hours.

9. <u>Mobilizations:</u> Subcontractor understands that this project shall require several equipment relocations / mobilizations due to phasing and that all costs associated with these relocations / mobilizations are included in this agreement.

10. Multiple mobilizations shall be required to perform this work.  Subcontractor shall provide all required mobilizations at no additional cost.

11. <u>Traffic Control:</u> Subcontractor shall solely be responsible to provide and maintain any, but not limited to, traffic control devices, dust control, jersey barriers, flagmen, warning signs, temporary pavements markings, and barricades required by the permits, DOT & City of Nashville, or Contractor in order to perform the work under this agreement. These measures shall remain in place until the governing authority or Contractor provides direction to relocate and/or remove the measures. If it becomes necessary during the performance of the work to close or partially close any public or private street, Subcontractor shall be responsible for directing traffic, providing barricades and maintaining a clean and safe work area in order to complete this scope of work. Subcontractor shall provide any street and sidewalk closing permits and has included costs as required to perform all work under this subcontract. Patching of any existing roadways, curbs, and sidewalks due to utility (infrastructure, tie-ins, etc.) and grading work shall be included.

12. <u>Site Access and Storage:</u> Subcontractor shall provide and maintain access to all buildings for use by other trades and to facilitate material deliveries. All material and equipment storage needs must be reviewed with the Contractor's Superintendent prior to mobilizing or generating onsite. If not given preapproval, Subcontractor may be required to demobilize equipment or relocate material to another onsite location or to any off site location at the Subcontractors expense. Onsite storage is at the risk of this Subcontractor.  It is the responsibility of this Subcontractor to inventory and secure its materials from theft and/or vandalism prior to leaving the site each day. Balfour Beatty Construction will not be liable for any material or equipment that is lost or stolen.

13. At the beginning of each day, Subcontractor shall be responsible for reviewing the site plan with the Contractor's Superintendent to avoid damage to existing and new utilities installed by others. Dig permits must be obtained at Contractor's job trailer before any excavations start.

Franklin Park Multi-Family Residence Project
Owner Agreement Dated:  May 7, 2013

Subcontractor's Initials: _____
Subcontract No.: 126400XX-XXX
Project No. : 12640000

Page 6 of 10

BBC-FR0065373

14. <u>Red Lines:</u> Subcontractor will update the Contractor's red line drawings on a weekly basis. This will include all features that are known, both new and existing, and that are left in place upon completion of this scope of work. This will also include any other features required by the Engineer and Contractor. This will include an additional complete single set that will be provided with close out documents.

15. <u>As-built Drawings-</u> Subcontractor shall maintain as-built drawings throughout the course of construction which shall be subject to periodic review of Contractor..

16. Subcontractor shall furnish to Contractor a list of all equipment and/or machinery to be utilized on the Project. This list shall designate whether the equipment is owned, leased or rented, and if leased or rented, Subcontractor shall also provide the applicable rental and transportation rates. Subcontractor will inform Contractor prior to any equipment being mobilized or demobilized to the project. This information should be included in your daily JHA and Pre-Task Plan. Any change to the JHA must be amended prior to any new tasks.

17. <u>Layout:</u> Contractor shall provide subcontractor with minimum of two (2) benchmark elevations and building corners. Subcontractor shall provide all surveying and layout for work included in this agreement.

18. Subcontractor is responsible for providing, in a timely manner, all submittal information as required by the Contract Documents and as requested by Contractor.

19. <u>Protection of Sub Work:</u> Subcontractor understands that Subcontractor shall be responsible to protect subcontractor's own work from other trades until accepted by Owner.

20. <u>Punch:</u> Subcontractor shall complete punch work as required by, and to the complete satisfaction of the Contractor, Architect, Engineer and Owner. Subcontractor shall provide Contractor with a list of punch items to be completed for this scope of work prior to starting punch work.

21. Subcontractor shall display the utmost caution when operating equipment near or under overhead power lines. All work within 50 feet of overhead power lines that presents an opportunity for equipment to be struck must be reviewed with the Contractor prior to starting. Subcontractor will take all precautions necessary to insure all operators are aware of overhead line locations.

22. Subcontractor shall provide proof of business license prior to mobilizing on site. Subcontractor shall obtain license in a timely manner in order to start the construction schedule.

23. Schedule of Values: In addition to any other provisions listed herein, Subcontractor hereby agrees to allocate a reasonable and fair share of cost as determined by Contractor in the schedule of values for requisitioning of the following items of work under this Agreement. Schedule of values to be broken down by building, floor, work area, and by item - materials (specific breakdown) and labor (specific breakdown).

Franklin Park Multi-Family Residence Project
Owner Agreement Dated: May 7, 2013

Subcontractor's Initials: _____
Subcontract No.: 126400XX-XXX
Project No. : 12640000

Page 7 of 10

BBC-FR0065374

    a. Subcontractor agrees to provide a line item on their Schedule of Values entitled "Housekeeping & Safety" equal to 3% of the total value of this Subcontract. Progress payments against this line item will be made in accordance with standard payment practices and in proportion to the overall subcontract percent complete subject to Subcontractor's compliance with all housekeeping and safety obligations; however payment for this item will not be unreasonably withheld by Contractor. Any backcharges or other claims by Contractor against Subcontractor regarding housekeeping or safety issues will be made in accordance with the General Conditions of this Agreement.

    b. Close out information - value shall be 2% of subcontract value including as-builts, owner manuals, warranties, etc. to be requisitioned as a lump sum amount upon 100% completion of these submittals.

    c. Punchlist - value shall be 2% of subcontract value to be requisitioned as a lump sum amount upon 100% completion.

24. Subcontractor is responsible for providing fire watch and fire extinguishers while performing any hot work on site. Subcontractor must obtain a hot work permit from general contractor before any hot work is to be performed.

25. Subcontractor shall be responsible for washing the tires and undercarriages of all vehicles and equipment associated with this scope of work prior to leaving the site at the designated exit locations if tire wash is made available. Subcontractor shall be responsible to cleanup all soils and debris that are tracked off site.

**B.** This Subcontract covers furnishing of all labor; materials; equipment; hoisting: tools; scaffolding; supplies; incidentals; services, etc. that is required to perform:

Division 00 - Procurement and Contracting Requirements
Division 01 - General Requirements
Specification Section 055000 - Metal Fabrications
Specification Section 055100 - Metal Stairs
Specification Section 055213 - Pipe and Tube Railing
Specification Section 057000 - Decorative Metal
Specification Section 057300 - Decorative Metal Railings

**C. Summary of Work**

The Work shall include, but not be limited to the following:

1. This Contract includes, but is not limited to all metal pan steel stairs and handrails, stair guard rails, grab rails, extensions, deadmen and returns, wall rails, walk rails, cane rails, landing rails, balcony rails, Juliet balconies (furnish only) and supports, as shown on the Contract Documents. All work shall be of the highest standard of quality and in full compliance with all governing laws, ordinances, codes, regulations, and engineered shop drawings.

2. Subcontractor shall provide and install all balcony and knee wall rails as shown in the contract documents. Rails to be powder coat, black.

3. Subcontractor shall provide all Romeo and Juliet balcony rails and supports as shown in the contract documents. Rails to be powder coat, black.

4. Subcontractor shall provide and install all 48" metal pan steel stairs, landings, handrails etc. to provide a complete stair system as called for in the Contract Documents. All material to receive 1 shop coat of red primer.

Franklin Park Multi-Family Residence Project
Owner Agreement Dated: May 7, 2013

Subcontractor's Initials: _____
Subcontract No.: 126400XX-XXX
Project No. : 12640000

BBC-FR0065375

5. Subcontractor shall provide and install all wall rails/ grab rails be shop coat primed with 2 ¼" extensions, per the contract documents.

6. Subcontractor shall provide and install all handrails required at the precast garage stairs per the contract documents. Cable Rail and Cable Rail supports are not included in this scope of work.

7. Subcontractor shall provide all core drilling and grouting as required to install the handrails.

8. Subcontractor shall obtain and maintain any licenses required to complete this scope of work. Including but not limited a business license for the State of Tennessee, City of Franklin, and Williamson County.

9. Subcontractor shall provide complete shop drawings for all material included this scope of work. Subcontractor shall perform field measurements and verification prior to production and delivery of any materials.

10. Proper location and installation according to plans and specifications of all materials shall be the sole responsibility of the Subcontractor.

11. Subcontractor shall attend all coordination meetings that will be held at the Contractor's office on site prior to any installation. In these meetings Subcontractor shall notify Contractor of any other trades work that may prohibit the installation of Subcontractors work.

12. Subcontractor acknowledges that the site has very limited storage space and coordination of deliveries with the Contractor's Superintendent and the project schedule will be critical.

13. Subcontractor shall provide and remove all temporary bracing and shoring to complete this scope of work.

14. All prime coated steel shall have one shop coat of specified rust inhibiting primer applied over smooth finished steel. Subcontractor shall perform all field touch-up painting and galvanizing. Subcontractor shall prime paint or galvanize welds as needed. All finished surfaces shall be left smooth and clean after erection and ready for the first coat of paint.

15. Subcontractor is responsible for all erection, hoisting and unloading as required. Subcontractor shall be responsible for providing any cranes or other equipment as required.

16. Subcontractor shall provide, install, and remove all fall protection at edges and openings in order to complete this scope of work. Subcontractor shall removed and dispose of the temporary hand rails installed in the stair towers when installing the new hand rails.

17. Subcontractor shall provide all necessary hardware; anchor bolts, lags, carriage bolts, nuts and washers, support angles, etc. needed to complete this subcontract.

18. Following installation, Subcontractor is responsible for maintaining the correct position of all materials installed under this subcontract.

19. Subcontractor shall coordinate and schedule all 3rd party and building department inspections and testing. Prior to scheduling Subcontractor shall notify Contractor. Subcontractor will be responsible for paying re inspection fees.

20. Subcontractor shall punch-out all work included in this scope and shall correct all incomplete and/or defective work within the time frame allowed by the Contractor. Subcontractor shall enumerate his own punch list and execute same prior to punch out by Contractor. Subcontractor shall provide their completed punch list to contractor prior to Contractor punch.

Franklin Park Multi-Family Residence Project
Owner Agreement Dated:  May 7, 2013

Subcontractor's Initials:
Subcontract No.: 126400XX-XXX
Project No. : 12640000

Page 9 of 10

BBC-FR0065376

21. Subcontractor is responsible for all welding, which shall be performed by certified welders in a manner that will ensure the structural integrity of the system. All welded surfaces (including pickets) shall be continuously welded; tack welding other than for temporary measures shall not be permitted. All welds shall be ground smooth and excess slag removed prior to shop coating or field touch-up of primer.

22. Subcontractor shall provide all welding certificates prior to starting work.

23. Subcontractor shall promptly install handrails at stairs and landings as directed by Contractor or shall be required to provide temporary handrails in accordance with OSHA and Contractor's standards.

24. Subcontractor shall coordinate all installations with Contractor and other trades as required.

25. Subcontractor is fully aware of the constraints of the project schedule and shall make adjustments in order to maintain the project schedule.

26. All stairs shall be true to line, plumb, square and level and shall be adequately secured. Supports to be anchored to allow construction traffic until flat work is complete.

27. Subcontractor shall perform all clean up in work areas daily. All trash and debris shall be removed from the buildings and disposed in the dumpsters every day.

***This is a lump sum subcontract.  Pricing includes any escalation required for the duration of the project.***

## EXCLUSIONS

    A. California type vehicular gates & Garage entry fencing
    B. Trellises
    C. Concrete In-fill at pan stairs
    D. Structural Steel
    E. Steel Lintels & brick relief angles
    F. Pipe bollards
    G. Cable Rail
    H. Finish Paint
    I. Payment and Performance Bond
    J. Rebar or wire mesh reinforcing
    K. Aluminum
    L. Stair Treads/Nosings

## UNIT PRICES

    A. None

## ALTERNATES

    A. None

## SCHEDULE OF VALUES

    A. See attached Schedule A

Franklin Park Multi-Family Residence Project
Owner Agreement Dated: May 7, 2013

Page 10 of 10

Subcontractor's Initials: _____
Subcontract No.: 126400XX-XXX
Project No. : 12640000

BBC-FR0065377

**SCHEDULE A**

SCHEDULE OF VALUES
FRANKLIN PARK MULTI-FAMILY RESIDENCE PROJECT
Steel Stairs and Rails
Edwards Steel Solutions, Inc.

| Description | | Total |
|---|---|---|
| Furnish & Install - Stairs & Rails | $ | 194,254.00 |
| Furnish & Install - 42" Balcony Rails | $ | 248,916.00 |
| Furnish & Install - 18" Balcony Rails | $ | 68,396.00 |
| Furnish - Juliet Balconies | $ | 76,600.00 |
| Black Powder Coat Rails | $ | 51,834.00 |

| | | |
|---|---|---|
| Sub Total: | $ | 640,000.00 |
| Sales Tax (9.25%): | | Included |
| **Project Total:** | **$** | **640,000.00** |

Subcontractor's Initials _EE_
Subcontract No. 12640010-026
Project No. 12640000

Franklin Park Multi-Family Residence Project
Owner Agreement Dated May 7, 2013

Page 1 of 1

BBC-FR0065378

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

# EXHIBIT B

SELECT A CITY ⌄

CRANE WATCH
**Breaking down the biggest construction projects** ›

LIMITED TIME OFFER
Subscribe Now

YOUR ACCOUNT
Sign In ⌄

INDUSTRIES & TOPICS    🏠    NEWS    LISTS & LEADS    PEOPLE & COMPANIES    EVENTS    LEADERSHIP TRUST    MORE...    🔍

Please Sign In and use this article's on page print button to print this article.

Commercial Real Estate · Done Deal

# Done Deal: Steel company makes $1.1M purchase



## TRENDING

FOOD & LIFESTYLE
**See inside a Downtown hotel with lots of Moxy**



COMMERCIAL REAL ESTATE
**First look: New apartments Rise on former Wonder Bread site**



BUILDING MEMPHIS
**Memphis Jewish Home and Rehab - New Rehab Center and Patient Wing**
SPONSORED LISTING



By Meagan Nichols  – Managing Editor, Memphis Business Journal
Jul 24, 2017, 12:06pm EDT

**COMPANIES
IN THIS ARTICLE**
Brought to you by
**Deloitte Private**

**Edwards Steel Solutions, LLC**
Memphis, TN

See full profile ›

**Deloitte.**
Private

**Family business legacy**
What can help a family
business succeed for
generations?

Learn more

A Memphis
manufacturing
facility sold for seven figures.

The 208,000-square-foot industrial building at 1700 S.
Third St. was purchased by Edwards Steel Solutions for $1.1
million.

Greg deWitt, vice president with Avison Young,
represented the buyer.

Edwards Steel specializes in the fabrication of steel stairs
and rails and plans to occupy 86 percent of the facility and
lease the remaining square footage. No lease had been
signed as of Friday, July 21.

The company plans to fabricate steel that will be used
primarily for multifamily construction.

Memphis Commercial & Industrial Real Estate represented
the seller, B&C LLC.

The building sits on a nearly nine-acre lot and includes 40
parking spaces. There are 13 exterior dock doors with 17-
foot to 25-foot ceilings.

**1 OF 3** ARTICLES REMAINING    |    To continue    Create a FREE account    or Sign in

According to Avison Young, Edwards Steel plans to update the office and sprinklers as well as add LED lighting.

**T H E** ● ● **L** ● **I** ● **S** ● **T**

## Industrial Real Estate Firms

Ranked by Industrial agents

| Rank | Rank | Industrial Agents |
|------|------|-------------------|
| 1 | Colliers International-Memphis | 12 |
| 2 | Belz Enterprises | 8 |
| 2 | Crye-Leike Commercial | 8 |

| View This List |
|:-:|

📅 **DEADLINE: MONDAY, AUGUST 7, 2017**

### CFO of the Year Awards Presented by Bank of America Merrill Lynch

Nominate your choice now for the 8th Annual CFO of the Year Awards Presented by Bank of America Merrill Lynch!

See nomination details

## MORE IN COMMERCIAL REAL ESTATE

More ›



**SoftBank may not buy $3 billion in WeWork shares** ⚓

THE NEW YORK TIMES



**New York firm plans redevelopment of former Orion HQ** ⚓

BY JACOB STEIMER



**How big businesses get a 'deep clean'** ⚓

THE NEW YORK TIMES



**Developer plans 100-acre, mixed-use project in Millington** ⚓

BY JACOB STEIMER





1 **OF** 3 ARTICLES REMAINING· To continue, Create a FREE account or Sign in

**Latest BizSpotlight**                                                           More  ›



DISTRIBUTION

**Kele, Inc.**

Award Winner

Kele, Inc. won Distributor of the Year at the 2019
ControlTrends Awards ceremony earlier this month.
The ceremony coincided with the 2020 AHR Expo,
th...



STAFFING & RECRUITING

**HireQuest Direct**

Rebrand

Trojan Labor is excited to announce that on July 15th,
2019, they merged with Command Center to form
one great company, HireQuest Direct. The
merging ...



LEGAL SERVICES

**Cory Watson Attorneys**

Expansion

Cory Watson Attorneys, a national-recognized personal injury law firm with offices in Birmingham, Alabama, and
Nashville, Tennessee, is proud to annou...

Back to Top  ▲

**MEMPHIS BUSINESS JOURNAL**

Home    News    Lists & Leads    People    Companies    Events    Jobs    Store

SUBSCRIBERS

Start a Subscription

Subscriber-Only
Content

Digital Edition

Book of Lists

Book of Lists -
Unlimited

Manage your Account



ABOUT & CONTACT

About Us

About The Business
Journals

Advertise

Help & FAQs

Contact Us

Circulation Sales
Center Directory

APPS & SYNDICATION

Mobile Apps

Syndication/RSS

FOLLOW US

ACBJ

American City
Business Journals

AmericanInno

Bizwomen

Hemmings

Inside Lacrosse

Sports Business
Journal

User Agreement  |  Privacy Policy  |  Your California Privacy Rights  |  Ad Choices

© 2020 American City Business Journals. All rights reserved. Use of and/or registration on any portion of this site constitutes acceptance of our User Agreement (updated 1/1/20) and Privacy Policy and Cookie
Statement (updated 1/1/20). The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of American City Business Journals.

**1 OF 3**  ARTICLES REMAINING    To continue    Create a FREE account    or Sign in

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

# EXHIBIT C

AMENDMENT TO SUBCONTRACT
~~Edwards Steel, Inc.~~ EDWARDS STEEL SOLUTIONS, LLC

This Amendment to the Subcontract Agreements between Balfour Beatty Construction, LLC ("Balfour") and ~~Edwards Steel, Inc.~~ ("Edwards") is entered and agreed to by the Parties, on this the ~~day of November, 2017~~. ↘EDWARDS STEEL SOLUTIONS, LLC
.2 DAY OF JANUARY, 2018.

## Recitals

A.      Balfour and Edwards entered into a Subcontract Agreement (the "Subcontract") with an effective date of November 4, 2013, under which Edwards agreed to perform the decorative metal railings scope of work (the "Work") for the Franklin Park Multi-Family Residence Project in Franklin, Tennessee ("Project").

B.      The Subcontract requires that disputes between Balfour and Edwards be submitted to binding arbitration administered by the American Arbitration Association ("AAA").

C.      Balfour has asserted claims against Edwards for defaulting on its subcontract, for defective work and breach of contract.  Edwards disputes these claims.

D.      The Parties desire to submit the claims to arbitration as set forth herein below.

## Agreement

Accordingly, the Parties agree to the following Amendment of the Subcontract:

1.      The Parties will submit their claims to private arbitration before a single Arbitrator (the "Arbitrator").

2.      The Arbitrator will be selected as follows:

a.  Within ten (10) days after the execution of this agreement, each Party will identify ten (10) acceptable arbitrators from Tennessee or a contiguous state and prepare a list of the potential arbitrators in order of preference numbering each individual from one (1) to ten (10).  The individuals identified must be practicing attorneys with substantial experience in the field of construction law. The parties will exchange lists simultaneously at a mutually agreed time and date.

b.  The potential arbitrator appearing on highest on both Parties' lists shall be selected as the Arbitrator.  To determine which individual appears highest on both lists, the numeric position of the individual on each list shall be added together.  The individual appearing on both lists with the lowest combined numeric position shall be selected as the Arbitrator.  In the event of a tie, the tie will be broken by the flip of a coin.

c.  If a selected Arbitrator cannot serve as the arbitrator for any reason, the individual appearing on the Parties' lists of potential arbitrators with the next lowest combined numeric position shall be selected as the Arbitrator.  This process shall be followed until a selected arbitrator agrees to serve or all individuals appearing on both lists have declined to serve as the arbitrator.  In the event an arbitrator cannot be selected from the first lists of provided by the Parties, then the Parties shall repeat this process identifying ten (10) additional individuals not previously identified until an Arbitrator has been selected and retained.

3.      Preliminary hearings and conferences shall be by telephonic conference unless a party requests an in person hearing or conference.  The final hearing on the merits of the Parties' claims and defenses shall take place at a mutually agreeable location in Nashville, Tennessee.

4.      The arbitration will be governed by the applicable Construction Industry Rules of the AAA (except to the extent the Rules conflict with the provisions of this Agreement), the Tennessee Uniform Arbitration Act and the Federal Arbitration Act. The order of precedence among the rules governing the arbitration shall be:

      a.   This Agreement;

      b.   The applicable Construction Industry Rules of the AAA:

      c.   The Tennessee Uniform Arbitration Act: and

      d.   The Federal Arbitration Act

5.      The arbitration will be administered by the Arbitrator. As part of the administration of the arbitration, the Arbitrator shall maintain a complete file of all documents and correspondence received by the Arbitrator during the course of the proceedings (the "Arbitrator's Record"). The Arbitrator shall return the documents made part of the record to the party who presented and/or introduced such item or document.

6.      The Parties will execute an engagement agreement with the Arbitrator, and that agreement shall be consistent in all respects with the terms of this Amendment and any applicable provisions of the Subcontract. The Parties agree to share equally in the expense of the arbitration including the fees and expenses for the arbitrator as well as any other reasonable expenses related to the administration of the arbitration and costs associated with hearings or other proceedings, unless the fees and expenses of the Arbitrator are assessed in accordance with Paragraph 12 herein.

7.      The Arbitrator selected by the Parties will have the authority to resolve all disputes between the Parties as set forth in their arbitration statements, to resolve any discovery disputes in the arbitration and to issue subpoenas for the production of documents and witnesses for depositions and the arbitration hearing.

8.      Unless the Parties subsequently agree otherwise, the proceedings, including the hearing on the merits, will not be transcribed. However, either party shall have the right to unilaterally employ a transcriptionist to transcribe the proceedings at that Party's sole expense.

9.      The Parties agree to exchange all documents relevant to the claims, counterclaims and defenses without specific document requests in accordance with AAA Rule 24. The Arbitrator will have the authority to resolve any discovery disputes, including without limitation relating to such search terms and custodians of relevant ESI. The Parties also agree to provide expert disclosures setting forth the information and documents required by the Federal Rules of Civil Procedure.

10.     Written discovery requests (interrogatories, requests for production of documents and requests for admissions) are discouraged, but not prohibited.  The Parties agree to seek information necessary to present their claims and defenses through informal requests, and not formal written discovery unless the other Party's responses to the informal requests are unsatisfactory.  Each Party shall be permitted to serve written discovery in accordance with Federal Rules of Civil Procedure 33, 34 and 36. If so desired, the Parties agree that an on-site inspection of the Project at issue may be scheduled.  Each category of permitted written discovery shall be limited to fifteen (15) requests including sub-parts.

11. Unless the Parties subsequently agree otherwise, depositions will be limited as follows:

    a. Expert Witnesses – depositions limited to eight (8) hours, unless extended by agreement or by the Arbitrator;

    b. Fact Witnesses –depositions are limited to three (3) witnesses for each Party, and each deposition shall be limited to seven (7) hours, unless extended by agreement or by the Arbitrator; a Rule 30(b)(6) deposition will be considered one fact witness for purposes of this Agreement regardless of the number of witnesses testifying for the corporate entity; a Rule 30(b)(6) deposition shall be limited to seven (7) hours unless extended by agreement or by the Arbitrator.

    c. Additional Depositions – The Parties may take additional depositions by agreement or upon leave granted by the Arbitrator upon a showing of good cause for the additional deposition requested by the Party.

12. The Arbitrator shall issue a written, reasoned award briefly stating with respect to each claim, the analysis and conclusions on which the award is based, and amounts, if any, awarded to the Parties. Provided consistent with the Subcontract and AAA rules, the Arbitrator may assess and apportion arbitration fees and costs as it determines appropriate.

13. The arbitration proceeding and the Arbitrator's Record, including without limitation, the award and position statements submitted to the Arbitrator, shall be kept confidential and not disclosed to anyone other than the Parties to this arbitration, except to the extent that disclosure is necessary to (a) comply with a subpoena or order of a court of competent jurisdiction or (b) enforce an arbitration award in a court of competent jurisdiction. Provided, however, such disclosure must be limited to the minimum disclosure necessary to accomplish such compliance or enforcement, the disclosing party must give the other adequate notice of the proposed disclosure and either of the Parties may seek a protective order in connection therewith.

14. As soon as practical after the Arbitrator is selected, the Arbitrator will conduct a preliminary scheduling conference by conference call with all counsel in order to set a schedule for the arbitration proceeding and hearing, including all deadlines and other restrictions, if any, for discovery, depositions, document productions, exchanges of exhibits and witness lists and submission of any briefs. The Arbitrator shall confirm the schedule in writing after the conclusion of the preliminary conference.

15. The Subcontract (including change orders and other written modifications to the Subcontract, if any) remains effective, except to the extent the dispute resolution procedures are amended by this Agreement. Nothing herein is to be construed to limit any claim or defense of the parties regarding validity or enforceability of any provision of the Subcontract, except the amended dispute resolution provisions. The Parties expressly retain and do not waive any claims, defenses or causes of action each may have against the other.

16. The Parties agree to take such further actions and execute such documents as may reasonably be necessary to effectuate the terms of this Agreement.

[This Portion Intentionally Left Blank]

AGREED:

Balfour Beatty Construction, LLC

By:_____

Edwards Steel, Inc.
EDWARDS STEEL SOLUTIONS, LLC

By:_____, PRESIDENT

4

**AGREED:**

**Balfour Beatty Construction, LLC**

By: _____

**Edwards Steel, Inc.**

By: _____

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

# EXHIBIT D

## PRIVATE ARBITRATION

| | |
|---|---|
| **In the Matter of Arbitration Between** ) | |
| ) | |
| **BALFOUR BEATTY** ) | |
| **CONSTRUCTION, LLC,** ) | |
| ) | |
|     **Claimant/Counter-Respondent** ) | **Arbitrator:  William H. Tate, Esq.** |
| ) | |
| **and** ) | |
| ) | |
| **EDWARDS STEEL SOLUTIONS, LLC** ) | |
| ) | |
|     **Respondent/Counter-Claimant** ) | |

## FINAL AWARD

THE UNDERSIGNED ARBITRATOR, William H. Tate, having been designated and appointed in accordance with the Arbitration Agreement between the Claimant/Counter-Respondent Balfour Beatty Construction, LLC ("BBC") represented by Jack R. Dodson, Esq. and R. Slade Sevier, Jr., Esq. of Dickinson Wright PLLC and the Respondent/Counter-Claimant Edwards Steel Solutions, LLC's represented by Elizabeth B. Stengel and Joseph T. Getz of Evans Petree, PC, and having been duly sworn and having duly heard the allegations of the parties and having considered the Answer and Counter Statement of Claims of Edwards Steel Solutions, LLC filed on or about April 17, 2019 hereby issues this Final Award in disposition of all claims, counter-claims and issues submitted by the parties.

The Hearing of this matter took place beginning June 24, 2019 upon multiple notices to all of the parties including to Elizabeth B. Stengel and Joseph T. Getz representing Edwards Steel Solutions, LLC; however at the date and time of the designated and noticed Hearing on June 24, 2019 no one appeared on behalf of Edwards Steel Solutions, LLC and the Hearing proceeded in

accordance with R-32 <u>Arbitration in the Absence of a Party or Representative</u> of the Construction Industry Arbitration Rules.  Balfour Beatty Construction, LLC was required to submit evidence and argument in support of its claims and the other issues presented.

### STATEMENT OF FACTS

On May 7, 2013, BBC entered into a Contract with Franklin Park Acquisitions Company LLC.  Balfour entered into a Subcontract for Steel Stairs and Rails with Edwards Steel Solutions, LLC effective November 4, 2013 which included the Standard Form General Conditions.

The original subcontract price for Edwards Steel's work was $640,000.00.  The Parties executed three change orders that increased the subcontract to a total of $702,761.00.  Edwards Steel commenced work on the Project in approximately January 2014.

BBC received Field Observation Reports from the Owner's engineer - SKA Consulting Engineers, Inc. ("SKA"). As early as September 2014, SKA began reporting deficiencies of Edwards Steel's work including the following:

* <u>September 8, 2014</u> – Notification that Edwards Steel's railings needed to be revised because they were not properly aligned.

* <u>February 13, 2015</u> – BBC requested Edwards Steel conduct independent testing on the railings due to concerns that the railings may not meet the load requirements specified by the Subcontract.

* <u>February 25, 2015</u> – Notification that the anchors used in the knee walls did not conform to the Subcontract specifications.

On April 16, 2015, BBC sent Edwards Steel a letter providing seventy-two (72) hours

to cure railings that were unacceptable due to rust and welding slag. November 18, 2015, BBC gave Edwards Steel Notification of Formal Default under its Subcontract.

January 13, 2016, Phoenix Engineering and Consulting, Inc. ("Phoenix"), a third-party engineering consultant firm hired by BBC, performed an on-site review of Edwards Steel's railings. The consultant noted items of concern with the quality of Edwards Steel's work and published a report to BBC on January 21, 2016. The report identified in part the following deficiencies in Edwards Steel's work:

1. poor quality and workmanship of the welded connections;

2. no evidence that weld joints were performed to obtain structural joints;

3. broken, cracked, and incomplete welds;

4. overlap, undercut, underfill, and excessive reinforcement of welded joints;

5. splatter, excessive porosity, incomplete fusion, and generally poor quality welds in all railings;

In an attempt to mitigate its damages, BBC entered into contracts with Raydeo Enterprises, Inc. ("Raydeo"), Delta Builders, Inc. ("Delta Builders"), RG Masonry, Inc. ("RG Masonry"), and Snake Steel, Inc. ("Snake Steel") to correct and repair the damage done by Edwards Steel and to replace the railings. BBC contracted with Raydeo to perform replacement work in the amount of $906,435.00. BBC also contracted with Snake Steel to perform replacement work in the amount of $93,205.62. In order to repair damage to exterior finishes, BBC contracted with RG Masonry for $51,600.00 and with Delta Builders for $24,078.10.

## BREACH OF CONTRACT

No dispute exists as to the validity of the Subcontract.

The Arbitrator concludes that Edwards Steel's breaches of the Subcontract between the parties were material. The railings provided by Edwards Steel did not conform to the Subcontract. BBC provided Edwards Steel multiple opportunities to cure but Edwards Steel denied responsibility and has not provided proof of any attempt to cure. The Subcontract requires Edwards Steel to remove and replace deficient work. Edwards Steel's failure to replace the deficient railings identified by BBC is an additional material breach of the Subcontract.

BBC was damaged by the deficient performance of Edwards Steel pursuant to the Subcontract. The work of Edwards Steel suffered from unacceptable poor quality and workmanship. The measure of damages includes the reasonable cost incurred by BBC to repair Edwards Steel's deficient work, to hire a replacement subcontractor to complete the job and all necessary costs resulting from Edwards Steel's deficient work such that BBC is returned to the position it would have been in had Edwards Steel properly performed.

Paragraph 13(A) of the Standard Form General Conditions of the Subcontract sets forth the following conditions:

> In addition to the cost of reprocurement, finishing and/or correcting the Work, Subcontractor will be responsible for any damages arising out of a default or termination of Subcontractor, including, without limitation, Owner's and Contractor's delay damages, Contractor's attorneys fees and litigation or arbitration costs, and damage to other subcontractors, plus overhead of fifteen percent (15%) on all expenses to cover costs not readily ascertainable, and not as a penalty.

In accordance with the default terms of the Subcontract, BBC provided written notice of default to Edwards Steel with an opportunity to cure on multiple occasions.

4

BBC is entitled to damages, attorneys fees and arbitration costs.  BBC is entitled to recover Indirect Costs *or* the fifteen percent (15%) overhead provided in the contract between the parties *but not both*.

## CONCLUSION

As a direct and proximate result of Edwards Steel's breaches of the Subcontract, BBC has incurred damages.

Therefore, the Arbitrator makes the following AWARD:

A.      Respondent Edwards Steel Solutions, LLC shall pay damages in the amount of $1,292,938.35 to Claimant Balfour Beatty Construction, LLC. which are calculated as follows:

| | | |
|---|---|---|
| Edwards Subcontract Award | | $702,761.00 |
| Less: Payments to Edwards | | (573,989.05) |
| Remaining Current Balance | | 128,771.95 |
| | | |
| **Costs Incurred to Correct/Complete Edwards Scope of Work** | | |
| **Direct Costs** | | |
| Raydeo | $906,435.00 | |
| RG Masonry | 51,600.00 | |
| Snake Steel | 93,205.62 | |
| Delta | 24,078.10 | |
| **Indirect Costs** | | |
| Balfour Beatty extended GC's | 153,421.00 | |
| | | 1,228,739.72 |
| Costs incurred less remaining contract balance | | 1,099,967.77 |
| | | |
| Attorneys' Fees | $150,753.33 | |
| Fees of the Arbitrator | 22,500.00 | |
| Other Costs | 19,717.25 | |
| | 192,970.58 | |
| | | |
| **FINAL AWARD** | | **$1,292,938.35** |

B.      All claims by Counter-Claimant Edwards Steel Solutions, LLC against Claimant/Counter-Respondent Balfour Beatty Construction, LLC are denied.

C.      All fees and expenses of the Arbitrator are also AWARDED and shall be borne by

Edwards Steel Solutions, LLC.

       D.      This AWARD is in full settlement of all claims and counterclaims submitted to this

Arbitration. All claims not expressly granted herein are hereby denied.

                                                         William H. Tate, Arbitrator

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing has been served on all parties or their counsel via E-mail and/or United States Mail as follows on June 25, 2019.

*__Via United States Mail and Email: bstengel@evanspetree.com; jgetz@evanspetree.com__*
Beth Stengel, Esq.
Joe Getz, Esq.
Evans Petree, PC
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120

*__Via United States Mail and Email: RDodson@dickinson-wright.com; SSevier@dickinson-wright.com__*
Rob Dodson, Esq.
Slade Sevier, Esq.
Dickinson Wright, LLP
424 Church Street, Suite 800
Nashville, Tennessee 37219

*__Via United States Mail:__*
Edwards Steel Solutions, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

*__Via United States Mail:__*
Edwards Steel Solutions, LLC
c/o Ethan Edwards
1700 South 3rd Street
Memphis, TN 38109

                                        William H. Tate

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

# EXHIBIT E

E-FILED
9/16/2019 4:57 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

## IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 19-0956-IV ) |
| EDWARDS STEEL SOLUTIONS, LLC, | ) ) |
| Defendants. | ) ) ) |

F.04-Δ

## FINAL JUDGMENT

Before the Court is Plaintiff, Balfour Beatty Construction, LLC's Motion to Confirm its Arbitration Award against Edwards Steel Solutions, LLC. After Defendant Edwards Steel Solutions, LLC failed to respond to this Motion or appear at the hearing, and considering the record, the Court grants Plaintiff's Motion.

IT IS THEREFORE ORDERED that Balfour Beatty Construction, LLC's Motion to Confirm its Arbitration Award is granted and judgment is hereby entered against Edwards Steel Solutions, LLC and in favor of Balfour Beatty Construction, LLC in the amount of One Million Two Hundred Ninety Two Thousand Nine Hundred Thirty Eight and 35/100 Dollars ($1,292,938.35). Further, Balfour Beatty Construction, LLC is awarded an additional judgment for costs, fees, attorneys' fees and expenses incurred to confirm the arbitration award in the amount of Three Thousand Two Hundred Fifty Three and 85/100 Dollars ($3,253.85). Post-judgment interest shall accrue at the legal rate until such time as the judgment is satisfied.

This is the final judgment of the Court, for which execution may issue. Costs of this action assessed by the court clerk are hereby taxed to Defendants, for which execution shall issue if necessary.

SO ORDERED this __ __ day of September, 2019.

CHANCELLOR RUSSELL T. PERKINS

SUBMITTED FOR ENTRY:

DICKINSON WRIGHT PLLC


By:      /s/ Jack R. Dodson III
         Jack R. Dodson III, TN Bar No. 27947
         R. Slade Sevier, Jr., TN Bar No. 23013
         424 Church Street, Suite 800
         Nashville, Tennessee 37219
         T: (615) 244-6538
         RDodson@dickinsonwright.com
         SSevier@dickinsonwright.com


*Attorneys for Plaintiff Balfour Beatty Construction, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served via USPS first class mail, postage pre-paid, to:

         Edwards Steel Solutions, LLC
         c/o Agent for Service of Process
         Corporation Service Co
         2908 Poston Avenue
         Nashville, TN 37203-1312

On this 16 day of September, 2019.


                        /s/ Jack R. Dodson III
                        Jack R. Dodson III

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

# EXHIBIT F

# Shelby County Tennessee

## *Shelandra Y Ford*

### Shelby County Register

As evidenced by the instrument number shown below, this document has been recorded as a permanent record in the archives of the Office of the Shelby County Register.



19095073

09/13/2019 - 03:25:17 PM

4 PGS
KRISTIN   1918310 - 19095073

| | |
|---|---|
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 20.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 22.00 |

### SHELANDRA Y FORD
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

**IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

| | |
|---|---|
| **BALFOUR BEATTY CONSTRUCTION, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. CH-19-1181-III |
| **v.** ) | |
| ) | **Entered** |
| **EDWARDS STEEL SOLUTIONS, LLC,** ) | |
| **and 3938 RUNWAY ROAD, LLC,** ) | SEP 13 2019 |
| ) | |
| **Defendants.** ) | M.B. |

**AGREED ORDER** ON LIEN LIS PENDENS

As evidenced by the signature of counsel for the Parties below, the Parties have mutually agreed to the following pending discovery and final resolution of this law.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1.  The attached Abstract of Lien *Lis Pendens* shall promptly be signed by the Clerk and Master and recorded with the Shelby County Register of Deeds and no writ of attachment shall be issued; (See attached description)

2.  The Defendants, Edwards Steel Solutions, LLC and 3938 Runway Road, LLC, are immediately enjoined from using any funds, including funds held in accounts with Pinnacle Financial Partners and any other financial institutions, for any purposes other than expenses incurred in the ordinary course of operating their businesses until further Order of the Court.

IT IS SO ORDERED.

CHANCELLOR JOEDAE L. JENKINS

09-13-2019
DATE

A TRUE COPY-ATTEST
W. Aaron Hall, Clerk & Master
By
D.C. & M.

APPROVED FOR ENTRY:

Jack R. Dodson, III     TN Bar No. 27947
R. Slade Sevier, Jr.     TN Bar No. 23013
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, TN 37219
(615) 244-6538
RDodson@dickinsonwright.com
SSevier@dickinsonwright.com

*Attorneys for Plaintiff Balfour Beatty Construction, LLC*

Elizabeth B. Stengel     TN Bar No. 13061
Joseph T. Getz     TN Bar No. 10964
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
bstengel@evanspetree.com
jgetz@evanspetree.com

*Attorneys for Defendants Edwards Steel Solutions, LLC and 3938 Runway Road, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via email and United States Mail, first class, postage prepaid, on this 1∅th day of September, 2019 to:

     Jack R. Dodson, III
     R. Slade Sevier, Jr.
     Dickinson Wright, PLLC
     424 Church Street, Suite 800
     Nashville, TN 37219

Elizabeth B. Stengel

2

Instrument prepared by:
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, Tennessee 37219

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| **BALFOUR BEATTY CONSTRUCTION, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. CH-19-1991-III** |
| ) | |
| **EDWARDS STEEL SOLUTIONS, LLC,** ) | |
| **and 3938 RUNWAY ROAD, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## ABSTRACT OF LIEN *LIS PENDENS*

KNOW ALL PERSONS BY THESE PRESENTS, that pursuant to T.C.A. § 20-3-101(a), I hereby certify that on the 23rd day of August, 2019, this action was commenced in this court and remains on file and of record in my office and that according to such record:

1. The names of the parties to this action are: The Plaintiff is Balfour Beatty Construction, LLC. The Defendants are Edwards Steel Solutions, LLC, and 3938 Runway Road, LLC.

2. A description of the real estate affected is: 3938 Runway Road, Memphis, Shelby County, Tennessee 38118-6611.

3. The owner of the real estate affected is: 3938 Runway Road, LLC.

4. The nature and amount of the lien sought to be fixed is: The Plaintiff claims a lien *lis pendens* in the amount of $1,292,938.35 in furtherance of the setting aside of a fraudulent conveyance.

5. That a restraining order affecting said property ☐has ☒ has not been issued.

NOTICE IS HEREBY GIVEN to bona fide purchasers and encumbrancers for value of the aforesaid property, or any interest therein, that upon registration of this abstract with the Shelby County Register's Office, Balfour Beatty Construction, LLC, has a lien *lis pendens* upon said property, as provided in T.C.A. § 20-3-101.

WITNESS my hand and seal, this 13th day of September, 2019.

_____
W. AARON HALL, *CLERK & MASTER*

LOT 17, RUNWAY INDUSTRIAL PARK SUBDIVISION, AS SHOWN ON PLAT OF RECORD IN PLAT BOOK 31, PAGE 18, IN THE REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH PLAT REFERENCE IN HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID PROPERTY.

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

# EXHIBIT G

**Pinnacle Bank**

| Date | Balance |
|------|---------|
| 1/1/2019 | $103,785.07 |
| 2/1/2019 | $54,782.35 |
| 3/1/2019 | $92,317.04 |
| 4/1/2019 | $76,942.11 |
| 5/1/2019 | $15,719.96 |
| 6/1/2019 | $63,408.65 |
| 7/1/2019 | $27,170.48 |
| 8/1/2019 | $88,994.20 |
| 9/1/2019 | $7,173.47 |
| 10/1/2019 | $568.51 |

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH- _____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| | |

TO:     (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

_____

_____

_____

_____

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____

Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

_____

_____

Came to hand

_____day of_____, 20 _____

Sheriff

## CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |
|---|---|

**\*\*Submit one original and one copy for each defendant to be served.**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
   TO THE DEFENDANT(S):
          Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **<u>HAVE</u>** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____   By: _____
Signature of person accepting service                             Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **<u>HAVE NOT</u>** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to  the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | |
|---|---|
| _____ , **20**_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT  HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**      BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**            Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:      (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
       \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

_____

_____

_____

_____

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____
Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

_____

_____

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>               D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

&#9855; If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
   TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____
Signature of person accepting service                       Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | |
|---|---|
| _____ , **20**_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**      CH-19-1191

**Type:**               Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

Plaintiff

Defendant

TO:    (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____
Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

**W. Aaron Hall, Clerk & Master**

By: _____
D. C. & M.

\*\*Submit one original and one copy for each defendant to be served.

If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
For questions regarding scheduling or filing, please contact the court.

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                        By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to  the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** <br><br> _____ **, 20**_____ **.** <br><br> Signature of_____Notary Public or_____Deputy Court Clerk: <br><br> _____ <br><br> My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person <br> authorized by statute to serve process. <br><br> _____ |
| ATTACH RETURN <br><br> RECEIPT HERE <br><br> (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**        CH-19-1191

**Type:**        Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:     (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
     \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED_____of_____, 20_____ |
|---|---|
| _____ _____ _____ _____ | ### W. Aaron Hall, Clerk and Master By: _____ Deputy Clerk & Master 140 Adams, Room 308    Memphis, TN 38103 |
| TO THE SHERIFF: _____ _____ | Came to hand _____day of_____, 20 _____ Sheriff |

### CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master** By: _____ D. C. & M. |
|---|---|

**\*\*Submit one original and one copy for each defendant to be served.**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357. **For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
     TO THE DEFENDANT(S):
          Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of _____, 20 _____ at _____ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                               Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

By: _____
Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant_____. On the _____ day of _____, 20 _____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this _____ day of** _____ , **20** _____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of _____ Notary Public or _____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**      CH-19-1191

**Type:**                    Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| | |

TO:      (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
        \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

_____

_____

_____

_____

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____
                Deputy Clerk & Master

              140 Adams, Room 308     Memphis, TN 38103

TO THE SHERIFF:

_____

_____

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>                        D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____                 By: _____
Signature of person accepting service                                               Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                                                    By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | Signature of Plaintiff, Plaintiff's attorney or other person |
| _____ , **20**_____ . | authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**                   Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS**** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| | |

TO:     (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
       *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number) | ISSUED_____of_____, 20_____ |
|---|---|
| | ### W. Aaron Hall, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |
| TO THE SHERIFF: | Came to hand |
| | _____day of_____, 20 _____ |
| | Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |

****Submit one original and one copy for each defendant to be served.**

&#9855; If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of _____, 20 _____ at _____ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20 _____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this _____ day of** _____ **, 20** _____ **.**<br><br> Signature of _____ Notary Public or _____ Deputy Court Clerk:<br><br>_____<br><br>My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process.<br><br>_____ |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**        CH-19-1191

**Type:**        Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS**** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| | |

TO:     (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

- ☐ Shelby County Sheriff
- ☐ Private Process Server
- ☐ Out of County Sheriff*
- ☐ Secretary of State*
- ☐ Comm. Of Insurance*
- ☐ Certified Mail
- ☐ Other

    *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee.  Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below.  If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for  the relief sought in the complaint. Questions regarding this summons  and the  attached documents should be  addressed to  the  Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number) | ISSUED_____of_____, 20_____ |
|---|---|
| | **W. Aaron Hall, Clerk  and Master**<br><br>By: _____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |
| **TO THE SHERIFF:** | Came to hand<br><br>_____day of_____, 20 _____ |
| | Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |

****Submit one original and one copy for each defendant to be served.**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____                      By: _____
Signature of person accepting service                                           Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                                                    By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | |
|---|---|
| _____ , **20**_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**      CH-19-1191

**Type:**                   Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| | |

TO:      (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
       \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number) | ISSUED_____of_____, 20_____ |
|---|---|
| | **W. Aaron Hall, Clerk and Master**<br><br>By: _____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |

| TO THE SHERIFF: | Came to hand |
|---|---|
| | _____day of_____, 20 _____ |
| | Sheriff |

## CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

&#9855; If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
    TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                                          By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** _____ **, 20_____ .** Signature of_____Notary Public or_____Deputy Court Clerk: _____ My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. _____ |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**         BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**        CH-19-1191

**Type:**               Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS**** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:      (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

_____

_____          ☐ Shelby County Sheriff
                                                      ☐ Private Process Server
_____          ☐ Out of County Sheriff*
                                                      ☐ Secretary of State*
_____          ☐ Comm. Of Insurance*
                                                      ☐ Certified Mail
_____          ☐ Other
                                                              *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>_____<br><br>_____<br><br>_____<br><br>_____ | ISSUED_____of_____, 20_____<br><br>### W. Aaron Hall, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_____day of_____, 20 _____<br><br>Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |

****Submit one original and one copy for each defendant to be served.**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357. **For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                          By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| _____ , **20**_____ . | |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**      BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**    CH-19-1191

**Type:**            Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:      (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
      \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

_____

_____

_____

_____

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____

Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

_____

_____

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br>By: _____<br>                      D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of _____, 20 _____ at _____ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____     By: _____
Signature of person accepting service                      Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | |
|---|---|
| _____ , **20**_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**              Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 20 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:      (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

_____

_____          ☐ Shelby County Sheriff
                                                 ☐ Private Process Server
_____          ☐ Out of County Sheriff*
                                                 ☐ Secretary of State*
_____          ☐ Comm. Of Insurance*
                                                 ☐ Certified Mail
_____          ☐ Other
                                                 *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>_____<br><br>_____<br><br>_____<br><br>_____ | ISSUED_____of_____, 20_____<br><br>### W. Aaron Hall, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_____day of_____, 20 _____<br><br>Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |

**\*\*Submit one original and one copy for each defendant to be served.**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____                  By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | |
|---|---|
| _____ , **20**_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**     BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**     Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Mar 12 2:00 PM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br>CH- 19-1191-III |
|---|---|---|
| Plaintiff<br><br>Balfour Beatty Construction | | Defendant<br><br>Contractor Logistics, LLC |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

Contractor Logistics, LLC

c/o Joel Sklar

1000 Ridgeway Loop Road

Suite 200

Memphis, TN 38120

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☒ Certified Mail
☐ Other
    \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Jack R. Dodson, III<br><br>Dickinson Wright PLLC<br><br>424 Church Street, Suite 800<br><br>Nashville, TN 37219 | ISSUED_____of_____, 20_____<br><br>**W. Aaron Hall, Clerk and Master**<br><br>By: _____<br>        Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_____day of_____, 20 _____<br><br>Sheriff |

**CERTIFICATION (IF APPLICABLE)**

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>        D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

      Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____

Signature of person accepting service

By: _____

Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the 26th day of March , 20 20 , I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH- 19-1191-III to the

defendant Contractor Logistics . On the 30th day of March , 20 20 , I

received the return receipt, which had been signed by VW C-19 on the 28th day of March ,

20 20 . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this _____ day of

April , 20 ___

Signature of ✓ Notary Public or Deputy

*[Notary seal: LAYNE M MARLER / STATE OF TENNESSEE / NOTARY PUBLIC / DAVIDSON COUNTY / ... 2023]*

*Layne M Marler*

Signature of Plaintiff. Plaintiff's attorney or other person
authorized by statute to serve process.

*Corinne Hammer*

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Contractor Logistics
C/o Joel Sklar, RA
1000 Ridgeway Loop Rd
Ste 200 Memphis TN 38120

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4169 8092 2210 04

2. Article Number (Transfer from service label)
7017 2620 0000 1297 5397

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X VW C-19          ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



**The Shelby County, Tennessee Chancery Court**

**Case Style:**       BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**   CH-19-1191

**Type:**               Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 03/20/2020 02:16:49 PM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
\*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

_____

_____

_____

_____

ISSUED_____ of _____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____

Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

_____

_____

Came to hand

_____ day of _____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **<u>HAVE</u>** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____            By: _____

Signature of person accepting service            Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **<u>HAVE NOT</u>** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| **_____ , 20_____ .** | |
| Signature of_____Notary Public or_____Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**       BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**   CH-19-1191

**Type:**                Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:     (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
        \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

_____

_____

_____

_____

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____
            Deputy Clerk & Master

140 Adams, Room 308     Memphis, TN 38103

TO THE SHERIFF:

_____

_____

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>                                    D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

&#9855; If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
    TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of _____, 20_____ at _____ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                        By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** _____ , **20**_____ . <br><br> Signature of_____Notary Public or_____ Deputy Court Clerk: <br><br> _____ <br><br> My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. <br><br> _____ |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**    CH-19-1191

**Type:**                  Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:     (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
    \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED_____of_____, 20_____ |
|---|---|
| _____ _____ _____ _____ | ### W. Aaron Hall, Clerk and Master By: _____ Deputy Clerk & Master 140 Adams, Room 308   Memphis, TN 38103 |
| TO THE SHERIFF: _____ _____ | Came to hand _____day of_____, 20 _____ |
|  | Sheriff |

### CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master** By: _____ D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357. **For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
    TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____     By: _____
Signature of person accepting service                                                Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this**_____**day of**<br><br>_____ , **20**_____ .<br><br> Signature of_____Notary Public or_____ Deputy Court Clerk:<br><br>_____<br><br>My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person<br>authorized by statute to serve process.<br><br><br>_____ |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**       CH-19-1191

**Type:**                   Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| | |

**TO:     (NAME AND ADDRESS OF DEFENDANT)**

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____
Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

**W. Aaron Hall, Clerk & Master**

By: _____
D. C. & M.

**\*\*Submit one original and one copy for each defendant to be served.**

&#9855; If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                      Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                          By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| _____ , **20**_____ . | |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**      CH-19-1191

**Type:**                   Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:     (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
       \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

_____

_____

_____

_____

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____
       Deputy Clerk & Master

140 Adams, Room 308     Memphis, TN 38103

TO THE SHERIFF:

_____

_____

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>                                          D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
          Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                        By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this**_____**day of** | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| _____ , **20**_____ . | |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**             Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:     (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

- ☐ Shelby County Sheriff
- ☐ Private Process Server
- ☐ Out of County Sheriff\*
- ☐ Secretary of State\*
- ☐ Comm. Of Insurance\*
- ☐ Certified Mail
- ☐ Other
  \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____
Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

**W. Aaron Hall, Clerk & Master**

By: _____
D. C. & M.

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                                         By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this_____day of** | Signature of Plaintiff, Plaintiff's attorney or other person |
|---|---|
| _____ , **20**_____ . | authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN  RECEIPT HERE  (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**       CH-19-1191

**Type:**                    Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:      (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

_____

_____            ☐ Shelby County Sheriff
                                                   ☐ Private Process Server
_____            ☐ Out of County Sheriff\*
                                                   ☐ Secretary of State\*
_____            ☐ Comm. Of Insurance\*
                                                   ☐ Certified Mail
_____            ☐ Other
                                                   \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>_____<br><br>_____<br><br>_____<br><br>_____ | ISSUED_____of_____, 20_____<br><br>### W. Aaron Hall, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_____day of_____, 20 _____<br><br>Sheriff |

| **CERTIFICATION (IF APPLICABLE)** ||
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
   TO THE DEFENDANT(S):
         Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                 Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to  the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** | |
| _____ , **20**_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| | |
| ATTACH RETURN | |
| RECEIPT  HERE | |
| (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**       CH-19-1191

**Type:**                    Process issued other (T)


Sam Ginsberg, DC


Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br><br>CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:     (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
    \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>_____<br><br>_____<br><br>_____<br><br>_____ | ISSUED_____of_____, 20_____<br><br>**W. Aaron Hall, Clerk and Master**<br><br>By: _____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308   Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF:<br><br>_____<br><br>_____ | Came to hand<br><br>_____day of_____, 20 _____<br><br>Sheriff |

| CERTIFICATION (IF APPLICABLE) | |
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br><br>By: _____<br>D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
For questions regarding scheduling or filing, please contact the court.

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                        By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to  the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** _____ **, 20_____ .** Signature of_____Notary Public or_____ Deputy Court  Clerk: _____ My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. _____ |
| ATTACH RETURN RECEIPT  HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**      BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**            Process issued other (T)


Sam Ginsberg, DC


Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH-_____ |
|---|---|---|
| Plaintiff | | Defendant |

TO:     (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
       \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

ISSUED_____of_____, 20_____

### W. Aaron Hall, Clerk and Master

By: _____
Deputy Clerk & Master

140 Adams, Room 308     Memphis, TN 38103

TO THE SHERIFF:

Came to hand

_____day of_____, 20 _____

Sheriff

### CERTIFICATION (IF APPLICABLE)

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

**W. Aaron Hall, Clerk & Master**

By: _____
D. C. & M.

**\*\*Submit one original and one copy for each defendant to be served.**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**
    TO THE DEFENDANT(S):
         Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                                 Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20_____

                                                          By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to  the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this**_____**day of** _____ **, 20**_____ **.** Signature of_____Notary Public or_____Deputy Court Clerk: _____ My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. _____ |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**      CH-19-1191

**Type:**                   Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

ELECTRONICALLY FILED
2020 Apr 21 8:32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS**\*\* | DOCKET NUMBER CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| _____ | _____ |

TO:     (NAME AND ADDRESS OF DEFENDANT)

_____

_____

_____

_____

_____

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
        \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED_____of_____, 20_____ |
|---|---|
| _____ | **W. Aaron Hall, Clerk and Master** |
| _____ | |
| _____ | By: _____ |
| _____ | Deputy Clerk & Master |
| | 140 Adams, Room 308    Memphis, TN 38103 |
| **TO THE SHERIFF:** | Came to hand |
| _____ | _____day of_____, 20 _____ |
| _____ | Sheriff |

**CERTIFICATION (IF APPLICABLE)**

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master** By: _____ D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357. For questions regarding scheduling or filing, please contact the court.

Notice of Personal Property Exemption:
TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____            By: _____
Signature of person accepting service                                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

                                                                By:_Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to  the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** _____ **, 20_____** . Signature  of_____Notary  Public or_____ Deputy Court Clerk: _____ My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. _____ |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**         BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**                 Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

RECEIVED

MAY – 6 2020

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

~~CHANCERY COURT~~

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS** | DOCKET NUMBER<br>CH- 19-1191-III |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Balfour Beatty Construction | 1700 South Third Street, LLC |

TO    (NAME AND ADDRESS OF DEFENDANT)

1700 South Third Street, LLC

c/o Ethan Edwards

1700 South 3rd Street

Memphis, TN 38109

Method of Service

☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm Of Insurance*
☐ Certified Mail
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee  Your defense to this action must be made within thirty (30) days from the date this summons is served upon you  You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below  If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for  the relief sought in the complaint. Questions regarding this summons  and the attached documents should be  addressed to  the  Attorney/Plaintiff listed below

| Attorney for Plaintiff or Plaintiff if filing Pro Se<br>(Name, address & telephone number)<br>Jack R. Dodson, III<br>Dickinson Wright PLLC<br>424 Church Street, Suite 800<br>Nashville, TN 37219 | ISSUED_____ of_____, 20_____<br><br>W. Aaron Hall, Clerk  and Master<br><br>By _____<br>Deputy Clerk & Master<br>140 Adams, Room 308   Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF<br><br>_____<br>_____<br>_____ | Came to hand<br><br>_____ day of_____, 20 _____<br><br>Sheriff |

CERTIFICATION (IF APPLICABLE)

| I, W  Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case | W. Aaron Hall, Clerk & Master<br><br>By _____<br>D C & M |
|---|---|

**Submit one original and one copy for each defendant to be served

&larr; If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357
For questions regarding scheduling or filing, please contact the court.

Notice of Personal Property Exemption
TO THE DEFENDANT(S)
_____ Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer  Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the __24th__ day of __April__ , 20 __20__ at __12:00__ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant __1700 South Third Street, LLC % Ethan Edwards__

at __1700 S 3rd St Memphis 38109__

__Ethan Edwards__                                      By __[signature]__

Signature of person accepting service          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS          PDQ Couriers

I hereby certify that I **HAVE NOT** served the within summons          PO Box 341864

To the named defendant_____ because _____  Memphis, TN 38184

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____  901 - 624 - 6875

This_____day of_____, 20 _____

                                          By _Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____  The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

| | |
|---|---|
| Sworn to and subscribed before me on this __24__ day of __April__ , 20 __20__ | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process |
| Signature of __X__ Notary Public or_____ Deputy Court Clerk __Charlie Moore__ | |
| My Commission Expires | |

CHARLIE R. MOORE
STATE OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. AUG. 05, 2023

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**      BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**      CH-19-1191

**Type:**      Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08 43:20 AM

RECEIVED

RECEIVED

MAY - 6 2020

CHANCERY COURT

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | SUMMONS** | DOCKET NUMBER CH- 19-1191-III |
|---|---|---|

**Plaintiff**

Balfour Beatty Construction

**Defendant**

Edwards Steel Solutions, LLC

**TO (NAME AND ADDRESS OF DEFENDANT)**

Edwards Steel Solutions, LLC

c/o Ethan Edwards

1700 South 3rd Street

Memphis, TN 38109

**Method of Service**

☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm Of Insurance*
☐ Certified Mail
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee  Your defense to this action must be made within thirty (30) days from the date this summons is served upon you  You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below  If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below

**Attorney for Plaintiff or Plaintiff if filing Pro Se (Name, address & telephone number)**

Jack R. Dodson, III

Dickinson Wright PLLC

424 Church Street, Suite 800

Nashville, TN 37219

ISSUED_____ of _____, 20____

W. Aaron Hall, Clerk and Master

By _____
Deputy Clerk & Master

140 Adams, Room 308   Memphis, TN 38103

**TO THE SHERIFF**

Came to hand

_____ day of _____, 20____

Sheriff _____

**CERTIFICATION (IF APPLICABLE)**

I, W Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case

W Aaron Hall, Clerk & Master

By _____
D C & M

**Submit one original and one copy for each defendant to be served

&. If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357
For questions regarding scheduling or filing, please contact the court.

**Notice of Personal Property Exemption**

TO THE DEFENDANT(S)

Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer  Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the __24th__ day of __April__ , 20__20__ at __12:00__ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant __Edwards Steel Solutions % Ethan Edwards__

at __1700 South 3rd St    38109__

__Ethan Edwards__                                                        By __S.L.__

Signature of person accepting service                  Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____

This_____ day of_____, 20 _____

**PDQ Couriers**
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

By Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____day of _____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____ The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

Sworn to and subscribed before me on this __24__ day of

__April__ , 20__20__ .

Signature of __X__ Notary Public or_____ Deputy Court Clerk

__Charlie Moore__

My Commission Expires

CHARLIE R. MOORE
STATE OF TENNESSEE
NOTARY PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. AUG. 05, 2023

Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process

_____

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

| | |
|---|---|
| **Case Style:** | BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL |
| **Case Number:** | CH-19-1191 |
| **Type:** | Process issued other (T) |

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08.43:20 AM

R E C E I V E D

MAY - 6 2020

CHANCERY COURT

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | SUMMONS** | DOCKET NUMBER CH- 19-1191-III |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Balfour Beatty Construction | Ethan Edwards |

**TO (NAME AND ADDRESS OF DEFENDANT)**

Ethan Edwards

c/o Ethan Edwards

3020 Ashmont Drive

Germantown, TN 38138

**Method of Service**
- ☐ Shelby County Sheriff
- ☑ Private Process Server
- ☐ Out of County Sheriff*
- ☐ Secretary of State*
- ☐ Comm Of Insurance*
- ☐ Certified Mail
- ☐ Other
  *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee  Your defense to this action must be made within thirty (30) days from the date this summons is served upon you  You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below  If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below

| Attorney for Plaintiff or Plaintiff if filing Pro Se (Name, address & telephone number) | ISSUED_____ of _____, 20_____ |
|---|---|
| Jack R. Dodson, III | |
| Dickinson Wright PLLC | W. Aaron Hall, Clerk and Master |
| 424 Church Street, Suite 800 | By _____ |
| Nashville, TN 37219 | Deputy Clerk & Master |
| | 140 Adams, Room 308    Memphis, TN 38103 |

| TO THE SHERIFF | Came to hand |
|---|---|
| | _____day of_____, 20_____ |
| | Sheriff |

**CERTIFICATION (IF APPLICABLE)**

I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case

W. Aaron Hall, Clerk & Master
By _____
D C & M

**Submit one original and one copy for each defendant to be served

♿ If you need accommodations because of a disability, please call the ADA Coordinator at ( 901)222-2357
For questions regarding scheduling or filing, please contact the court.

**Notice of Personal Property Exemption.**
TO THE DEFENDANT(S)

Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer  Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the ___ 29th ___ day of ___ Apil ___ , 20 _20_ at _12:00_ ___ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant ___ Ethan Edwards ___

at ___ 1700 S. 3rd St.   38109 ___

___ Ethan Edwards ___                                  By ___
Signature of person accepting service                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

PDQ Couriers
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

I hereby certify that I **HAVE NOT** served the within summons

To the named defendant_____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____

This_____day of_____, 20 _____

By Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____   The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

Sworn to and subscribed before me on this _24_ day of

_April_ , 20_20_ .

Signature of __A__ Notary Public or_____ Deputy Court Clerk

_Charlie Moore_

My Commission Expires

STATE
OF
TENNESSEE
NOTARY
PUBLIC
CHARLIE R. MOORE
COUNTY OF SHELBY
MY COMM. EXP. AUG. 05, 2023

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)

Signature of Plaintiff, Plaintiff's attorney or other person
authorized by statute to serve process



**The Shelby County, Tennessee Chancery Court**

**Case Style:**      BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**    CH-19-1191

**Type:**            Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08 43.20 AM

RECEIVED
MAY - 6 2020
CHANCERY COURT

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS** | DOCKET NUMBER<br>CH- 19-1191-III |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Balfour Beatty Construction | FAB Manufacturing, LLC |

**TO** (NAME AND ADDRESS OF DEFENDANT)

FAB Manufacturing, LLC
c/o Ethan Edwards
3020 Ashmont Drive
Germantown, TN 38138

**Method of Service**
☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm Of Insurance*
☐ Certified Mail
☐ Other
  *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee  Your defense to this action must be made within thirty (30) days from the date this summons is served upon you  You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below  If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons  and the  attached documents should be  addressed to  the  Attorney/Plaintiff listed below

| Attorney for Plaintiff or Plaintiff if filing Pro Se<br>(Name, address and telephone number)<br><br>Jack R  Dodson, III<br>Dickinson Wright PLLC<br>424 Church Street, Suite 800<br>Nashville, TN 37219 | ISSUED_____ of _____, 20_____<br><br>W. Aaron Hall, Clerk  and Master<br><br>By_____<br>Deputy Clerk & Master<br><br>140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF | Came to hand<br><br>_____day of_____, 20_____<br><br>Sheriff |

| CERTIFICATION (IF APPLICABLE) | |
|---|---|
| I, W  Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case | W  Aaron Hall, Clerk & Master<br>By_____<br>D C & M |

**\*\*Submit one original and one copy for each defendant to be served**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357
**For questions regarding scheduling or filing, please contact the court.**

Notice of Personal Property Exemption·
TO THE DEFENDANT(S)
         Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer  Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the _24th_ day of _April_ , 20 _20_ at _12:00_ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _FAB Manufacturing, LLC c/o Ethan Edwards_

at _1200 S. 3rd St_

_Ethan Edwards_                                          By _[signature]_
Signature of person accepting service                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

PDQ Couriers
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

I hereby certify that I **HAVE NOT** served the within summons

To the named defendant_____because_____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s)_____

This_____day of_____, 20 _____

By Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____ The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

Sworn to and subscribed before me on this _24th_ day of
_April_ , 20 _20_ .

Signature of _X_ Notary Public or_____ Deputy Court Clerk
_Charlie Moore_

My Commission Expires

CHARLIE R. MOORE
STATE OF TENNESSEE
NOTARY PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. AUG. 05, 2023

Signature of Plaintiff, Plaintiff's attorney or other person
authorized by statute to serve process

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

| | |
|---|---|
| **Case Style:** | BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL |
| **Case Number:** | CH-19-1191 |
| **Type:** | Process issued other (T) |

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08.43.20 AM

RECEIVED

MAY -6 2020

CHANCERY COURT

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS** | DOCKET NUMBER<br>CH- 19-1191-III |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Balfour Beatty Construction | FE Holdings, LLC |

**TO** (NAME AND ADDRESS OF DEFENDANT)

FE Holdings, LLC

c/o Ethan Edwards

3020 Ashmont Drive

Germantown, TN 38138

**Method of Service**
- ☐ Shelby County Sheriff
- ☑ Private Process Server
- ☐ Out of County Sheriff*
- ☐ Secretary of State*
- ☐ Comm Of Insurance*
- ☐ Certified Mail
- ☐ Other
  *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee  Your defense to this action must be made within thirty (30) days from the date this summons is served upon you  You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below  If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below

| Attorney for Plaintiff or Plaintiff if filing Pro Se<br>(Name, address & telephone number)<br>Jack R. Dodson, III<br>Dickinson Wright PLLC<br>424 Church Street, Suite 800<br>Nashville, TN 37219 | ISSUED_____ of_____, 20_____<br><br>W. Aaron Hall, Clerk and Master<br><br>By _____<br>Deputy Clerk & Master<br>140 Adams, Room 308   Memphis, TN 38103 |
|---|---|
| **TO THE SHERIFF** | Came to hand _____ day of_____, 20 _____<br><br>Sheriff |

**CERTIFICATION (IF APPLICABLE)**

| I, W Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case | W. Aaron Hall, Clerk & Master<br><br>By _____<br>D C.& M |
|---|---|

**Submit one original and one copy for each defendant to be served

If you need accommodations because of a disability, please call the ADA Coordinator at ( 901)222-2357
For questions regarding scheduling or filing, please contact the court

**Notice of Personal Property Exemption.**
**TO THE DEFENDANT(S)**

Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer  Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the ___24th___ day of ___April___ , 20 20  at ___12:00___ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant ___FE Holdings, LLC c/o Ethan Edwards___

at ___1700 S. 3rd St   38109___

___Ethan Edwards___                                  By ___[signature]___

Signature of person accepting service          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons

PDQ Couriers
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

To the named defendant_____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____

This_____day of_____, 20 _____

By Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____day of _____,

20_____ The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

| Sworn to and subscribed before me on this ___24___ day of ___April___ , 20 20  Signature of ___X___ Notary Public or_____ Deputy Court Clerk  ___[signature]___  My Commission Expires _____ [notary seal: CHARLIE R. MOORE, STATE OF TENNESSEE, NOTARY PUBLIC, COUNTY OF SHELBY, MY COMM. EXP. AUG. 05, 2023] | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process  _____ |
| --- | --- |

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

| | |
|---|---|
| **Case Style:** | BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL |
| **Case Number:** | CH-19-1191 |
| **Type:** | Process issued other (T) |

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08 43 20 AM

RECEIVED

MAY - 6 2020

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

CHANCERY COURT
SUMMONS**

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | | DOCKET NUMBER CH- 19-1191-III |
|---|---|---|
| Plaintiff **Balfour Beatty Construction** | Defendant **Grit Management, LLC** | |

TO (NAME AND ADDRESS OF DEFENDANT)

Grit Management, LLC

c/o Ethan Edwards

3020 Ashmont Drive

Germantown, TN 38138

**Method of Service**
☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm Of Insurance*
☐ Certified Mail
☐ Other
  *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee Your defense to this action must be made within thirty (30) days from the date this summons is served upon you You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below

Attorney for Plaintiff or Plaintiff if filing Pro Se
(Name, address & telephone number)
Jack R Dodson, III
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, TN 37219

ISSUED_____ of _____, 20____

W Aaron Hall, Clerk and Master

By _____
Deputy Clerk & Master
140 Adams, Room 308   Memphis, TN 38103

TO THE SHERIFF

Came to hand ____ day of _____, 20 ___

Sheriff

**CERTIFICATION (IF APPLICABLE)**

I, W Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case

W Aaron Hall, Clerk & Master
By _____
D C & M

**Submit one original and one copy for each defendant to be served

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357
For questions regarding scheduling or filing, please contact the court

Notice of Personal Property Exemption
TO THE DEFENDANT(S)
Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books Should any of these items be seized you would have the right to recover them If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the _24th_ day of _April_ , 20 _20_ at _10:00_ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _GAT Management, LLC_

at _1700 S.3rd St.    38109_

_Ethan Edwards_                                          By _S.W._

Signature of person accepting service            Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

PDQ Couriers
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

I hereby certify that I **HAVE NOT** served the within summons

To the named defendant_____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____

This_____day of_____, 20 _____

By _Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____   The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

Sworn to and subscribed before me on this _24_ day of

_April_ , 20 _20_

Signature of _X_ Notary Public or_____ Deputy Court Clerk

_Charlie Moore_

My Commission Expires

Signature of Plaintiff, Plaintiff's attorney or other person
authorized by statute to serve process

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

| | |
|---|---|
| **Case Style:** | BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL |
| **Case Number:** | CH-19-1191 |
| **Type:** | Process issued other (T) |

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

RECEIVED

MAY ~6 2020

~~CHANCERY COURT~~

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | SUMMONS** | DOCKET NUMBER CH- 19-1191-III |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Balfour Beatty Construction | 3938 Runway Road, LLC |

**TO** (NAME AND ADDRESS OF DEFENDANT)

3938 Runway Road, LLC

c/o Ethan Edwards

1700 3rd Street

Memphis, TN 38109

**Method of Service**
- ☐ Shelby County Sheriff
- ☒ Private Process Server
- ☐ Out of County Sheriff*
- ☐ Secretary of State*
- ☐ Comm Of Insurance*
- ☐ Certified Mail
- ☐ Other
  *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee Your defense to this action must be made within thirty (30) days from the date this summons is served upon you You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below

Attorney for Plaintiff or Plaintiff if filing Pro Se (Name, address & telephone number)

Jack R. Dodson, III

Dickinson Wright PLLC

424 Church Street, Suite 800

Nashville, TN 37219

ISSUED_____ of _____, 20_____

W Aaron Hall, Clerk and Master

By _____

Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF

Came to hand

_____day of_____, 20 ____

Sheriff

**CERTIFICATION (IF APPLICABLE)**

I, W Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case

W. Aaron Hall, Clerk & Master

By _____

D C & M

**Submit one original and one copy for each defendant to be served

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357
For questions regarding scheduling or filing, please contact the court

Notice of Personal Property Exemption
TO THE DEFENDANT(S)
Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books Should any of these items be seized you would have the right to recover them If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the ___24th___ day of ___April___ , 20 _20_ at _12:00_ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant ___Ethan Edwards as agent for 3938 Runway Rd. LLC___

at ___1700 S. 3rd St   38109___

___Ethan Edwards___                                    By _____

Signature of person accepting service               Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

PDQ Couriers
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

I hereby certify that I **HAVE NOT** served the within summons

To the named defendant_____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____

This_____ day of_____ , 20 _____

By Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____ day of_____ , 20_____ , I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant_____ On the_____ day of_____ , 20_____ , I

received the return receipt, which had been signed by_____ on the_____ day of _____ ,

20_____ The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

Sworn to and subscribed before me on this _24_ day of

___April___ , 20 _20_

Signature of_ X _Notary Public or_____ Deputy Court Clerk

___Charlie Allen___

My Commission Expires

Signature of Plaintiff, Plaintiff's attorney or other person
authorized by statute to serve process

CHARLIE R. MOORE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. AUG. 06, 2023

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**       CH-19-1191

**Type:**              Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08.43.20 AM



RECEIVED

MAY - 6 2020

CHANCERY COURT

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH- 19-1191-III |
|---|---|---|

**Plaintiff**

Balfour Beatty Construction

**Defendant**

Southern Premix, LLC

**TO    (NAME AND ADDRESS OF DEFENDANT)**

Southern Premix, LLC

c/o Ethan Edwards

1700 South 3rd Street

Memphis, TN 38109

Method of Service

☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm Of Insurance*
☐ Certified Mail
☐ Other
   *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee Your defense to this action must be made within thirty (30) days from the date this summons is served upon you You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below

**Attorney for Plaintiff or Plaintiff if filing Pro Se (Name, address & telephone number)**

Jack R Dodson, III

Dickinson Wright PLLC

424 Church Street, Suite 800

Nashville, TN 37219

ISSUED_____of_____, 20___

W. Aaron Hall, Clerk and Master

By _____
Deputy Clerk & Master
140 Adams, Room 308    Memphis, TN 38103

**TO THE SHERIFF**

Came to hand

_____day of_____, 20___

Sheriff

**CERTIFICATION (IF APPLICABLE)**

I, W Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case

W. Aaron Hall, Clerk & Master

By _____
   D C & M

\*\*Submit one original and one copy for each defendant to be served

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357
For questions regarding scheduling or filing, please contact the court.

**Notice of Personal Property Exemption**
TO THE DEFENDANT(S)
Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books Should any of these items be seized you would have the right to recover them If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the _24th_ day of _April_ , 20_20_ at _12:00_ am/pm a copy of the summons and a copy of the Complaint to the following Defendant _Southern Premix, LLC % Ethan Edwards_

at _1700 S 3rd St   Memphis 38109_

_Ethan Edwards_                                      By _____

Signature of person accepting service                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

**PDQ Couriers**

I hereby certify that I **HAVE NOT** served the within summons

To the named defendant_____because _____

PO Box 341864

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____

Memphis, TN 38184

901 - 624 - 6875

This_____day of_____, 20 _____

By _Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____ The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

Sworn to and subscribed before me on this _24_ day of

_April_ , 20_20_

Signature of _X_ Notary Public or_____ Deputy Court Clerk

_Charlie Moore_

My Commission Expires

| | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process |

CHARLIE R. MOORE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. AUG. 06, 2023

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**    BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**   CH-19-1191

**Type:**          Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

RECEIVED

MAY - 6 2020

CHANCERY COURT

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | SUMMONS** | DOCKET NUMBER CH- 19-1191-III |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Balfour Beatty Construction | Steel Solutions, LLC |

| TO    (NAME AND ADDRESS OF DEFENDANT) | Method of Service |
|---|---|
| Steel Solutions, LLC<br><br>c/o Ethan Edwards<br><br>3020 Ashmont Drive<br><br>Germantown, TN 38138 | ☐ Shelby County Sheriff<br>☑ Private Process Server<br>☐ Out of County Sheriff<br>☐ Secretary of State*<br>☐ Comm Of Insurance*<br>☐ Certified Mail<br>☐ Other<br>     *Attach Required Fees |

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee  Your defense to this action must be made within thirty (30) days from the date this summons is served upon you  You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below   If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below

| Attorney for Plaintiff or Plaintiff if filing Pro Se (Name, address & telephone number) | ISSUED_____ of _____, 20____ |
|---|---|
| Jack R. Dodson, III<br><br>Dickinson Wright PLLC<br><br>424 Church Street, Suite 800<br><br>Nashville, TN 37219 | W. Aaron Hall, Clerk and Master<br><br>By _____<br>     Deputy Clerk & Master<br>     140 Adams, Room 308    Memphis, TN 38103 |

| TO THE SHERIFF | Came to hand |
|---|---|
| _____<br>_____<br>_____ | _____ day of _____, 20____<br><br>Sheriff |

| CERTIFICATION (IF APPLICABLE) | |
|---|---|
| I, W Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case | W. Aaron Hall, Clerk & Master<br><br>By _____<br>     D C & M |

**Submit one original and one copy for each defendant to be served

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357
**For questions regarding scheduling or filing, please contact the court.**

Notice of Personal Property Exemption
TO THE DEFENDANT(S)
        Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer  Please state docket number on list

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the _24th_ day of _April_ , 20 _20_ at _12:00_ an/pm a copy of the

summons and a copy of the Complaint to the following Defendant _Steel Solutions, LLC 90 Ethan Edwards_

at _1700 S. 3rd St. Memphis 38109_

_Ethan Edwards_      By _[signature]_

Signature of person accepting service      Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons

To the named defendant_____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____

This_____ day of_____, 20 _____

     By Sheriff or other authorized person to serve process

PDQ Couriers
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____ The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

| Sworn to and subscribed before me on this _24_ day of _April_ , 20 _20_ . <br><br> Signature of _X_ Notary Public or _____ Deputy Court Clerk <br><br> _Charlie M Moore_ <br><br> My Commission Expires | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process |
|---|---|

CHARLIE R. MOORE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. AUG. 05, 2023

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**      BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**     CH-19-1191

**Type:**            Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08:43:20 AM

R E C E I V E D

MAY - 6 2020

ELECTRONICALLY FILED
2020 Apr 21 8 32 AM
CLERK OF COURT

CHANCERY COURT

**SUMMONS****

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | DOCKET NUMBER CH- 19-1191-III |
|---|---|

| Plaintiff | Defendant |
|---|---|
| Balfour Beatty Construction | Vulcan Assets, LLC |

**TO    (NAME AND ADDRESS OF DEFENDANT)**

Vulcan Assets, LLC

c/o Ethan Edwards

3020 Ashmont Drive

Germantown, TN 38138

**Method of Service**

- ☐ Shelby County Sheriff
- ☑ Private Process Server
- ☐ Out of County Sheriff*
- ☐ Secretary of State*
- ☐ Comm Of Insurance*
- ☐ Certified Mail
- ☐ Other

*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee  Your defense to this action must be made within thirty (30) days from the date this summons is served upon you  You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below  If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below

**Attorney for Plaintiff or Plaintiff if filing Pro Se** (Name, address & telephone number)

Jack R  Dodson, III

Dickinson Wright PLLC

424 Church Street, Suite 800

Nashville, TN 37219

ISSUED_____ of _____, 20_____

W  Aaron Hall, Clerk  and Master

By _____
Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

**TO THE SHERIFF**

Came to hand
_____day of_____, 20_____

Sheriff _____

**CERTIFICATION (IF APPLICABLE)**

I, W  Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case

W  Aaron Hall, Clerk & Master
By _____
D C & M

****Submit one original and one copy for each defendant to be served**

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357
For questions regarding scheduling or filing, please contact the court.

**Notice of Personal Property Exemption**
TO THE DEFENDANT(S)
      Tennessee law provides a ten thousand dollar ($10,000 00) personal property exemption from execution or seizure to satisfy a judgment  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court  The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list  Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books  Should any of these items be seized you would have the right to recover them  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer  Please state docket number on list



## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons

By delivering on the __24th__ day of __April__ , 20 __20__ at __12:00__ __am/pm__ a copy of the

summons and a copy of the Complaint to the following Defendant __Vulcan Assets LLC c/o Ethan Edwards__

at _____ __1700 S. 3rd St      38109__ _____

__Ethan Edwards__                                    By __S. L.__
Signature of person accepting service                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

PDQ Couriers
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

I hereby certify that I **HAVE NOT** served the within summons

To the named defendant_____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s) _____

This_____ day of_____, 20 _____

By _Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____ day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____ On the_____ day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____  The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master

| Sworn to and subscribed before me on this __24__ day of __April__ , 20 __20__<br><br>Signature of __X__ Notary Public or_____ Deputy Court Clerk<br>__Charlie Moore__<br><br>My Commission Expires | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process<br><br>_____<br><br>_____ |

*(Notary seal: CHARLIE R. MOORE, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF SHELBY, MY COMM. EXP. AUG. 05, 2023)*

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**   BALFOUR BEATTY V EDWARDS STEEL SOLUTIONS, ET AL

**Case Number:**   CH-19-1191

**Type:**   Process issued other (T)

Sam Ginsberg, DC

Electronically signed on 04/21/2020 08 43.20 AM